Chief Judge Marc Barreca
Chapter 11
Hearing: October 22, 2020, 2020 @ 9:30 a.m.
Response Date: October 15, 2020
TELEPHONIC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re:<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | No. 18-14536-MLB<br><br>MOTION TO SELL DEBTOR'S INTEREST IN MARITAL HOME, DECLARATION OF TIMOTHY EYMAN, and NOTICE OF HEARING AND PROOF OF SERVICE |
|---|---|

**NOTICE OF HEARING and PROOF OF SERVICE**

PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date below and the clerk is directed to note this issue on the appropriate calendar.

**Calendar Date and Time: Thursday, October 22, 2020, at 9:30 AM**
Response Date: October 15, 2020

The hearing is scheduled to take place telephonically due to COVID-19 precautions:

Instructions

(1) Dial: 1-888-363-4749. For hearings held at the hour, please call in 10 minutes before the hour to avoid AT&T conference call congestion.
(2) Enter Access Code: 9365479#
(3) Press the # sign
(4) Enter Security Code when prompted: 8574#
(5) Speak your name when prompted

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Guidelines

(1) Use a land line phone and not a cell phone, if possible. Do not use a speaker phone and do not use "hands-free" if using a cell phone.
(2) Make the call from a quiet area where background noise is minimal.
(3) Mute your phone until the judge calls your case before speaking. (press "*6" to mute or unmute.)
(4) Do not put the phone on hold at any time after the call is connected.
(5) In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at (206) 370-5310.

If no responses are filed by the Response Date, the court may enter an order granting the requested relief without further notice or conducting the hearing set forth above. Copies of this Motion and the Proposed Order have been mailed on this date to all parties on the attached mailing matrix.

DATED this 1st day of October, 2020.

/s/ Larry B. Feinstein
Larry B. Feinstein WSBA # 6074
Attorney for Debtor

**MOTION**

COMES NOW Vortman & Feinstein, attorneys for the Debtor, Timothy Eyman, and apply to the Court for an order authorizing the sale/transfer of the Debtor's marital interest in the Real Property located at 11913 59th Avenue West, Mukilteo, Snohomish Co., Washington, to his spouse Karen Eyman, for the purchase price of $372,500.00, under Section 363 of the Bankruptcy Code, free and clear of all liens, encumbrances, and claims of the estate.

A Petition for Dissolution of the marriage of Timothy and Karen Eyman was filed on May 3, 2019. Timothy and Karen Eyman were married on December 31,

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

1993. At the time of their marriage, Karen Eyman (along with her parents, Orlo and Gloria Williams) owned a home in the Greenlake area of Seattle, King County, into which Tim Eyman moved. On August 1, 1996, the home was quit claimed to “Karen Joan Eyman and Timothy Donald Eyman, Wife and Husband” to clear title only. Because the Seattle home was purchased with the separate property of Mrs. Eyman, upon agreement of the parties, the Seattle home was construed to be the separate property of Mrs. Eyman even after the filing of the Quit Claim Deed. Equity in the property was the direct result of Mrs. Eyman’s down payment and her efforts to pay off the mortgage. Even though the home was considered by the parties to be her separate property, because the mortgage was paid from a joint bank account into which both Mr. and Mrs. Eyman’s income was deposited, Mr. Eyman acquired a community property lien on the Seattle home for his proportionate share of the mortgage payments made after August 1, 1996.

On August 19, 1998, they sold Mrs. Eyman’s home in Seattle and purchased their current family home in Mukilteo, Snohomish County. Approximately $290,000 of the proceeds of the sale of the Seattle home was used as the down payment, which represented the equity in the home at the time of the sale and was the separate property of Mrs. Eyman. Though they did have a mortgage on the Mukilteo home, it was paid off in 2017.

When Mr. Eyman filed his bankruptcy on November 28, 2018 (ECF #1), his separate property and all community property became property of the bankruptcy estate. Mrs. Eyman is a potential creditor of the estate, having 50% ownership of

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

all estate property, plus a claim for her separate property contribution of the equity in her Seattle home.

Mr. and Mrs. Eyman began living separate and apart when Mr. Eyman moved out of the marital home on December 29th and 30th, 2018. Prior to the filing of his bankruptcy, Mr. and Mrs. Eyman consulted attorney Stephen Pidgeon regarding the dissolution of the marriage.

In furtherance of the resolution of the dissolution proceedings, Ms. Eyman has offered to purchase the estate's community interest and Mr. Eyman's separate property interest, if any, in the home and the home would then be titled into her name free and clear of liens, encumbrances, and of the bankruptcy estate. Ms. Eyman retained Windermere Realty Co. to appraise the home, and the appraiser valued the home for between $939,000 and $970,000. See attached Exhibit B. Ms. Eyman believes that value to be slightly in excess of the actual salable market value of the home, and the home was valued during the bankruptcy and prior to confirmation of the Plan at $900,000.00. Ms. Eyman has resided in the home, maintained the home, and has paid all utilities and other expenses for the home [before and] since that time. Ms. Eyman has placed a current fair market value on the home at $875,000, considering that the home would not have to be marketed during the fall and winter (the slowest time of the year for home sales, and in the middle of a pandemic), and it would be valued at 97% of the value the bankruptcy estate has ascribed to the home.

Based on the liquidation analysis [Exhibit E to the Debtor's Disclosure

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Statement (ECF #210)] of the assets of the estate, it was determined that the net liquidation value of the home, after deducting (a) the homestead exemption which was claimed and allowed, (b) the costs of sale and trustee's fees that would be incurred if the home was sold in a hypothetical Chapter 7 liquidation, and (c) Ms. Eyman's separate property interest in the home from her separate property down payment on the home (stated above), would have a net community value of **$345,307.00,** based on the gross sales price of $875,000**.** Ms. Eyman has offered to purchase the estate's interest in the home and the separate property interest of Mr. Eyman, if any, for the cash sale price of **$372,500.00**, a premium of about $27,000, or an effective gross sales price of $902,000, being in line of the value placed on the home in the Debtor's disclosure statement and plan.

The Debtor will then, from the proceeds of sale, pay directly from closing all of the allowed post-petition allowed administrative costs of the Chapter 11, which costs are now on various payment plans with the holders of those allowed claims. For instance, the administrative claims of the State of Washington are being paid at $10,000 per month until paid in full[1]; the allowed claims of Mr. Feinstein are being paid at about $1,000 per month on an allowed claim of about $13,500, and the allowed claims of Special Counsel of Richard Sanders & Seth Goldstein of $42,500 are being paid similar to Mr. Feinstein. Thus, all allowed

[1] There are currently pending hearings in the State court proceedings to determine and finalize the sanctions and contempt fines assessed against the Debtor. The Debtor was deemed in compliance with the discovery orders as of May 16, 2020, and thus there are currently motions to now finalize the total allowed sanctions claims. The Debtor has requested a significant reduction of those fines and a hearing is set for early October on that request.

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

post-petition allowed administrative claims will be paid in full on closing. The Debtor will use the balance of the funds for ongoing Plan payments and ongoing living expenses over the term of the Plan. Since the Plan contemplated the sale of the home, and the sale is in furtherance of the dissolution of the parties and between spouses, there would be no real estate excise taxes due upon the sale.

The sale is a fair settlement and compromise of the claims of Ms. Eyman against the estate and her interest in the home, and as part of the community property settlement that is or will be contained in the dissolution pending in Superior Court. Ms. Eyman is not making a claim for any portion of the community property value of the home and the entire net community property value is being paid to the estate. This is a fair compromise with her that should be approved by the court. In § 363(b) sale motions, the bankruptcy court's obligation "is to assure that optimal value is realized by the estate **under** the circumstances." *Simantob v. Claims Prosecutor, LLC* (*In re Lahijani*), 325 B.R. 282, 288 (9th Cir. BAP 2005). In the context of a resolution in a divorce proceedings and that the spouse is paying the estate essentially the full market value of the estate's interest in the property, the purchase price is certainly the optimal value of the property under these circumstances. The Code only requires "fair value" and that the sale be in good faith. See *Adeli v Barclay,* 834 F.3d 1036, 1041 (9th Cir. 2016), *Cmty. Thrift & Loan v Suchy*, 786 F.2d 900, 902 (9th Cir. 1985).

Accordingly, the Debtor requests that the attached Exhibit 1, Purchase and Sale Agreement dated August 19, 2020, be approved under Section 363 and

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Section 1129 of the Bankruptcy Code free and clear of liens, encumbrances and claims of the estate.

Certificate of Service: This Motion, Exhibits, and proposed order was duly served or mailed 1st class, postage prepaid, on the parties in interest via the Court's CM/ECF noticing or by mail if not on said court mailing, on this date below.

DATED this 1st day of October, 2020.

/s/ Larry Feinstein
Larry B. Feinstein WSBA # 6074
Attorney for Debtor

## DECLARATION OF TIMOTHY EYMAN

I, Timothy D. Eyman, duly sworn upon oath under penalty of perjury under the laws of the State of Washington, deposes and says as follows:

I am the debtor in the above captioned case, I am over the age of 18, and I am competent to testify regarding the matters herein. All of the facts contained in the above motion are true and correct to the best of my knowledge and belief, and said facts are incorporated into this Declaration by reference. Attached hereto is a true and correct copy of the Purchase and Sale Agreement I entered into with my estranged spouse, Karen Eyman, for the sale of my interest in our marital home, located at 11913 59th Avenue West, Mukilteo, Snohomish Co., Washington.

DATED this 29th day of September, 2020.

/s/ *Timothy D. Eyman* email 9/29/20 10:52 pm

Timothy D. Eyman, Debtor

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re:<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | No. 18-14536-MLB<br><br>ORDER APPROVING SALE OF DEBTOR'S INTEREST IN 11913 59TH AVENUE WEST, MUKILTEO, WA |
|---|---|

THIS MATTER came before the Court on the Motion of the Debtor, Timothy D. Eyman, to sell his and the estate's interest in his marital home, located at 11913 59th Avenue West, Mukilteo, Snohomish Co., Washington, to Karen J. Eyman. Mr. Eyman was represented by his attorney, Larry B. Feinstein of Vortman & Feinstein. The State of Washington was represented by Senior Counsel Susan Edison of the Attorney General's Office. Based upon the filed and records herein, including the Motion, Declaration(s), and responses thereto, and good cause having been shown, it is hereby

ORDERED that the Debtor may sell his and the estate's interest in the real property commonly known as 11913 59th Avenue West, Mukilteo, Snohomish Co.,

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Washington, to Karen J. Eyman, as her sole and separate property, for $372,500.00 under the terms of the Purchase and Sale Agreement filed herein as an exhibit to ECF # _____, under Section 363(b) of the Bankruptcy Code, free and clear of all liens, encumbrances, and claims of the estate.

Within 5 business days of entry of this signed Order, the Debtor shall cause to be filed with the Snohomish County Recorder's Office a true and correct copy of this Order approving the sale. Upon recording of this Order, the "*Notice of Lis Pendens [RCW 4.28.325]; Bankruptcy Case; and Restriction on Transfer*" recorded in Snohomish County under Recording Document #202004090645, be and is hereby released.

The escrow / closing / title agent is hereby authorized and directed to disburse the proceeds of the sale as follows:

1. Payment of valid liens and encumbrances attached to the home, if any;

2. Payment of other normal closing costs related to the transaction, including title reports, commissions, and taxes, if any; and

3. Payment of all remaining net proceeds to the Debtor. Within 5 business days of the receipt of the funds, or at the direction of the Debtor to escrow such that the following may be paid directly from escrow, Debtor and/or escrow shall be required to disburse funds sufficient to pay the following Chapter 11 administrative claims in full:

a. The remaining balance of the post-petition administrative claims

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

of the State of Washington, allowed under Article III, Section 3.02 of the confirmed Plan, as may be finally liquidated and determined by the Thurston County Superior Court in *State of Washington v. Tim Eyman, et al.* (Thurston County Superior Court case no. 17-2-01546-34). The State of Washington, through its bankruptcy counsel, and the Debtor, through its counsel, may agree to the current balance due under Section 3.02 of the Plan for disbursement purposes herein without requiring an actual order from the Superior Court to be provided to the Debtor or escrow, for this Order's purposes;

b. The administrative claims of Vortman & Feinstein (Larry B. Feinstein) for attorney's fees in the approximate amount of $10,536.15; and

c. The remaining balance of the allowed administrative claim of Goodstein Law Group, PLLC (Richard Sanders and Seth Goodstein) in the approximate amount of $45,445.29.

d. UST quarterly fees for 4th quarter 2020 in the amount of $325.00

Federal Rule of Bankruptcy Procedure 6004(h) is waived. This Order shall be effective immediately upon entry.

The Clerk is hereby directed to re-close this case without further order of this Court.

/// End of Order ///

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Presented by:

/s/ Larry B. Feinstein
Larry B. Feinstein WSBA # 6074
Attorney for Debtor

APPROVED FOR ENTRY

ROBERT W. FERGUSON
Attorney General

______________________________
SUSAN M. EDISON, WSBA No. 18293
DINA YUNKER FRANK, WSBA No. 16889
*Assistant Attorneys General*
ERIC S. NEWMAN, WSBA No. 31521
*Chief Litigation Counsel – Antitrust Division*
Attorneys for the State of Washington

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

# PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT is made by and between TIMOTHY DONALD EYMAN, as seller ("Seller") and KAREN JOAN EYMAN ("Purchaser") as follows:

1.     Purchase and Sale of Property.

Seller hereby agrees to sell and Purchaser agrees to purchase, subject to and on the terms and conditions hereinafter set forth, all of Seller's interest in and to that certain real property located at 11913 59th Avenue West, Mukilteo, Snohomish County, Washington (the "Property"), which parcel is legally described on Exhibit A attached hereto and incorporated herein by this reference, together with the improvements located thereon.

2.     Purchase Price.

The purchase price (the "Purchase Price") for Seller's interest in the Property shall be Three Hundred Seventy-Two Thousand Five Hundred Dollars ($372,500.00).

3.     Payment of the Purchase Price.

The Purchase Price shall be payable as follows:

A.     Earnest Money. Upon the execution of this Agreement by Seller, Purchaser shall deposit the amount of Ten Thousand Dollars ($10,000.00) into escrow (the "Escrow"), with Chicago Title Company (the "Escrow Agent"), Everett, Washington. Such amount is hereinafter referred to as the Earnest Money. The Earnest Money shall be placed into an interest bearing account, and except as specifically provided herein, interest shall accrue for the benefit of the Purchaser.

B.     Final Payment. The remainder of the Purchase Price shall be paid into Escrow on or before the Closing Date for disbursement to the Seller at closing according to instructions delivered to the Escrow Agent by the parties hereto.

4. Closing Date.

The close of Escrow shall occur on or before the date which is ten (10) days after Seller obtains approval of the US Bankruptcy Court (the "Court") for the sale of the Property on the terms set forth herein. Seller and Purchaser are husband and wife, but are separated and are anticipating being divorced. Purchaser currently occupies the Property as her primary residence and shall be entitled to exclusive possession immediately upon closing.

5. Conditions Precedent to Sale.

This Agreement is made and executed by the parties subject to the following contingencies, which, if not fulfilled, removed or waived at the time and in the manner hereinafter set forth, shall result in a termination of this Agreement, and except as otherwise set forth in this Agreement, neither party shall have any further rights or obligations under this Agreement to the other.

5.1 Condition of Title. The purchase and sale of the Property is contingent upon the Purchaser's receipt, review and approval of a preliminary title commitment issued by Chicago Title Company, for an ALTA residential title insurance policy, together with copies of all underlying documents (the "Title Report"). Purchaser shall review any and all of the exceptions reflected on the Title Report and shall accept or reject such Title Report on or before the date which is five (5) business days from the date of receiving it. In the event Purchaser objects to any of the exceptions to the title to the Property, Seller shall have five (5) days from the date of receipt of Purchaser's objections to give Purchaser notice that (a) Seller will remove any objectionable exceptions to the title of the Property and provide Purchaser with evidence reasonably satisfactory to Purchaser of such removal, or (b) notify Purchaser that Seller elects not to cause such exceptions to be removed. If exceptions to title to the Property which are unacceptable to Purchaser cannot be removed, or if after Purchaser's acceptance of the Title Report with objectionable exceptions (if any) removed, exceptions which are objectionable arise prior to the closing of Escrow, Purchaser may terminate this Agreement.

5.2 Authority of Seller; Bankruptcy Court Approval. Seller has filed for protection from creditors under Chapter 11 of the Bankruptcy Code and is currently subject to the jurisdiction of the Court as to the sale of this property. The purchase and sale of the Property is contingent upon Seller obtaining approval of the Court for the sale of the Property free and clear of liens and claims arising through Seller.

5.3 Release of Purchaser from Claims. Seller is a defendant in two (2) suits by the State of Washington styled State of Washington v. Tim Eyman, Cause No. 17-2-01546-34 and State V. Tougher to Raise Taxes, et al, Cause No. 16-2-03891-34, in the Thurston County Superior Court of the State of Washington (the "State Actions"). The purchase and sale of the Property is contingent upon Seller obtaining written confirmation from the State of Washington that it releases any and all claims against Purchaser and the Property arising from matters described in the State

(e)     The real estate excise tax due upon the transfer of the Property.

7.     Title.

Upon closing of Escrow, title to the Property shall be conveyed to Purchaser by a duly executed Statutory Warranty Deed. Title shall be insurable in fee and free and clear of all encumbrances, exceptions and reservations other than the following:

(1)     Non-delinquent property taxes;

(2)     Exceptions approved by Purchaser or cured by Seller as set forth in paragraph 5.1 above; and

(3)     ALTA printed exceptions as reflected on an owners form residential policy of title insurance.

8.     Seller's Representations and Warranties.

Seller hereby represents and warrants, to the best of his knowledge and belief, the following as of the date of this Agreement and as of the closing of Escrow:

(1)     Except as set forth above with respect to the approval of the Court, Seller has the authority to enter into this Agreement and to sell the Property;

(2)     Seller has no knowledge of any matters which would adversely affect title to the Property except as disclosed in the Title Report and the Property is not subject to any commitment, obligation or agreement including, but not limited to, any rights of first refusal or options to purchase granted to a third party which would or could prevent Seller from completing the sale of the Property to Buyer under this Agreement;

(3)     No notice has been given by any governmental authority of any violation of law, rule or regulation that relates to the Property or of any proceedings which may result in the issuance of such notice, and Seller is aware of no such notice or proceeding;

(4)     There are no liens, encumbrances, claims, covenants, conditions, restrictions, easements, rights-of-way, encroachments, assessments or other matters, recorded or unrecorded, affecting the Property other than as shown in the survey or reflected as title exceptions set forth in the Title Report;

(5)     Except as set forth above, there are no existing claims, suits, actions or legal proceedings, pending or threatened, affecting the Property;

(6)     This Agreement and all documents executed by Seller that are to be delivered

to Buyer at the Close of Escrow are, or at the time of Close of Escrow will be legal, valid and binding obligations of Seller, and do not, and at the time of Close of Escrow, will not, violate any provisions of any contract or judicial order to which Seller is a party or to which Seller is subject;

(7) Seller is not a "**foreign person**" as defined in Section 1445 of the Internal Revenue Code of 1986, as amended (the "**Code**") and any related regulations; and

(8) Seller is (A) not currently identified on the Specially Designated Nationals and Blocked Persons List maintained by the Office of Foreign Assets Control, Department of the Treasury ("**OFAC**") and/or on any other similar list maintained by OFAC pursuant to any authorizing statute, executive order or regulation (collectively, the "**List**"), and (B) not a person or entity with whom a citizen of the United States is prohibited to engage in transactions by any trade embargo, economic sanction, or other prohibition of United States law, regulation, or Executive Order of the President of the United States.

The above representations and warranties shall survive closing.

9. Default of Purchaser.

IN THE EVENT ESCROW SHALL FAIL TO CLOSE AS A RESULT OF THE DEFAULT OF PURCHASER, ALL OR ANY PORTION OF THE DEPOSIT THEN IN ESCROW, TOGETHER WITH ALL ACCRUED INTEREST THEREON, SHALL BE DELIVERED TO SELLER AS SELLER'S SOLE REMEDY HEREUNDER. THE EARNEST MONEY AND INTEREST ACCRUED THEREON SHALL CONSTITUTE LIQUIDATED DAMAGES FOR SUCH DEFAULT OF PURCHASER. PURCHASER AND SELLER ACKNOWLEDGE AND AGREE THAT SELLER'S ACTUAL DAMAGES IN THE EVENT OF SUCH A DEFAULT BY PURCHASER WOULD BE DIFFICULT OR IMPOSSIBLE TO ASCERTAIN, AND FURTHER, PURCHASER DESIRES TO LIMIT HIS LIABILITY TO SELLER IN THE EVENT ESCROW FAILS TO CLOSE AS A RESULT OF THE DEFAULT OF PURCHASER.

Seller's Initials　　　　　Purchaser's Initials

10. Brokers. Seller and Purchaser each represent that they have not been represented or contacted by any broker or agent with respect to the purchase and sale of the Property, and each hereby agrees to hold the other harmless from any fee, commission or other charge claimed by any broker or other representative through them in connection with this transaction.

11. Notices.

Notices required under this Agreement shall be made in writing and shall be effective

when delivered or mailed. Any notice given by mail shall be sent, postage prepaid, by certified mail, return receipt requested, addressed to the party to receive such notice at the following addresses:

PURCHASER: Karen Joan Eyman
11913 59th Avenue West
Mukilteo, Washington 98275
________@______.com

SELLER: Timothy Donald Eyman
~~Mukilteo WA 98~~ 500 106th Ave NE #709 Bellevue WA 98004 TE
tim.eyman@gmail.com

12. General.

A. Time is of the Essence. Time is of the essence with respect to the performance of the covenants, conditions and obligations of this Agreement.

B. Governing Law. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Washington.

C. Non-Merger. The covenants and Agreements contained herein shall survive delivery of the deed in Escrow.

D. Entire Agreement. This Agreement contains the entire agreement of the parties and may not be amended or modified except by written instrument executed by both parties.

E. Counterparts. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, all of which, together, shall constitute one and the same instrument.

F. Attorneys' Fees. Any signatory to this Agreement who is the prevailing party in any legal proceeding against any other signatory brought in connection with this Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney fees, and all other litigation expenses, including deposition costs, travel and expert witness fees, from the non-prevailing party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the __ day of August, 2020 ("Effective Date").

SELLER:

Timothy Donald Eyman

PURCHASER:

Karen Joan Eyman

## EXHIBIT A

Legal Description

One Club House Land Division 6, Blk 000 D-00, Lot 5

Actions, including without limitation any claim that the Property or other assets of Purchaser are or were community property subject to claims against Seller.

In the event the above contingencies are not met, or affirmatively waived by Purchaser in writing, on or before the date which is sixty (60) days after the date of this Agreement, this Agreement shall terminate, and the Earnest Money, together with the interest thereon, shall be returned to Purchaser.

6. Closing of Escrow.

Upon execution of this Agreement by Seller, the Escrow shall be opened with the Escrow Agent. The Escrow Agent shall be instructed that at the time it is in a position to deliver to Seller the Purchase Price and to issue an extended ALTA owner's form of title insurance in the full amount of the Purchase Price, subject only to the conditions of title approved by the Purchaser, the Escrow Agent shall:

(1)  Deliver and record a Statutory Warranty Deed conveying the Property to the Purchase, subject to only those exceptions approved by Purchaser, and an Excise Tax Affidavit pertaining thereto;

(2)  Deliver to Seller the Purchase Price, net of the deductions set forth below;

(3)  Issue and deliver to Purchaser said ALTA owner's form of residential title insurance; and

(4)  Deliver a fully executed affidavit in the form sufficient to meet the requirements of the Foreign Investment in Real Property Act.

At closing the Escrow Agent shall deduct from the proceeds otherwise due Seller the following costs:

(a)  The premium for the issuance of an owner's form of residential title insurance policy and the cost of any endorsements to eliminate title exceptions Seller has agreed to remove and all other costs, including a survey, necessary to obtain such policy;

(b)  One-half of the escrow fee;

(c)  Seller's pro rata share of real estate taxes (whether general or specific) assessed against the Property and due and payable during the year of the closing of Escrow;

(d)  The cost of recording the Statutory Warranty Deed; and

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|---|
| 7721 Corliss Avenue North Seatle, WA 98103 | | SFR | $ 338,000 | $ 192,976 | $ | $ 1,341 | $ 285 | $ |
| | | | | | | | | |
| | | | | | | | | |
| | | Totals | $ 338,000 | $ 192,976 | $ | $ 1,341 | $ 285 | $ |

**List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):**

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 433,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 192,976.00 |
| e. Estimated prepaid items | 4,380.67 |
| f. Estimated closing costs | 5,449.67 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | 259.80 |
| i. Total costs (add items a through h) | 636,066.14 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits(explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 346,400.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 346,400.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 289,666.14 |

## VIII. DECLARATIONS

**If you answer "yes" to any questions a through i, please use continuation sheet for explanation.**

| | Borrower Yes | Borrower No | Co-Borrower Yes | Co-Borrower No |
|---|---|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ | ☒ | ☐ | ☒ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ | ☒ | ☐ | ☒ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☒ | ☐ | ☒ |
| d. Are you a party to a lawsuit? | ☐ | ☒ | ☐ | ☒ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☒ | ☐ | ☒ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☒ | ☐ | ☒ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☒ | ☐ | ☒ |
| h. Is any part of the down payment borrowed? | ☐ | ☒ | ☐ | ☒ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☒ | ☐ | ☒ |
| j. Are you a U. S. citizen? | ☒ | ☐ | ☒ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☒ | ☐ | ☒ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☒ | ☐ | ☒ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☒ | ☐ | ☒ | ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | PR | | PR | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | SP | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property.

**Certification:** I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentaion which I/we have made on this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosure satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER**

☒ I do not wish to furnish this information

Race/National Origin: ☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander ☐ Black,not of Hispanic origin ☐ Hispanic ☐ White,not of Hispanic origin ☐ Other (specify)____

Sex: ☐ Female ☐ Male

**CO-BORROWER**

☒ I do not wish to furnish this information

Race/National Origin: ☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander ☐ Black,not of Hispanic origin ☐ Hispanic ☐ White,not of Hispanic origin ☐ Other (specify)____

Sex: ☐ Female ☐ Male

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address Interviewer's Employer |
|---|---|---|
| This application was taken by: | Jay Gulyash | AmeriNet Financial Systems |
| ☐ face-to-face interview | Interviewer's Signature [signature] Date 8/9/99 | 6200 S. Syracuse Way, Suite 400 |
| ☒ by mail | | Englewood, CO 80111 |
| ☐ by telephone | Interviewer's Phone Number (incl. area code) 303-290-6000 | 303-290-6000 |



**Tim and Karen Eyman**

July 29, 2020

## 11913 59th Ave W, Mukilteo, WA 98275

Information used to prepare this report has been obtained from multiple sources, including: MLS records of pending listings and recent sales; public records; and the current owner(s) of the subject property. The broker preparing this report has not independently verified the accuracy or completeness of any information obtained from sources reasonably believed by the broker to be reliable.





**Lou Urrutia**

Broker
MS, NC, PD, RIS, RLS, WFT

(425) 356-9107
MOBILE PHONE

(425) 776-9580 x460
OFFICE PHONE

(425) 672-1382
FAX

lurrutia@windermere.com
EMAIL

http://www.lousellsrealestate.com
WEBSITE

18811 28th Ave W, Suite J
Lynnwood, WA 98036
ADDRESS

## LOU KNOWS SNOHOMISH COUNTY

If you are thinking about buying or selling a home in Snohomish County, please contact me! With over 20years of living in the Mukilteo and Edmonds area as well as selling real estate in greater Snohomish county, I am up-to-date on current market trends and confident that I can provide you with excellent service.

## MAXIMIZE SELLER PROCEEDS

As my client, you will enjoy the benefit of my negotiating expertise to solicit for you, the highest value for your home, the most qualified buyer, and terms which represent your best interests. Extensive marketing presence is the key element that sets us in a class of our own. From taking quality, professional photographs, to creating custom brochures, postcards and print ads, we strive to enhance the ability to sell your property at the highest possible price for current market conditions.

## FINDING THE BEST HOME AT THE BEST VALUE

Finding a home that meets your needs, a neighborhood that makes you feel at home, a community with all the amenities that are important to you,involves negotiating one of your largest investments. My knowledge of the area and the current market, enables me to negotiate the best price and terms on your behalf.

All information provided is deemed reliable but is not guaranteed and should be independently verified.



## CUSTOMER SERVICE EXCELLENCE

My team and I are committed to great customer service and recognize it's importance for a smooth transition. On-going communication and consistent follow-through are key ingredients for a successful closing, and ultimately client satisfaction. I, along with a team of coordinator's, and buyer's agents carefully track each transaction from beginning to end, keeping all parties informed along the way. No fancy slogans, just hard work.

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com





## ★ 11913 59th Ave W, Mukilteo, WA 98275

| Beds | Bath | SQFT | Living Area | Lot Size |
|---|---|---|---|---|
| 3 | 3 | 3,020 | 3,020 SqFt | 8,712 SqFt |

## Listing Detail

**Living Area** 3,020 SqFt

**Property Type** Single-Family

**Year Built** 1998

**County** Snohomish

**MLS Area** 740

**Community** Mukilteo

**Subdivision** One Club House Lane

**School District** Mukilteo

## Features

**Bathroom Details** Full Bath 3

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com





# Listing Location Map

Active Properties | Pending Properties | Sold Properties

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



# Listing Location Map

| | Address | Price | Beds | Baths | Days | SQFT | $/SQFT |
|---|---|---|---|---|---|---|---|
| ★ | 11913 59th Ave W<br>Mukilteo, WA 98275 | | 3 | 3 | – | 3,020 | |
| 1. | 5717 95th Place SW<br>Mukilteo, WA 98275 | $1,100,000 | 4 | 3 | 20 | 4,428 | $248 |
| 2. | 12412 Double Eagle Dr<br>Mukilteo, WA 98275 | $1,095,000 | 4 | 3 | 4 | 3,804 | $288 |
| 3. | 5905 116th Ct SW<br>Mukilteo, WA 98275 | $990,000 | 3 | 3 | 37 | 3,028 | $327 |
| 4. | 12416 Ironwood Lane<br>Mukilteo, WA 98275 | $925,885 | 3 | 3 | 7 | 2,948 | $314 |
| 5. | 11609 59th Ave W<br>Mukilteo, WA 98275 | $924,000 | 3 | 3 | 22 | 2,868 | $322 |
| 6. | 11925 59th Ave W<br>Mukilteo, WA 98275 | $920,000 | 4 | 3 | 20 | 3,022 | $304 |
| 7. | 6619 Waterton Cir<br>Mukilteo, WA 98275 | $915,000 | 3 | 4 | 75 | 3,133 | $292 |

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



# Side by Side Comparisons

| | 11913 59th Ave W Mukilteo, WA 98275 | 5717 95th Place SW Mukilteo, WA 98275 | 12412 Double Eagle Dr Mukilteo, WA 98275 | 5905 116th Ct SW Mukilteo, WA 98275 | 12416 Ironwood Lane Mukilteo, WA 98275 | 11609 59th Ave W Mukilteo, WA 98275 |
|---|---|---|---|---|---|---|
| Status | - | Pending | Sold | Sold | Sold | Sold |
| MLS # | - | 1619182 | 1518424 | 1486982 | 1521098 | 1485823 |
| Property Type | Single-Family | Residential | Residential | Residential | Residential | Residential |
| Bedrooms | 3 | 4 | 4 | 3 | 3 | 3 |
| Bathrooms | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| Bathroom Details | - Full Bath 3 | - Full Bath 2<br>- 1/2 Bath 1 | - Full Bath 2<br>- 1/2 Bath 1 | - Full Bath 2<br>- 3/4 Bath 1 | - Full Bath 2<br>- 1/2 Bath 1 | - Full Bath 2<br>- 1/2 Bath 1 |
| Sqft | 3,020.0 | 4,428 | 3,804 | 3,028 | 2,948 | 2,868 |
| Lot SqFt | 8,712 SqFt | 12,632 SqFt | 10,454 SqFt | 9,583 SqFt | 8,712 SqFt | 9,148 SqFt |
| Year Built | 1998 | 1991 | 1992 | 1995 | 1998 | 1994 |
| Days on Market | - | 20 | 4 | 37 | 7 | 22 |
| List Price | - | $1,100,000 | $1,095,000 | $1,038,000 | $915,885 | $924,000 |
| Sold Date | - | - | 10/18/2019 | 10/23/2019 | 10/11/2019 | 09/16/2019 |
| HOA Dues | - | $20/Monthly | $34 | $30 | $34 | $30 |
| Original List Price | - | $1,100,000 | $1,095,000 | $1,038,000 | $915,885 | $924,000 |
| Pre-Adjusted Price | - | $1,100,000 | $1,095,000 | $990,000 | $925,885 | $924,000 |
| Sold Price | - | $0 | $1,095,000 | $990,000 | $925,885 | $924,000 |
| % Of List Price | - | - | 100% | 95% | 101% | 100% |
| $/SqFt | - | $248 | $288 | $327 | $314 | $322 |
| $/Lot SqFt | - | $87 | $105 | $103 | $106 | $101 |
| Tax Amount | - | $8,691 | $8,404 | $5,913 | $5,883 | $6,536 |
| Tax Year | - | 2019 | 2019 | 2018 | 2019 | 2019 |
| Fireplace | - | 3 | 2 | 2 | 2 | 2 |
| Basement | - | None | None | None | None | None |
| Garage | - | 3, Garage-Attached | 3, Garage-Attached | 3, Garage-Attached | 3, Garage-Attached | 3, Garage-Attached |
| Heat/AC | - | Forced Air, Central A/C | Forced Air, Heat Pump, Central A/C | Forced Air | Forced Air, Central A/C | Forced Air, Central A/C |
| Fuel | - | Natural Gas | Natural Gas | Natural Gas | Natural Gas | Electric, Natural Gas |
| Roof | - | Composition | Composition | Composition | Composition | Composition, See Remarks |

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



# Side by Side Comparisons

| | 11913 59th Ave W Mukilteo, WA 98275 | 5717 95th Place SW Mukilteo, WA 98275 | 12412 Double Eagle Dr Mukilteo, WA 98275 | 5905 116th Ct SW Mukilteo, WA 98275 | 12416 Ironwood Lane Mukilteo, WA 98275 | 11609 59th Ave W Mukilteo, WA 98275 |
|---|---|---|---|---|---|---|
| View | - | Territorial, Sound, Mountain | Golf Course, Territorial | Sound, Mountain | - | Golf Course, Partial, Sound |
| County | Snohomish | Snohomish County | Snohomish County | Snohomish County | Snohomish County | Snohomish County |

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



# Side by Side Comparisons

| | 11913 59th Ave W Mukilteo, WA 98275 | 11925 59th Ave W Mukilteo, WA 98275 | 6619 Waterton Cir Mukilteo, WA 98275 |
|---|---|---|---|
| Status | - | Sold | Active |
| MLS # | - | 1497085 | 1600838 |
| Property Type | Single-Family | Residential | Residential |
| Bedrooms | 3 | 4 | 3 |
| Bathrooms | 3.00 | 3.00 | 4.00 |
| Bathroom Details | - Full Bath 3 | - Full Bath 2<br>- 1/2 Bath 1 | - Full Bath 3<br>- 1/2 Bath 1 |
| Sqft | 3,020.0 | 3,022 | 3,133 |
| Lot SqFt | 8,712 SqFt | 9,148 SqFt | 3,920 SqFt |
| Year Built | 1998 | 1998 | 2006 |
| Days on Market | - | 20 | 75 |
| List Price | - | $949,900 | $915,000 |
| Sold Date | - | 10/11/2019 | - |
| HOA Dues | - | $30 | $147/Monthly |
| Original List Price | - | $949,900 | $935,000 |
| Pre-Adjusted Price | - | $920,000 | $915,000 |
| Sold Price | - | $920,000 | - |
| % Of List Price | - | 97% | - |
| $/SqFt | - | $304 | $292 |
| $/Lot SqFt | - | $101 | $233 |
| Tax Amount | - | $6,441 | $6,743 |
| Tax Year | - | 2019 | 2020 |
| Fireplace | - | 2 | 1 |
| Basement | - | - | Fully Finished |
| Garage | - | 3, Garage-Attached | 2, Garage-Attached |
| Heat/AC | - | Forced Air, Central A/C | Forced Air |
| Fuel | - | Electric, Natural Gas | Electric, Natural Gas |
| Roof | - | Cedar Shake | Composition |

All information provided is deemed reliable but is not guaranteed and should be independently verified.



| | 11913 59th Ave W Mukilteo, WA 98275 | 11925 59th Ave W Mukilteo, WA 98275 | 6619 Waterton Cir Mukilteo, WA 98275 |
|---|---|---|---|
| View | - | Golf Course, Mountain, Partial, Territorial | Mountain, Sound, Territorial |
| County | Snohomish | Snohomish County | Snohomish County |

All information provided is deemed reliable but is not guaranteed and should be independently verified.



| | | Bed | Bath | SqFt | Lot SqFt | List Price | $/SqFt | $/Lot SqFt | Sale Price | Adj Price |
|---|---|---|---|---|---|---|---|---|---|---|
| ★ | Subject Property | 3 | 3 | 3,020 | 8,712... | | - | - | - | - |

| | Active Properties | Bed | Bath | SqFt | Lot SqFt | List Price | $/SqFt | $/Lot SqFt | Sale Price | Adj Price |
|---|---|---|---|---|---|---|---|---|---|---|
| 7. | 6619 Waterton Cir Mukilteo, WA 98275 | 3 | 4 | 3,133 | 3,920... | $915,000 | $292 | $233 | $0 | - |

| | Pending Properties | Bed | Bath | SqFt | Lot SqFt | List Price | $/SqFt | $/Lot SqFt | Sale Price | Adj Price |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 5717 95th Place SW Mukilteo, WA 98275 | 4 | 3 | 4,428 | 12,63... | $1,100,000 | $248 | $87 | $0 | - |

| | Sold Properties | Bed | Bath | SqFt | Lot SqFt | List Price | $/SqFt | $/Lot SqFt | Sale Price | Adj Price |
|---|---|---|---|---|---|---|---|---|---|---|
| 2. | 12412 Double Eagle Dr Mukilteo, WA 98275 | 4 | 3 | 3,804 | 10,45... | $1,095,000 | $288 | $105 | $1,095,000 | - |
| 3. | 5905 116th Ct SW Mukilteo, WA 98275 | 3 | 3 | 3,028 | 9,583... | $1,038,000 | $327 | $103 | $990,000 | - |
| 4. | 12416 Ironwood Lane Mukilteo, WA 98275 | 3 | 3 | 2,948 | 8,712... | $915,885 | $314 | $106 | $925,885 | - |
| 5. | 11609 59th Ave W Mukilteo, WA 98275 | 3 | 3 | 2,868 | 9,148... | $924,000 | $322 | $101 | $924,000 | - |
| 6. | 11925 59th Ave W Mukilteo, WA 98275 | 4 | 3 | 3,022 | 9,148... | $949,900 | $304 | $101 | $920,000 | - |

Provided by Your Brokerage. All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



## Active Properties

Home Averages (1 property)

| Beds | Baths | SqFt |
|---|---|---|
| 3.0 | 4.00 | 3,133 |

| $/SqFt | Lot SqFt | $/Lot SqFt |
|---|---|---|
| $292 | 3,920 SqFt | $233 |

**Days**
75

## Property Pricing

Avg
$915,000
Med
$915,000
Min
$915,000
Max
$915,000

## Pending Properties

Home Averages (1 property)

| Beds | Baths | SqFt |
|---|---|---|
| 4.0 | 3.00 | 4,428 |

| $/SqFt | Lot SqFt | $/Lot SqFt |
|---|---|---|
| $248 | 12,632 SqFt | $87 |

**Days**
20

Avg
$1,100,000
Med
$1,100,000
Min
$1,100,000
Max
$1,100,000

## Sold Properties

Home Averages (5 properties)

| Beds | Baths | SqFt |
|---|---|---|
| 3.4 | 3.00 | 3,134 |

| $/SqFt | Lot SqFt | $/Lot SqFt |
|---|---|---|
| $311 | 9,409 SqFt | $103 |

**Days**
18

Avg
$970,977
Med
$925,885
Min
$920,000
Max
$1,095,000

All information provided is deemed reliable but is not guaranteed and should be independently verified.





Windermere
REAL ESTATE

# Price & Days on Market

Price
$1,100,000
$1,080,000
$1,060,000
$1,040,000
$1,020,000
$1,000,000
$980,000
$960,000
$940,000
$920,000
1
2
3
4
5
6
7
10
20
30
40
50
60
70
Days on Market
Active Properties
Pending Properties
Sold Properties
Other Properties

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



# Price & Days on Market

| | Address | Price | Beds | Baths | Days | SQFT | $/SQFT |
|---|---|---|---|---|---|---|---|
| ★ | 11913 59th Ave W Mukilteo, WA 98275 | | 3 | 3 | – | 3,020 | |
| 1. | 5717 95th Place SW Mukilteo, WA 98275 | $1,100,000 | 4 | 3 | 20 | 4,428 | $248 |
| 2. | 12412 Double Eagle Dr Mukilteo, WA 98275 | $1,095,000 | 4 | 3 | 4 | 3,804 | $288 |
| 3. | 5905 116th Ct SW Mukilteo, WA 98275 | $990,000 | 3 | 3 | 37 | 3,028 | $327 |
| 4. | 12416 Ironwood Lane Mukilteo, WA 98275 | $925,885 | 3 | 3 | 7 | 2,948 | $314 |
| 5. | 11609 59th Ave W Mukilteo, WA 98275 | $924,000 | 3 | 3 | 22 | 2,868 | $322 |
| 6. | 11925 59th Ave W Mukilteo, WA 98275 | $920,000 | 4 | 3 | 20 | 3,022 | $304 |
| 7. | 6619 Waterton Cir Mukilteo, WA 98275 | $915,000 | 3 | 4 | 75 | 3,133 | $292 |

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com





Windermere
REAL ESTATE

# Price & Size

Price
$1,100,000
$1,080,000
$1,060,000
$1,040,000
$1,020,000
$1,000,000
$980,000
$960,000
$940,000
$920,000
1
2
3
4
5
6
7
3,000
3,200
3,400
3,600
3,800
4,000
4,200
4,400
Square Feet
Active Properties
Pending Properties
Sold Properties
Other Properties

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



# Price & Size

| | Address | Price | Beds | Baths | Days | SQFT | $/SQFT |
|---|---|---|---|---|---|---|---|
| ★ | 11913 59th Ave W<br>Mukilteo, WA 98275 | | 3 | 3 | – | 3,020 | |
| 1. | 5717 95th Place SW<br>Mukilteo, WA 98275 | $1,100,000 | 4 | 3 | 20 | 4,428 | $248 |
| 2. | 12412 Double Eagle Dr<br>Mukilteo, WA 98275 | $1,095,000 | 4 | 3 | 4 | 3,804 | $288 |
| 3. | 5905 116th Ct SW<br>Mukilteo, WA 98275 | $990,000 | 3 | 3 | 37 | 3,028 | $327 |
| 4. | 12416 Ironwood Lane<br>Mukilteo, WA 98275 | $925,885 | 3 | 3 | 7 | 2,948 | $314 |
| 5. | 11609 59th Ave W<br>Mukilteo, WA 98275 | $924,000 | 3 | 3 | 22 | 2,868 | $322 |
| 6. | 11925 59th Ave W<br>Mukilteo, WA 98275 | $920,000 | 4 | 3 | 20 | 3,022 | $304 |
| 7. | 6619 Waterton Cir<br>Mukilteo, WA 98275 | $915,000 | 3 | 4 | 75 | 3,133 | $292 |

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com


# Estimate Comparison

AVG ZESTIMATE ®
5% Over

Under Accurate Over

## Sold Listings

### 2. 12412 Double Eagle Dr — $52,500 Over

| | |
|---|---|
| Sold Price | $1,095,000 |
| Zestimate ® | $1,147,500 |

### 3. 5905 116th Ct SW — $49,743 Over

| | |
|---|---|
| Sold Price | $990,000 |
| Zestimate ® | $1,039,743 |

### 4. 12416 Ironwood Lane — $48,397 Over

| | |
|---|---|
| Sold Price | $925,885 |
| Zestimate ® | $974,282 |

### 5. 11609 59th Ave W — $52,230 Over

| | |
|---|---|
| Sold Price | $924,000 |
| Zestimate ® | $976,230 |

### 6. 11925 59th Ave W — $45,518 Over

| | |
|---|---|
| Sold Price | $920,000 |
| Zestimate ® | $965,518 |

© Zillow, Inc., 2006-2020. Use is subject to Terms of Use

Zillow

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com



★ 11913 59th Ave W, Mukilteo, WA 98275

Approximate Market Value

$975,000 - $1,025,000

## Price Based on Average Sales

| | |
|---|---|
| Average Price of Sold Comparable Properties | $970,977 |

## Price Based on Square Footage

| | |
|---|---|
| Average $/SqFt of Sold Comparable Properties | $311.10 |
| Square Footage of Subject Property | 3,020 |
| Price based on square footage of Subject Property | $939,513 |

All information provided is deemed reliable but is not guaranteed and should be independently verified.

Lou Urrutia | lurrutia@windermere.com

Label Matrix for local noticing
0981-2
Case 18-14536-MLB
Western District of Washington
Seattle
Wed Sep 30 10:21:05 PDT 2020

U.S. Bankruptcy Court
700 Stewart St, Room 6301
Seattle, WA 98101-4441

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Klinedinst PC
c/o Daniel Agle, Esq.
501 W Broadway, 6th Floor
San Diego, CA 92101-3536

Klinedinst, PC
701 Fifth Avenue, Suite 1220
Seattle, WA 98104-7007

State of Washington Attorney
General's Office
Attn: Linda Dalton
PO Box 40100
Olympia, WA 98504-0100

United States Trustee
700 Stewart St Ste 5103
Seattle, WA 98101-4438

Gretchen Sand
PO Box 6503
Kennewick, WA 99336-0627

Kathryn Scordato
Vortman & Feinstein
929 108th Ave NE, Ste 1200
Bellevue, WA 98004-4787

Larry B. Feinstein
929 108th Ave. N.E.
Suite 1200
Bellevue, WA 98004-4787

PC Klinedinst
Klinedinst PC
701 5th Ave.
Ste. 1220
Seattle, WA 98104-7007

Thomas D. Neeleman
Neeleman Law Group
1904 Wetmore, #200
Everett, WA 98201-6110

Timothy Donald Eyman
11913 59th Ave W
Mukilteo, WA 98275-5569

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Goodstein Law Group PLLC

(u)Hawthorne and Co

(u)Law Offices of Paul L Schneiderman

(u)State of Washington

(u)David Hawthorne

(u)Joel Ard

(u)Richard B Sanders

(u)Robert McCallum

End of Label Matrix
Mailable recipients 12
Bypassed recipients 8
Total 20