The Honorable Marc L. Barreca
Chapter 11
Hearing Location: Seattle, Washington
Hearing Date/Time: November 18, 2021 at 9:30 AM
Response Due: November 10, 2021

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TIMOTHY DONALD EYMAN,

                Debtor.

NO. 18-14536-MLB

STATE OF WASHINGTON'S MOTION TO ENFORCE DEFAULT PROVISIONS AND APPOINT A CHAPTER 11 TRUSTEE AND RECORD JUDGMENT

## I. RELIEF REQUESTED

The State of Washington requests that a Chapter 11 trustee be appointed pursuant to the default provisions of the Chapter 11 Plan of Reorganization, Dkt. #270 (Plan) and that the State be allowed to record and perfect the judgment entered in *State v. Eyman,* Thurston County Superior Court, Case No. 17-2-01546-34, in Snohomish and King Counties. This motion is being made in anticipation of Debtor Eyman remaining in default as of October 30. It is being filed now in order to set it for November 18, the Court's next available date on its motions calendar. The State will strike this motion should Debtor Eyman make timely payment to cure default.

## II. STATEMENT OF FACTS

**A.**    **Notice of Default**

On September 15, 2021, Timothy Eyman failed to make his September 2021 $10,000 monthly payment under the bankruptcy plan. As of the filing of this motion, this payment is still

STATE OF WASHINGTON'S MOTION TO
ENFORCE DEFAULT PROVISIONS,
APPOINT A CHAPTER 11 TRUSTEE, AND
RECORD JUDGMENT

1

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 370    Filed 10/28/21    Ent. 10/28/21 12:57:49    Pg. 1 of 6

outstanding and Debtor Eyman has also failed to make his October 2021 payment, which like his September payment was required to be mailed to the State by the 15th of the month under Section 6.09 of the plan. Plan, Section 6.09 <u>Disbursing Agent</u>, pg. 8.

The State made every effort to confirm that Debtor Eyman made the September payment. On September 13, 2021, State's counsel emailed Debtor Eyman's counsel to confirm the monthly transfer was made to the claims reserve account and the September check would be mailed to the State. On September 17, State's counsel again sought to confirm this information. On September 22, 2021, when the State had still not received the check, State's counsel sent a follow up email. On September 23, 2021, Debtor's counsel forwarded a photo of a check and a stamped envelope that was addressed to the State, but with no postmark. The check has never been received. Edison Declaration, (Edison Decl.) Ex. 1.

On September 30, 2021, the State issued a Notice of Default under Section 9.01 of the Plan's default provision. Edison Decl. Ex. 2. Debtor Eyman was given 30 days to cure default, which expires on October 30, 2021. Plan, Section 9.01 <u>Default</u>, pg. 11. Since issuing this notice of default, the State has not been contacted by the Debtor or his counsel. Debtor Eyman has also failed to file his post-confirmation report that was due on October 21, 2021. Edison Decl. Therefore, the State is moving to enforce the default provisions of the Plan, should it not receive the outstanding payments by October 30. The last post-confirmation quarterly report filed by Debtor Eyman on June 30, 2021 indicated that he had a combined $52,415 total in three bank accounts. Chapter 11 Post-confirmation Report, Dkt. # 348.

**B.  Section 9.01 Default Remedies under the Bankruptcy Plan**

Under the Plan, if Debtor Eyman fails to cure default within 30 days of service of a Notice of Default, all amounts under the Plan become "immediately due and payable" and the "state rate of 12% per annum" applies to "any present or future amount owed on the State's claims." Plan, Section 9.01 <u>Default</u>, pg. 12. Therefore, the State's claim will become immediately due

STATE OF WASHINGTON'S MOTION TO ENFORCE DEFAULT PROVISIONS, APPOINT A CHAPTER 11 TRUSTEE, AND RECORD JUDGMENT

2

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 370    Filed 10/28/21    Ent. 10/28/21 12:57:49    Pg. 2 of 6

and payable if Debtor Eyman does not cure default by October 30, 2021, and 12% interest will begin to accrue on the claim.

The default provision of the Plan states that "by motion of any interested party, an order appointing a Chapter 11 Trustee may be entered, who shall have the rights, powers and duties specified in 11 USC §§1104, 1106 and 704 (as made applicable by §1106) to make distributions under the terms of the confirmed plan and administer Estate assets, including, but not limited to, liquidating [the house] and distributing Debtor's interest therein to unpaid Class I claims." Plan, Section 9.01 Default, pg. 11.

The default provision also provides that the State "may proceed against the Debtor and/or the assets of the Debtor and/or of the Estate using any state or federal remedies without need for resort to the bankruptcy court for relief from the automatic stay and without being deemed to have violated the terms of this Plan, the confirmed order or the Code." The Affected Creditor may enforce its rights in state court or in bankruptcy court. Plan, Section 9.01 Default, pg. 11. Therefore, if default is not cured, the State is entitled to pursue collections against Debtor Eyman in state court without permission of this Court.

### III.     REMEDIES REQUESTED UNDER THE CHAPTER 11 PLAN

In anticipation of Debtor Eyman being in default the State is requesting that a Chapter 11 trustee be appointed pursuant to the default provision of the Plan. The State is also requesting permission to record the judgment in *State v. Eyman* in Snohomish and King Counties.

**A.     The State Requests a Chapter 11 Trustee be Appointed**

Under the terms of the Plan, the State can move to have a Chapter 11 trustee appointed if the default is not cured. Therefore, the State is requesting that a Chapter 11 trustee be appointed to administer the estate and determine the basis for Debtor Eyman's failure to make plan payments and the feasibility of the payments resuming. Even if the Plan's default provisions did not support appointment of a trustee, Debtor Eyman's failure to make his monthly payment

STATE OF WASHINGTON'S MOTION TO
ENFORCE DEFAULT PROVISIONS,
APPOINT A CHAPTER 11 TRUSTEE, AND
RECORD JUDGMENT

3

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 370    Filed 10/28/21    Ent. 10/28/21 12:57:49    Pg. 3 of 6

would make appointment of a trustee appropriate. Under 11 USC §1104, appointment of a trustee is appropriate for "cause" or when appointment is in the "interests of creditors."

### 1. There is Cause to Appoint a Trustee

Appointment of a Chapter 11 trustee is mandatory if the Court finds there is "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management." 11 U.S.C. § 1104(a)(1) and *In re Oklahoma Refining Co.,* 838 F.2d 1133, 1136 (10th Cir. 1988). A Chapter 11 debtor is a fiduciary "obligated to protect and conserve property in its possession, as well as to provide voluntary and honest disclosure of financial information." *In re Sal Caruso Cheese, Inc.,* 107 B.R. 808, 817 (Bankr. N.D.N.Y. 1989). As a fiduciary of its creditors, a debtor in possession must act in the interests of creditors. *In re Sharon Steel Corp.,* 86 B.R. 455, 457 (Bankr.W.D.Pa. 1988). The debtor in possession also has a duty of accountability and segregation of funds. *In re Bibo*, 76 F. 3d 256, 257-58 (9th Cir. 1996) and *In re Federal Roofing Co., Inc.,* 205 B.R. 638, 643 (Bankr. N.D. Ala. 1996) (citation omitted).

Based upon these factors, Debtor Eyman's failure to make payments establishes "cause" to appoint a trustee. Debtor Eyman is obligated to protect and conserve the property of the estate and be accountable to the creditors. His failure to make two plan payments without explanation violates these duties and appointment of a trustee is appropriate.

### 2. Appointment of a Chapter 11 Trustee is in the Interests of Creditors

Appointment of a Chapter 11 trustee is also appropriate because it is in the interest of the creditors since Debtor Eyman has stopped making monthly payments. Section 1104(a)(2) creates a "flexible standard and allows the appointment of a trustee even where no cause exists." *In re Ionosphere Clubs, Inc.,* 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990) (citation omitted). It is sufficient that the appointment be in the interests of creditors. *In re Oklahoma Refining,* 838 F.2d at 1136 (citation omitted) and *In re Sharon Steel Corp.*, 871 F.2d 1217, (3rd Cir. 1989). Factors courts consider in appointing a trustee include (a) the debtor's trustworthiness; (b) past

STATE OF WASHINGTON'S MOTION TO
ENFORCE DEFAULT PROVISIONS,
APPOINT A CHAPTER 11 TRUSTEE, AND
RECORD JUDGMENT

4

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 370    Filed 10/28/21    Ent. 10/28/21 12:57:49    Pg. 4 of 6

and present performance and chance of rehabilitation; (c) creditors' confidence in the debtor's present management; and (d) the benefits of appointing a trustee balanced against the costs. *In re Ionosphere Clubs, Inc.*, 113 B.R. at 168.

Debtor Eyman's unwillingness to be transparent in his financial dealings and his decision to simply stop making payments without explanation requires appointment of a trustee. It is in the interests of the creditors to have a trustee manage the estate, determine the reason for Debtor Eyman's failure to make the required payments when his last quarterly reporting establishes that he has the funds to make these payments, and if necessary, distributing assets.

**B.    The State Should be Allowed to Record its Judgment from Thurston County Superior Court, Case no. 17-2-01546-34, in Snohomish and King Counties**

Under the Plan, when there is a default, the State is entitled to pursue remedies in state court without permission of this Court. However, since this Court previously denied the State's request to file an abstract of the judgment in *State v. Eyman* in Snohomish County where Debtor Eyman owns real property commonly known as 11913 59th Ave W, Mukilteo, WA 98275 and claims a homestead exemption,[1] in an abundance of caution, the State is renewing its request to record its judgment in state court. This is necessary to protect the State's interest in the Eyman home and preserve the bankruptcy estate. Additionally, the State is requesting to record its judgment in King County since Debtor Eyman currently resides in King County and may have assets in King County now or in the future.

In Washington, a judgment becomes a lien upon the real property of the judgment debtor, but only in the county in which the judgment is recorded. Wash. Rev. Code §§ 4.56.190, .200(2) (2011). An abstract of the judgment may be filed with the county clerk and the recording officer of the county in which the judgment debtor's real property is situated in order to commence a lien on the property or the value thereof exceeding the homestead exemption. Wash. Rev. Code

---

[1] Schedules A and C filed together with Debtor's Voluntary Petition, Docket. # 1, pgs. 14 and 23.

STATE OF WASHINGTON'S MOTION TO ENFORCE DEFAULT PROVISIONS, APPOINT A CHAPTER 11 TRUSTEE, AND RECORD JUDGMENT

5

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 370    Filed 10/28/21    Ent. 10/28/21 12:57:49    Pg. 5 of 6

§ 4.56.200(3) (2011); Wash. Rev. Code § 6.13.090 (2007) and *In re Deal*, 85 Wash. App. 580, 585-586, 933 P.2d 1084, 1087. Accordingly, if the Court allows the recording of the State's judgment, then the State will have priority over any future attempt by Debtor's counsel, or any other creditor, to encumber the Eyman home. Washington's recording system ensures that "generally, liens take precedence in order of time, the first in time being the first in right." *Seattle Mortg. Co. v. Unknown Heirs of Gray*, 133 Wash. App. 479, 495, 136 P.3d 776, 785 (2006) citing *Bank of Am. v. Wells Fargo Bank,* 126 Wash. App. 710, 714, 109 P.3d 863 (2005) (quoting *Hollenbeck v. City of Seattle,* 136 Wash. 508, 514, 240 P. 916 (1925)). Therefore, the State requests this Court's permission to record the judgment in Snohomish and King Counties.

In conclusion, Debtor Eyman will be in default under the Plan if he does not cure default by October 30, 2021. Should he fail to make timely payment, the State is entitled to the default remedies under the Plan. Consequently, the State requests that a Chapter 11 trustee be appointed and that the State be allowed to record the judgment in *State v. Eyman*.

RESPECTFULLY SUBMITTED this 28th day of October, 2021.

ROBERT W. FERGUSON
Attorney General

/s/ Susan Edison

SUSAN EDISON, WSBA No. 18293
  *Assistant Attorney General*
DINA YUNKER FRANK, WSBA No. 16889
  *Assistant Attorney General*
ERIC S. NEWMAN, WSBA No. 31521
  *Assistant Attorney General*
Attorneys for the State of Washington

STATE OF WASHINGTON'S MOTION TO ENFORCE DEFAULT PROVISIONS, APPOINT A CHAPTER 11 TRUSTEE, AND RECORD JUDGMENT

6

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 370    Filed 10/28/21    Ent. 10/28/21 12:57:49    Pg. 6 of 6