IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | No. 18-14536-MLB<br><br>RESPONSE TO STATE OF WASHINGTON'S MOTION FOR APPOINTMENT OF A TRUSTEE and DECLARATION |

COMES NOW the administrative creditor Goodstein Law Group PLLC ("GLG") by and through its attorney, Carolyn Lake of GLG, and responds to the State of Washington's Motion to Enforce Default Provisions and Appoint a Chapter 11 Trustee [ECF Dkt #370], as follows:

GLG endorses and adopts the substance and analysis contained in Debtor's Response to State's Motion For Appointment of Chapter 11 Trustee [ECF Dkt. #382] ("Response") for all the reasons stated in that Response. GLG concurs and draws the Court's attention especially to the following Response excerpt at pp. 6:12-9:17:

> Appointment of a Trustee is the State's excuse for having this motion before the Court. But given the limited powers that such a Trustee has over a post-confirmation estate, it is obvious that the State's true purpose is to have its' lien recorded against the marital/community property home. This request has already been denied once. ECF #337

RESPONSE TO STATE OF WASHINGTON'S MOTION FOR TRUSTEE and DECLARATION

Page 1 of 5

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA 98405
(253) 779-4000
(253) 779-4411(fax)

Case 18-14536-MLB    Doc 384    Filed 11/10/21    Ent. 11/10/21 16:09:54    Pg. 1 of 5

(Audio of hearing held on 5/26/21) and #338 (Order Denying State's Motion for Relief from Stay and Other Relief).

Under the State's interpretation of the default provisions, the newly appointed Trustee would have the ability [without any statutory authority] to administer [liquidate] the Eyman home for its' benefit, as it renews its' request to have the judgment recorded in Snohomish County against the Eyman home. The Debtor has stated that the home is a community asset of the estate under Section §541 of the Bankruptcy Code at the time of the filing of these proceedings and through filing and confirmation of the Plan. See the Debtor's Petition, Schedules and Statements filed under ECF #1; Debtor's 2nd Amended Disclosure Statement filed under ECF #210; and Debtor's 4th Amended Plan filed under ECF #270. The Debtor has asserted that the home was, therefore, available for the payment of allowed administrative claims in this estate, such as the professional fees the court has awarded and allowed to special counsel, Richard Sanders and Seth Goodstein, in defending the Debtor and the estate against the claims asserted by the State of Washington.

After deducting the selling costs, allowed exemptions, and administrative expenses, the net proceeds from the sale of the home would be available for distribution to the priority and general unsecured claims in the estate. This distribution would be governed by the terms of the confirmed Plan. Nevertheless, the State is trying to jump ahead of these allowed administrative expense liens and have its judgment recorded as a lien against the property, which the Debtor contends would violate the terms of the Plan. Under the Plan, the State is treated as a general unsecured creditor – regardless of the fact that it later obtained a judgment against the Debtor. The State claims it is entitled to record its judgment because under State law, in the absence of a

RESPONSE TO STATE OF WASHINGTON'S MOTION FOR TRUSTEE and DECLARATION

Page 2 of 5

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA 98405
(253) 779-4000
(253) 779-4411(fax)

Case 18-14536-MLB    Doc 384    Filed 11/10/21    Ent. 11/10/21 16:09:54    Pg. 2 of 5

bankruptcy, it would be allowed to record it. It wants to be treated as a secured creditor.

The State's request is on shaky ground to begin with, specifically whether the judgment and obligation applies to community property to the exclusion of the non-filing spouse's interest in the home. The Debtor's wife, Karen Eyman, was not a party to the state court litigation and was not named as a defendant or party in the State's action in state court. The resulting large judgment was rendered solely against the Debtor. The marital community was not named as a defendant in the state court litigation either. As such, the State has brought an adversary proceeding in this case, filed under Adv. No. #21-01041, seeking declaratory relief that the home is the property of the estate and that their state court judgment could be filed as a judicial lien on the home, such that any sale of the home would preserve any equity for the judgment (without consideration as to the non-filing spouse's interests). Karen Eyman, again, was not named or made a party to the adversary proceeding, just as she was not a party in the underlying state court proceedings. She has had to intervene in these proceedings to protect her interest in the home that has been seemingly trod on without her involvement or ability to protect her interest. The Court granted the right to intervene. (ECF #29, Adv. No. 21-01041.) Trial in that matter is scheduled for March 17, 2022.

Notwithstanding Mrs. Eyman's claims, the simple fact is that 11 U.S.C. §1141 trumps Wash. Rev. Code §§ 4.56.190 and 4.56.200. Neither of the cases cited by the State in Section III(B) (pages 5 to 6 of the Motion) involve a debtor in bankruptcy let alone the binding effects of Section §1141 on a creditors' actions post-confirmation. *In re Deal*, 85 Wash. App. 580, 933 P.2d 1084 (1997) involves surplus proceeds from a trustee's sale of debtor's homestead property under Washington law. *Seattle Mortg. Co. v. Unknown Heirs of Gray*, 133 Wash. App. 479,

RESPONSE TO STATE OF WASHINGTON'S MOTION FOR TRUSTEE and DECLARATION

Page 3 of 5

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA 98405
(253) 779-4000
(253) 779-4411(fax)

Case 18-14536-MLB    Doc 384    Filed 11/10/21    Ent. 11/10/21 16:09:54    Pg. 3 of 5

136 P.3d 776 (2006) (and the cases cited internally) stands for the proposition that funds are disbursed "the first in time being the first in right." It cites no authority that would allow it to violate Section §1141's binding effect of the confirmed Plan and to treatment (regardless of the debtor's "default" status) inconsistent with the express terms of that confirmed Plan.

Finally, the State is asking in this motion its **identical relief asked for in the above cited pending adversary proceedings, Adv. #21-01041**. The current motion seems to be requesting the court grant them an end-run on the claims in that adversary, most importantly the claims of Karen Eyman, couched in a motion in the main bankruptcy case but seeking the same relief: allowing the State to record its judgment in Snohomish County to establish a lien on the Eyman home against the interests of Karen Eyman, without the benefit of Mrs. Eyman having the rights and benefits of the adversary proceedings (i.e. discovery, cross-examination, depositions, etc.). Quite simply, this is impermissible under the Bankruptcy Code. [Parenthetically, the Court will note that the Debtor and Mrs. Eyman are "not necessarily on the same page" as to the family home being an asset of the estate or available for the payment of Mr. Eyman's creditor claims. That is the subject matter of the adversary proceedings before this court in Adv. #21-01041.

Accordingly, the current Motion should be denied.

DATED this 10th day of November 2021.

/s/ Carolyn Lake
WSBA # 13980
Attorney for Goodstein Law Group PLLC

RESPONSE TO STATE OF WASHINGTON'S MOTION FOR TRUSTEE and DECLARATION

Page 4 of 5

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA 98405
(253) 779-4000
(253) 779-4411(fax)

Case 18-14536-MLB    Doc 384    Filed 11/10/21    Ent. 11/10/21 16:09:54    Pg. 4 of 5

Copies of this Motion have been served on all parties via the court's CM/ECF Noticing System, or on the addresses on the attached Matrix if not on said system.

DATED this 10th day of November 2021.

/s/ Carolyn Lake<br>
Carolyn Lake, WSBA #13980<br>
Attorney for Goodstein Law Group PLLC

RESPONSE TO STATE OF WASHINGTON'S MOTION FOR TRUSTEE and DECLARATION

Page 5 of 5

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA 98405
(253) 779-4000
(253) 779-4411(fax)

Case 18-14536-MLB    Doc 384    Filed 11/10/21    Ent. 11/10/21 16:09:54    Pg. 5 of 5