UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TIMOTHY DONALD EYMAN,

Debtor.

NO. 18-14536-MLB

STATE OF WASHINGTON'S MOTION FOR CONVERSION TO CHAPTER 7

## I. RELIEF REQUESTED

The State of Washington requests pursuant to Debtor Eyman's default under the terms of the Chapter 11 Plan of Reorganization, Dkt. #270 (Plan) that this bankruptcy be converted to Chapter 7. Since October 30, 2021, Debtor Eyman has been in default due to his failure to make his September and October 2021 Plan payments. In Debtor Eyman's recent filing, Debtor's Response to Motion for Trustee, pg. 2, Docket # 382, Debtor Eyman admits he is in default under the Plan and has failed to file the most recent report with the US Trustee. This motion comes after the court continued the November 18, 2021 hearing on the State's motion to appoint a Chapter 11 trustee and for permission to record its judgment in order to consider the alternative of a Chapter 7 conversion. Therefore, the State requests as an alternative to appointing a Chapter 11 trustee, that the Court consider converting this bankruptcy to a Chapter 7. (The State also requests that it be allowed to record its judgment in Snohomish and King counties.) As part of

STATE'S MOTION FOR
CONVERSION TO CHAPTER 7

1

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 1 of 7

this motion, the State incorporates by reference the facts and arguments made in the State's Application for Appointment of a Chapter 11 Trustee and related Reply[1].

## II. STATEMENT OF FACTS

Under the Plan, if Debtor Eyman fails to cure default within 30 days of service of a Notice of Default, all amounts under the Plan become "immediately due and payable" and the "state rate of 12% per annum" applies to "any present or future amount owed on the State's claims." Plan, Section 9.01 Default, pg. 12. Therefore, the State's claim is now immediately due and payable and 12% interest is accruing on the claim.

The Plan directly addresses conversion to a Chapter 7. Under Plan Section 6.08, Sale of Estate Property, "if there is a conversion to Chapter 7, Debtor may not sell or in any way encumber or transfer his home." Additionally, on conversion, the Eyman home vests in the bankruptcy estate under Plan Section 6.13, Vesting, which states "on confirmation, the Eyman home listed in the bankruptcy schedules will be considered property of the estate with the conditions stated in Section 6.08 above. If upon further motion or hearing, this case is converted to a case under Chapter 7 of the Code, all property, whether residing in the Estate, or acquired by the Debtor during the pendency of the Chapter 11 case as provided under Section 541 of the Bankruptcy Code shall automatically vest in the Chapter 7 bankruptcy estate." [2]

Due to Debtor Eyman's default, the State is requesting that the case be converted to a Chapter 7 bankruptcy and that the above Plan provisions take effect.

---

[1] See Application for Appointment of a Chapter 11 Trustee and Motion to Enforce Default Provisions and Record Judgment, Docket # 370 and Reply to Debtor's Response RE: State's Motion to Enforce Default Provisions and Appointment of a Chapter 11 Trustee and Record Judgment, Docket # 386.

[2] Debtor Eyman has agreed the Eyman home is an asset of the estate. In the Debtor's Ex Parte Order Reopening Ch 11 Case, Docket #303 in the bankruptcy, the order states the case was reopened "to administer an asset of the estate as provided in the Debtor's confirmed *4th Amended Plan of Reorganization."* In Defendant Vortman & Feinstein Answer to Adversary Complaint and Affirmative Defenses, Pg. 3, Docket # 6 in Adversary Action 21-01041, the Answer states: "Defendant V & F admits the Motion to Reopen the case was to allow sale of the Debtor's and Estate's interest in the marital Eyman Hme[sic], if any, but denies any legal conclusions as to what that interest may be. Defendant V & F admits that whatever that interest is, if any, was not abandoned and is an asset of the estate."

STATE'S MOTION FOR
CONVERSION TO CHAPTER 7

2

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 2 of 7

## III. EVIDENCE RELIED UPON

The State relies upon the documents filed in this bankruptcy including the Chapter 11 Plan of Reorganization, Docket #270.

## IV. LEGAL AUTHORITY

**A.  There is cause to convert to a Chapter 7 bankruptcy.**

The Bankruptcy Code in 11 U.S.C. § 1112(b)(1) provides for conversion or dismissal of a Chapter 11 bankruptcy case where cause exists:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

The State as the primary creditor in this case, is a party in interest able to request conversion. 11 U.S.C. § 1109(b). Once requested, Section 1112(b) requires the bankruptcy court to engage in a two-step analysis to determine if conversion is appropriate. *Woods v. Erickson, LLP v. Leonard (In re AVI, Inc.),* 389 B.R. 721, 729 (9th Cir. BAP 2008). First, the court must determine if "cause" exists for conversion or dismissal. *Id.* If so, then the court must determine which remedy, conversion or dismissal, better serves the interests of the creditors and the estate. *Id.* The bankruptcy court is given wide discretion to convert a chapter 11 case to a chapter 7 case for cause. *Greenfield Drive Storage Park v. Cal. Para-Prof'l Servs., Inc. (In re Greenfield Drive Storage Park)*, 207 B.R. 913, 916 (9th Cir. 1997).

In 11 U.S.C. § 1112(b)(4), the Code sets out a non-exclusive list of 16 examples of "cause" for conversion, several of which apply to Debtor Eyman's failure to make plan payments. Section 11 U.S.C. § 1112(b)(4)(A), allows a bankruptcy to be converted when there is "a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Similar to this case, the court in *In re Red Door Lounge, Inc.*, 559

STATE'S MOTION FOR
CONVERSION TO CHAPTER 7

3

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 3 of 7

B.R. 728, 735 (Bankr. D. Mont. 2016), found that where a debtor had failed to make monthly payments under the provisions of a confirmed plan and the debtor's projections for future income for the business were without foundation, there was no reasonable likelihood of success and that conversion from Chapter 11 to Chapter 7 was appropriate. The issue was whether "debtor's business prospects justify continuance of the reorganization effort" and without the Debtor's payments the plan could not continue. *Id.* at 735. Here, Debtor Eyman has represented in his recent Declaration that he has "used the last of [his] financial resources to pay towards allowed claims" and does not have "any income" to modify the Plan.[3] While the State has its doubts as to the veracity of Debtor Eyman's representations, as indicated in its Reply to its Motion to Enforce Default Provisions, his default and professed lack of income make conversion appropriate under section (A) and is an option the State is proposing based upon these representations by the Debtor.

Debtor Eyman's failure to make Plan payments also establishes cause under section 1112(b)(4)(M) "inability to effectuate substantial consummation of a confirmed plan" and section 1112(b)(4)(N) "material default by debtor with respect to a confirmed plan." Courts have held that a failure to make monthly payments required by a confirmed plan constitutes cause under sections 1112(b)(4)(M) and (N). *In re Red Door Lounge, Inc.*, 559 B.R. at 735 and *In re Hook,* 469 B.R. 62, 66-67 (D.C. Colo. 2011). Similarly, when Debtors were unable to find financing needed to pay debts in a confirmed plan, the court found that conversion was appropriate under sections 1112(b)(4)(M) and (N). *In re Sundale,* 471 B.R. 300, 303 (Bankr. S.D. Florida 2012).

Debtor Eyman's failure to make plan payments, failure to establish that he will have future income to pay the debts owed under the plan and lack of compliance with reporting requirements are cause for conversion under § 1112(b)(4). Additionally, a court is able to

---

[3] *See* Declaration of Debtor in Response to State of Washington's Motion for Appointment of a Trustee, pg. 2, Docket # 383.

STATE'S MOTION FOR
CONVERSION TO CHAPTER 7

4

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 4 of 7

"consider other factors as they arise, and should use its equitable powers to reach the appropriate result in individual cases". *In re Products International Co.*, 395 B.R. 101, 109 (Bankr. D. Arizona 2008) citing *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000). Debtor Eyman's contention that plan payments have stopped due to fundraising restrictions placed upon him by the State lacks credibility since he continues to aggressively raise funds and the State has not restricted his fundraising. In the previous month, Debtor Eyman posted or shared his personal fundraising appeals an estimated 100 times on Facebook. Declaration of Tony Perkins in Support of State of Washington's Motion to Enforce Default Provisions, Docket # 386-1. Debtor Eyman's lack of credibility as to his ability to fundraise and his financial resources confirms he should not be afforded the protections of a Chapter 11 bankruptcy without a trustee in place and should not have the debtor-in-possession role.

**B. Conversion is in the best interests of the creditors.**

Once a determination is made that cause exists for conversion, the court must decide whether conversion or dismissal is in the best interests of the creditors and the estate. *In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009) and *In re AVI, Inc.*, 389 B.R. at 729, citing *In re Nelson*, 343 B.R. 671, 675 (BAP 9th Cir. 2006). In this case, conversion is in the best interests of the creditors because it ensures the homestead exemption claimed on the Eyman home remains at $125,000, which was the statutory amount of the homestead exemption at the time of the filing of Debtor Eyman's bankruptcy petition. Wash. Rev. Code § 6.13.030 (2007). Under RCW 6.13.070, homestead value is fixed at the time of the petition date. Conversion does not alter the date the petition was filed, the date the case was commenced, or the date of the order for relief in the original case. 11 USC § 348(a); *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir 2005) and *In re First Protection, Inc.* 440 B.R. 821, 832 (9th Cir. BAP 2010). If the bankruptcy is dismissed, the homestead value will substantially increase under the amendment to the homestead statute that became effective on May 12, 2021. Wash. Rev. Code § 6.13.030 (2021).

STATE'S MOTION FOR
CONVERSION TO CHAPTER 7

5

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 5 of 7

This will leave fewer assets available for distribution to creditors. Debtor Eyman should not be rewarded for his conduct of failing to fund his Chapter 11 plan and falsely proclaiming the State has prevented him from fundraising by a dismissal that will reward him with a larger homestead exemption.

In a motion for conversion, the bankruptcy court has an obligation to consider "what would happen to all creditors" when considering conversion or dismissal, so the possible change in the homestead value supports conversion. *In re Sullivan*, 522 B.R. 604, 613 (9th Cir. BAP 2014). Additionally, since Debtor Eyman has failed to cooperate with his creditors and has not been forthcoming concerning his fundraising efforts, Debtor Eyman lacks credibility and a trustee is needed to administer his estate to ensure assets are distributed to protect Eyman's creditors. Conversion will hopefully allow the creditors to receive some payment on their claims. If the case is converted, a Chapter 7 trustee would be appointed and be able to determine the available assets of Debtor Eyman. Due to the representations by Debtor Eyman that he has no financial resources, the unsecured creditors do not have an "avenue for prompt or meaningful payment outside a bankruptcy case" making conversion with the assistance of a trustee a benefit to these creditors. *Id*. at 613. Since the Plan provisions vest the Eyman home and all exempt real and personal property of the Debtor into the Chapter 7 estate, a Chapter 7 trustee will have the ability to administer these assets and make distributions to the creditors.

## V. CONCLUSION

In conclusion, Debtor Eyman is in default under the bankruptcy plan and there is cause to convert this case to Chapter 7 under 11 U.S.C. § 1112(b)(4)(A), (M) and (N). Conversion rather than dismissal is in best interests of the creditors. The State also renews the request to file an abstract of the judgment obtained in *State of Washington v. Tim Eyman, et al.*, Thurston County Superior Court case no. 17-2-01546-34 in Snohomish and King Counties.

\ \ \

STATE'S MOTION FOR
CONVERSION TO CHAPTER 7

6

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 6 of 7

DATED this 23rd day of November, 2021.

ROBERT W. FERGUSON
Attorney General

/s/ Susan Edison

---

SUSAN EDISON, WSBA No. 18293
  *Assistant Attorney General*
DINA YUNKER FRANK, WSBA No. 16889
  *Assistant Attorney General*
ERIC S. NEWMAN, WSBA No. 31521
  *Assistant Attorney General*
Attorneys for the State of Washington

STATE'S MOTION FOR CONVERSION TO CHAPTER 7 — 7

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 392    Filed 11/23/21    Ent. 11/23/21 15:45:06    Pg. 7 of 7