IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | No. 18-14536-MLB |
| TIMOTHY DONALD EYMAN, | GOODSTEIN LAW GROUP'S MOTION TO SHORTEN TIME & TO STRIKE PORTIONS OF THE STATE'S REPLY TO RESPONSES TO MOTION TO CONVERT |
| Debtor. | |

## I. RELIEF REQUESTED

The Defendant Goodstein Law Group PLLC ("GLG") requests the Court to strike portions of the State of Washington's Reply to Responses to Motion to Convert (Dkt.#405) ("Reply"). Because hearing on the Motion which is the subject of the offending pleading is set for December 16, 2021, GLG also moves to shorten time. In sum, the Court should not allow the State to raise new allegations and material in its Reply that was not included in its Motion in chief. Here, (1) at Reply at 2:20-23 – the State tries to argue the required prong of "no likelihood of rehab" in support of cause for conversion for the first time, and (2) at Reply 5:21-7:20, the State adds wholly new allegations on the argument of whether the Eyman house is a community asset or not. The first information is raised too late, the second category of information is irrelevant to the Motion to Convert. The Court should decline to consider the offending material in the

GOODSTEIN LAW GROUP'S MOTION
TO STRIKE PORTIONS OF THE STATE'S
REPLY TO RESPONSE TO MOTION TO
CONVERT

Page 1 of 3

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA 98405
(253) 779-4000
(253) 779-4411(fax)

Reply, as well as DKT#405.1-405.4 Declaration of Perkins and attached exhibits

as well as Declaration of Susan Edison, DKT#405.5-405.7, and attached

exhibits.

## II. FACTS

The State Filed a Motion to Convert to Chapter 7, DKT#392.  In its

Response in opposition DKT# 403, GLG pointed out that the State's Motion fails

because the State had not addressed both of the two prongs required to support

the conversion:

> "… "cause" under § 1112(b)(4)(A) requires a two-part inquiry:
>
> (1) whether after the commencement of the case, the debtor has suffered
> or continued to experience a negative cash flow, or, alternatively,
> declining asset value; **and**
> (2) whether there is any reasonable likelihood that the debtor, or some
> other party, will be able to stem the debtor's losses and place the
> debtor's business enterprise back on a solid financial footing within a
> reasonable amount of time.
>
> ….Both tests must be satisfied in order for cause to exist under §
> 1112(b) (4)(A). The State fails to meet its burden to establish the 2nd
> required prong, in fact, the State fails to address this point at all,
> another omission fatal to its Motion."[1]

## III. ANALYSIS

The State tries to correct its fatal omission in its Response, by referencing

and arguing that certain Debtor statements show Debtor has continuing loss and

no likelihood of rehabilitation. This showing appearing first in Reply comes too

late.[2] *Miller v. Mesa Broadcasting Co.,* 852 F.2d 1289 (9th Cir. 1988). Also, the

---

[1] GLG Response in Opposition DKT# 403 at 3:13-4:12.
[2] "We grant Miller's motion to strike that portion of the reply brief that raises the burden of proof issue for the first time." See also: *U.S. v. Scott,* 26 F.3d 135 (9th Cir. 1994). "The government moved to strike this footnote because it raised an issue not properly raised below or in Scott's opening brief. … The motion is granted." .

GOODSTEIN LAW GROUP'S MOTION
TO STRIKE PORTIONS OF THE STATE'S
REPLY TO RESPONSE TO MOTION TO
CONVERT

Page 2 of 3

Goodstein Law Group, PLLC
501 South G Street
Tacoma WA  98405
(253) 779-4000
(253) 779-4411(fax)

1  State's characterization is wrong. A statement that one does not have "any

2  income"[3] is a snapshot of current events and does not support a future state

3  where there is "no likelihood of rehabilitation".  The Court should strike the late

4  material. The State fails its burden to show cause. The Motion to convert should

5  be denied.

6          Next, at its Reply 5:21-7:20[4], the State adds wholly new allegations and

7  stuffs the record with extensive material on the argument of whether the Eyman

8  house is a community asset or not. The State does not even try to link these

9  materials to its conversion motion or show relevance.[5] The Court should

10 disregard and strike.

11         RESPECTFULLY SUBMITTED this 15th day of December, 2021.

12                                          GOODSTEIN LAW GROUP PLLC

13                                          /s/Carolyn Lake_____
                                            WSBA # 13980
14                                          Attorneys for
                                            Goodstein Law Group PLLC
15

16 Copies of this Response to State Motion have been served on all parties via the

   Court's CM/ECF Noticing System, or on the addresses on the attached Matrix if
17
   not on said system. DATED this 15th day of December 2021.
18

19                                          /s/ Carolyn Lake_____
                                            Carolyn Lake, WSBA #13980
20                                          Attorneys for Goodstein Law Group
                                            PLLC
21    _____

22 [3] State Reply at Reply DKT #405 at 2:20-23.
   [4] As well as DKT#405.1-405.4 Declaration of Perkins and attached exhibits as well as Declaration of Susan Edison,
   DKT#405.5-405.7.
23 [5] "Furthermore, like all evidence, in order to be properly admitted…. must be relevant ….". *United States v. Brooke*, 4 F.3d
   1480, 1483 (9th Cir.1993)." *U.S. v. Shortman,* 125 F.3d 860 (9th Cir. 1997)

24   GOODSTEIN LAW GROUP'S MOTION        Page 3 of 3       Goodstein Law Group, PLLC
     TO STRIKE PORTIONS OF THE STATE'S                    501 South G Street
     REPLY TO RESPONSE TO MOTION TO                       Tacoma WA  98405
     CONVERT                                              (253) 779-4000
                                                          (253) 779-4411(fax)

Label Matrix for local noticing
0981-2
Case 18-14536-MLB
Western District of Washington
Seattle
Wed Dec 15 16:38:06 PST 2021

Susan M Edison
WA Attorney General's Office
Bankruptcy & Collections
800 Fifth Ave, Ste 2000
Seattle, WA 98104-3188

Karen Eyman
11913 59th Ave W
Mukilteo, WA 98275-5569

Timothy Donald Eyman
11913 59th Ave W
Mukilteo, WA 98275-5569

Larry B. Feinstein
Larry B. Feinstein
2033 Sixth Avenue
Ste 251
Seattle, WA 98121-2526

Dina Yunker Frank
Attorney General of Washington
Bankruptcy and Collections
800 Fifth Ave, Ste 2000
Seattle, WA 98104-3188

Seth Goodstein
ROI Law Firm, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403-2143

Gregor A Hensrude
Klinedinst PC
701 Fifth Avenue
Suite 1220
Seattle, WA 98104-7007

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

PC Klinedinst
Klinedinst PC
701 5th Ave.
Ste. 1220
Seattle, WA 98104-7007

Klinedinst PC
c/o Daniel Agle, Esq.
501 W Broadway, 6th Floor
San Diego, CA 92101-3536

Klinedinst, PC
701 Fifth Avenue, Suite 1220
Seattle, WA 98104-7007

Carolyn A Lake
Goodstein Law Group PLLC
501 South G Street
Tacoma, WA 98405-4715

Robert M. McCallum
Lesourd & Patten, P.S.
20 Sixth Ave NE
Issaquah, WA 98027-3428

Thomas D. Neeleman
Neeleman Law Group
1904 Wetmore, #200
Everett, WA 98201-6110

Eric S Newman
Office of the Attorney General
800 Fifth Ave, Ste 2000
Seattle, WA 98104-3188

Gretchen Sand
PO Box 6503
Kennewick, WA 99336-0627

Kathryn Scordato
Vortman & Feinstein
2033 6th Ave, Suite 251
Seattle, WA 98121-2526

Martin L. Smith
700 Stewart St Ste 5103
Seattle, WA 98101-4438

State of Washington Attorney
General's Office
Attn: Linda Dalton
PO Box 40100
Olympia, WA 98504-0100

Marc S. Stern
1825 NW 65th Street
Seattle, WA 98117-5532

Laurie M Thornton
Office of the U.S. Trustee
700 Stewart Street
Seattle, WA 98101-4439

United States Trustee
700 Stewart St Ste 5103
Seattle, WA 98101-4438


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Goodstein Law Group PLLC

(u)David Hawthorne

(u)Hawthorne and Co

(u)Law Offices of Paul L Schneiderman     (u)Robert McCallum     (u)Richard B Sanders

(u)State of Washington     (u)Carol Williams

| End of Label Matrix | |
|---|---|
| Mailable recipients | 22 |
| Bypassed recipients | 8 |
| Total | 30 |