| | |
|---|---|
| Schweet Linde & Coulson, PLLC<br>575 S. Michigan St.<br>Seattle, WA 98108<br>P: (206) 275-1010 F: (206) 381-0101 | Honorable Judge Marc Barreca<br>Location: Zoom (instructions below)<br>Hearing Date: March 9, 2022<br>Hearing Time: 10:00 a.m.<br>Response Due: March 2, 2022 |

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-14536-MLB<br><br>TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS; NOTICE OF HEARING THEREON, AND CERTIFICATE OF SERVICE |

## I. HEARING NOTICE

TO: CLERK OF THE BANKRUPTCY COURT
TO: TIMOTHY DONALD EYMAN, DEBTOR
TO: LARRY B. FEINSTEIN, COUNSEL FOR DEBTOR
TO: KAREN EYMAN, DEBTOR'S NON-FILING SPOUSE
TO: MARC STERN, COUNSEL FOR KAREN EYMAN
TO: U.S. TRUSTEE

PLEASE TAKE NOTICE that Virginia Burdette ("Trustee"), solely in her capacity as the duly appointed Chapter 7[1] Trustee in the above captioned proceeding has filed a motion seeking an order (1) denying or limiting the claimed homestead exemption in the above captioned proceeding asserted by Timothy Donald Eyman ("Debtor") on real property located at 11913 59th Ave. W., Mukilteo, WA 98275 ("Real Property"), (2) denying any homestead exemption to Karen Eyman ("Mrs. Eyman") on the estate's interest in the Real Property, and (3) extending the time for her to file further objections to exemptions for 90 days pursuant to FRBP 4003(b)(1).

The Motion is set for hearing as follows:

---

[1] Any chapter or section references in this objection is to the United States Bankruptcy Code, 11 U.S.C. §§101-1532 unless otherwise noted herein.

OBJECTION TO DEBTOR'S EXEMPTIONS - 1

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

| Judge: Honorable Marc Barreca | Time: 10:00 A.M. |
|---|---|
| **Place of Hearing:**<br>Zoom<br>https://www.zoomgov.com/j/1607704823?pwd=TUYxditUQ211OWdNeXVuYlZ5bTdBUT09<br>Meeting ID: 160 770 4823<br>Passcode: 781136<br>One tap mobile<br>+16692545252,,1607704823# US (San Jose)<br>+16692161590,,1607704823# US (San Jose)<br><br>Dial by your location<br>+1 669 254 5252 US (San Jose)<br>+1 669 216 1590 US (San Jose)<br>+1 646 828 7666 US (New York)<br>+1 551 285 1373 US<br>Meeting ID: 160 770 4823 | Date: March 9, 2022 |

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned NOT LATER THAN THE RESPONSE DATE, which is **March 2, 2022**, as indicated above. If you file a response, then you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE, and strike the hearing.

## II. RELIEF REQUESTED

COMES NOW the Trustee, and files this Objection ("Objection") to the Amended Exemptions Asserted by Debtor in his amended Schedule C, Dkt. 427 at 11-13. Further, the Trustee requests an extension of time to object to the Debtor's exemption pursuant to FRBP 4003(b)(1).

## III. FACTUAL SUMMARY

1. Debtor voluntarily commenced this proceeding as a Chapter 11 on November 28, 2018 ("Petition Date"). *ECF Dkt. No. 1*.

OBJECTION TO DEBTOR'S EXEMPTIONS - 2

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

2. Though Debtor was married on the Petition Date, his spouse, Mrs. Eyman, did not join in the filing of the bankruptcy petition. *Id.*

3. The Debtor was able to confirm a Chapter 11 plan on April 8, 2020. Dkt. 275.

4. This proceeding was converted from a Chapter 11 proceeding to a proceeding under Chapter 7 by order of this Court on December 17, 2021. Dkt. 408.

5. Trustee was appointed by order of this Court the same day the order converting the case was entered. Dkt. 409.

6. Debtor was ordered to file post-conversion schedules the same day the order converting the case was entered. Dkt. 412.

7. Debtor filed his post-conversion schedules ("Schedules") on January 1, 2022. Dkt. 427.

8. In the Schedules, Debtor listed Real Property valued at $950,000.

9. Debtor states his interest in the Real Property is "Fee Simple", and includes the following additional information:

> Title in the name of Donald and Karen Eyman, husband and wife. Wife not in bankruptcy and she claims the current statutory homestead of $549.000. Ownership disputed by wife. *Schedules* at 4.

10. In the Schedules, Debtor asserted an exemption in the Real Property as "100% of fair market value, up to any applicable statutory limit" under RCW 6.13.010, 020, and 030 (collectively hereinafter "Homestead RCWs"). *Schedules* at 11.

11. In the initial Chapter 11 petition, Debtor indicated there were no claims secured by the Real Property. Dkt. 1 at 27.

12. The Debtor reaffirmed the information in the Chapter 11 petition was accurate in the Schedules. *Schedules* at 1.

OBJECTION TO DEBTOR'S EXEMPTIONS - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 432    Filed 02/07/22    Ent. 02/07/22 13:06:12    Pg. 3 of 8

13. Prior to the conversion of this matter the State of Washington commenced an adversary proceeding ("Adversary Proceeding") to determine that the Real Property was property of the bankruptcy estate. *See generally State of Washington, et.al. v. Eyman, et.al.* Case No. 21-01041.

14. The Trustee was permitted to intervene in the Adversary Proceeding by order of this Court on January 21, 2022. *Adversary Proceeding* Dkt. 51.

15. The Trustee conducted the §341(a) Meeting of Creditors in this converted case on January 25, 2022.

16. On the Petition Date, the exemption available under the Homestead RCWs was $125,000.00.

17. The Trustee seeks an order disallowing the exemption Debtor asserted over the Real Property in the Schedules, or, in the alternative, an order fixing the exempt amount at $125,000.00.

18. While the Trustee has completed the Meeting of Creditors in this case, the Trustee expects to need to conduct a 2004 Exam of at least the Debtor, and potentially other parties to complete her statutory duty to investigate the existence of non-exempt assets.

### IV. ARGUMENT

**a. Debtor is limited to a homestead exemption of $125,000 in equity that existed at on the Petition Date.**

A debtor is entitled to claim exemptions in property of the estate that is exempt under state law ". . . on the date of the filing of the petition . . ." §522(b)(3)(A). When a case is converted, the conversion does not change, *inter alia*, the date of the filing of the petition. §348(a) *see also Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018) ("A debtor's exemptions

OBJECTION TO DEBTOR'S EXEMPTIONS - 4

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 432    Filed 02/07/22    Ent. 02/07/22 13:06:12    Pg. 4 of 8

have long been fixed at 'the date of the filing of the [bankruptcy] petition"). On the Petition Date, the homestead exemption in Washington was limited to $125,000 for an individual or a community, and limited the exemption to pre-petition value in a homestead. *Rigby v. Wilson*, 909 F.3d at 311.

The Debtor appears to be attempting to exempt the full $950,000[2] in equity in the Real Property through the asserted exemption. To the extent the Debtor is attempting to exempt more than the $125,000 the Debtor and the marital community of the Debtor and Mrs. Eyman are entitled to, the exemption should be disallowed. In the alternative, the Court should enter an order fixing the dollar amount of the Debtor's exemption at $125,000.

    **b. Mrs. Eyman is not entitled to an exemption above and beyond what the Debtor can assert.**

        *i. A named debtor is the only party that can claim exemptions in the first instance.*

A "debtor" is a ". . . (P)erson or municipality concerning which which a case under this title has been commenced." §101(13). An individual **debtor** may claim property of the estate as exempt. §522(b)(1) *emphasis added*. Only if a debtor fails to elect exemptions can another party, limited to a dependent of the debtor, claim an exemption in property of the estate. Fed. R. Bankr. Pro. 4003.

In this case, Mrs. Eyman is not a "debtor", and the Debtor has filed a claim of exemptions. The only exemptions applicable to property of this bankruptcy estate are those claimed by the Debtor in his initial petition, or as properly amended[3]. As a result, the only exemption available in the Real Property are those asserted by the Debtor, and only as allowed

---

[2] The Trustee disputes this valuation of the Real Property. The Trustee believes the value of the Real Property is approximately $1,200,000

[3] There is no indication on the docket that the amended exemptions filed as part of the Schedules were ever served on parties in interest.

OBJECTION TO DEBTOR'S EXEMPTIONS - 5

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

without objection. To the extent the note regarding the Real Property in the schedules is an attempt by Mrs. Eyman to claim an exemption, the Court should enter an order disallowing the same as Mrs. Eyman is not entitled to claim exemptions over property of the estate.

      ii. *Mrs. Eyman is not entitled to a separate exemption on the community's interest in the Real Property.*

Members of a marital community are not allowed to claim separate homestead exemptions if the result is to work an increase in the net amount of a homestead exemption available. RCW 6.13.020 NEED CITATION FOR FORMER EXEMPTION STATUTE. This limitation remains true after the 2021 amendment to Washington's homestead statutes. *See* RCW 6.13.020.

To the extent the notation contained in the Schedules regarding Mrs. Eyman is claiming an exemption in the Real Property that is separate from the community's exemption already asserted by Debtor, the Trustee objects, and requests an order disallowing any exemption claim by Mrs. Eyman in the Real Property that is in addition to the exemption allowed to the Debtor.

    **c. The Trustee requests an additional 90-days to bring further objections to exemptions to allow her time to complete her investigation of assets.**

Objections to exemptions are due within 30 days of the conclusion of the meeting of creditors. Fed. R. Bankr. Pro. 4003(a)(1). A court, for cause, may extend that deadline if the request is made prior to the expiration of the 30 days. *Id.*

This case resulting from a conversion has complicated the Trustee's investigation of the Debtor's assets. Not only are there issues regarding what is and is not property of the estate due to the Debtor having confirmed a Chapter 11 plan, but the Trustee has also had to get up to speed and intervene in the Adversary Proceeding. The Trustee believes she will need to take a 2004 exam of the Debtor, and potentially other entities. To accommodate her investigation requests an

OBJECTION TO DEBTOR'S EXEMPTIONS - 6

***Schweet Linde & Coulson, PLLC***
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 18-14536-MLB    Doc 432    Filed 02/07/22    Ent. 02/07/22 13:06:12    Pg. 6 of 8

additional 90-days to complete her investigation, and permit her, on notice, to seek a further extension of the deadline to object to exemptions for cause.

V. PRAYER FOR RELIEF

For the reasons stated above, the Trustee respectfully requests this Court enter an order (1) denying the asserted exemption of the Debtor in the Real Property; (2) denying Mrs. Eyman's exemption in the Real Property to the extent it seeks to exempt the community's interest in the Real Property over and above the exemption the Debtor has already asserted; and (3) extending the Trustee's deadline to object to exemptions for 90 days. In the alternative, the Trustee requests this Court enter an order fixing the exemption on the community's interest in the Real Property at $125,000 and extending the deadline to object to exemptions for 90 days.

Respectfully submitted this 7th day of February, 2022.

**SCHWEET LINDE & COULSON, PLLC**

**/s/Michael M. Sperry**
Michael M. Sperry, WSBA#43760
Thomas S. Linde, WSBA#14426
Latife H. Neu, WSBA#33144
Attorney for Virginia Burdette, Chapter 7 Trustee

CERTIFICATE OF SERVICE

I, Michael M. Sperry, hereby certify that, on the date below, a true and correct copy of the foregoing document will be delivered to the following by the Court's CM/ECF system:

Susan M Edison on behalf of Counter Defendant State of Washington
BCUEdison@atg.wa.gov

Larry B. Feinstein on behalf of Debtor Timothy Donald Eyman
1947feinstein@gmail.com, kpscordato@gmail.com;feinsteinlr71744@notify.bestcase.com

Dina Yunker Frank on behalf of Counter Defendant State of Washington
BCUYunker@atg.wa.gov

Seth Goodstein on behalf of Spec. Counsel Goodstein Law Group PLLC
sethg@roilawfirm.com, sethgoodstein@yahoo.com

OBJECTION TO DEBTOR'S EXEMPTIONS - 7

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 432    Filed 02/07/22    Ent. 02/07/22 13:06:12    Pg. 7 of 8

Gregor A Hensrude on behalf of Creditor PC Klinedinst
ghensrude@klinedinstlaw.com, rcurtis-stroeder@klinedinstlaw.com;asoldato@klinedinstlaw.com

Carolyn A Lake on behalf of Defendant Goodstein Law Group PLLC
clake@goodsteinlaw.com

Robert M. McCallum on behalf of Spec. Counsel Robert McCallum
jbonwell@lesourd.com

Eric S Newman on behalf of Counter Defendant State of Washington
Eric.Newman@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Eric S Newman on behalf of Interested Party State of Washington
ericn@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Kathryn Scordato on behalf of Debtor Timothy Donald Eyman
kpscordato@gmail.com, 1947feinstein@gmail.com

Martin L. Smith on behalf of US Trustee United States Trustee
martin.l.smith@usdoj.gov, Young-Mi.Petteys@usdoj.gov;Martha.A.VanDraanen@usdoj.gov;Brian.B.Braun@ust.doj.gov

Marc S. Stern on behalf of Cross-Claimant Karen Eyman
office@hutzbah.com, marc@hutzbah.com;tanya@hutzbah.com

Laurie M Thornton on behalf of US Trustee United States Trustee
laurie.m.thornton@usdoj.gov, martha.a.vandraanen@usdoj.gov;Young-Mi.petteys@usdoj.gov

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Signed at Kent, Washington on February 7, 2022.

*/s/ Michael M. Sperry*
Michael M. Sperry

OBJECTION TO DEBTOR'S EXEMPTIONS - 8

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101