The Honorable Marc L. Barreca
Chapter 7
Hearing Location: via ZoomGov
Hearing Date/Time: March 23, 2022 at 10:00 AM
Response Due: March 16, 2022
Replies Due: March 18, 2022

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | NO. 18-14536-MLB |
| TIMOTHY DONALD EYMAN, | STATE OF WASHINGTON'S OBJECTION TO: |
| Debtor. | 1) GOODSTEIN LAW GROUP'S FIFTH APPLICATION FOR COMPENSATION; AND, |
| | 2) VORTMAN & FEINSTEIN'S FINAL APPLICATION FOR COMPENSATION FOR APRIL 8, 2020 TO DECEMBER 17, 2021 |

The State objects to Goodstein Law Group's (Goodstein Law) Fifth Application for Compensation claiming $67,852.45 in attorneys' fees and costs incurred post confirmation from April 29, 2021 until conversion to Chapter 7 on December 17, 2021.[1] The State objects to $5,302.50 of these fees and costs billed by Goodstein Law for the failed and then abandoned effort moving for recusal of the Supreme Court's Commissioner. Declaration of Todd Sipe in Support of State of Washington's Objection (Sipe Decl.). Also, for the first time, Goodstein Law refers to its attorneys' fees and costs in its briefing as constituting an administrative claim. This is incorrect. Goodstein Law does not have an administrative claim.

---

[1] Goodstein Law has filed a claim for $326,477.25 for attorneys' fees and costs. This amount seems to encompass the fees requested in Goodstein Laws' second (part of), third, fourth and fifth Orders awarding fees that were post confirmation and almost entirely for work performed post-confirmation. Docket ## 242, 294, 316, 347 and 439 summarized in Docket #440, pg. 4. The first application for attorneys' fees and costs for $118,608.52 was approved on March 4, 2020 and paid by Debtor Eyman in March 2020. Docket # 279, pg. 8. Goodstein Law was then paid $41,828 by Debtor Eyman in the third quarter of 2021 which covered almost the entire amount of compensation awarded in the second request for compensation. Docket #396, pg. 2.

STATE OF WASHINGTON'S OBJECTION TO
REQUESTS FOR ATTORNEYS' FEES

1

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 444    Filed 03/16/22    Ent. 03/16/22 14:46:05    Pg. 1 of 6

The State also objects to Vortman & Feinstein's (Feinstein) Final Application for compensation for attorneys' fees and costs for $23,392.10 of which $15,279.60 was paid by Debtor Eyman without court approval in the third quarter of 2021. Docket #396, pg. 2. The final amount now requested by Feinstein is $8,112.50 or 34% of the fees. These attorneys' fees and costs were incurred between confirmation on April 8, 2020 and conversion on December 17, 2021. Feinstein is requesting 65.5 hours of time for his work during this time period and the State objects to 30.6 hours of that time. Feinstein bills for time spent responding to the State's Motion for Relief from Stay (8.3 hours) and the Adversary Action (11.2 hours). Docket #441. The State was forced to file the motion and the adversary only because of the unlawful lien placed by Feinstein on the Eymans' Mukilteo house.[2] Feinstein withdrew its lien only after both were filed. Additionally, Feinstein incurred 11.1 hours responding to the State's Motion to Appoint a Trustee and for Conversion to Chapter 7. These motions were necessary due to Feinstein's own client's default under the Chapter 11 Plan.

1. <u>The Firms' Requested Fees do not Constitute an Administrative Claim</u>.

The State objects to both Goodstein Law and Feinstein characterizing their requested attorneys' fees and costs as administrative claims. This is incorrect under the provisions of the bankruptcy code and the plan in this case. The provisions in the plan that govern administrative claims are as follows:

> **Section 3.01** <u>Administrative Claims</u>. "Administrative Claim" means a claim for payment of costs and expenses of administration pursuant to 11 U.S.C. § 503(b), including: (i) the actual and necessary costs and expenses incurred on or after the petition date and through the Effective Date; (ii) compensation and reimbursement for legal, accounting, and other professional services that have been allowed pursuant bankruptcy court order; (iii) all fees and charges assessed against the Estate pursuant 28 U.S.C. § 1930; (iv) all other Claims entitled to Administrative Claim status pursuant to an order of the bankruptcy court; and (v) the post-petition claims of the State that are to be paid pursuant to this Court's order dated November 27, 2019 (ECF #180).

---

[2] Goodstein Law also recorded two liens in violation of the confirmed plan and stay, but it did not include in its claim time spent responding to the State's Motion for Relief from Stay and its Adversary Action.

STATE OF WASHINGTON'S OBJECTION TO
REQUESTS FOR ATTORNEYS' FEES

2

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 444    Filed 03/16/22    Ent. 03/16/22 14:46:05    Pg. 2 of 6

> **Section 3.03** <u>Treatment</u>. Each holder of an Administrative Claim, allowed under § 503 of the Code, including the administrative claim of the State of Washington, will be paid within three business days of the Effective Date of the Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim, or as otherwise provided in this Plan.
>
> **Section 6.10** <u>Order of Distributions</u>. The Debtor shall first pay the administrative claims allowed by the court at the time of confirmation. Thereafter, monthly payments will be made on the Class 1 claims until paid in full as set out in the plan.

To file and pay an administrative expense claim, the Bankruptcy Code requires as a pre-condition to plan confirmation that attorney fees be paid in cash on the effective date of the plan unless the claimant "has agreed to a different treatment of such claim." 11 U.S.C. §1129(a)(9). Here, the plan states that all administrative claims will be paid within 3 business days of the "Effective Date of the Plan". There are no "other terms" regarding payment in the plan. The plan is clear that Debtor Eyman shall first pay the administrative claims at the time of confirmation and then pay the Class 1 claims as set out in the plan. Under the plan, the administrative claims were paid within 3 business days of the Effective Date. There was no provision in the plan for payment of fees to Goodstein Law and Feinstein as administrative claims after the Effective Date. On that basis, neither firm has an administrative claim for attorneys' fees and costs owed for work performed after the Effective Date.

Courts have confirmed this analysis. In *In re Benjamin Coal Company*, 978 F.2d 823, 826 (3rd Cir. 1992), the Court determined that after plan confirmation, an administrative expense claimant "had only an unsecured non-priority contractual claim based on the terms of the plan". *Id.* at 826. Although the creditor in *Benjamin* was not a professional retained under §327, this same rule applies to professionals. See *In re Penn State Clothing Corp*., 204 B.R. 161, 164 (Bktcy. E.D. Pa 1997). In *In re Penn State Clothing Corp,* the court agreed with the analysis in *In re Benjamin Coal Company* finding that "Chapter 11 Administrative claims lose their priority upon conversion" and simply become an unsecured claim. *Id.* at 164. Therefore,

STATE OF WASHINGTON'S OBJECTION TO REQUESTS FOR ATTORNEYS' FEES     3     OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 444    Filed 03/16/22    Ent. 03/16/22 14:46:05    Pg. 3 of 6

even if Feinstein and Goodstein Law could confirm they had an administrative claim while the Chapter 11 Plan was pending, those claims no longer exist after conversion.

Additionally, courts have granted payment of attorneys' fees and costs after confirmation as an administrative claim if the actions of the attorney helped to further the consummation of the plan provisions. *In re Sultan Corp.*, 81 B.R. 599, 602 (BAP 9th Cir. 1987). In *Sultan*, administrative costs and expenses were to be paid on the effective date of the plan. However, the court found that the plan contemplated post-confirmation attorneys' fees concerning the sale of property. This finding supported the court's decision to award post-confirmation fees as an administrative claim and the court's decision was affirmed. *Id.* at 602. In granting post-confirmation fees, the court determined "post-confirmation legal services were performed in aid of the consummation of the plan and pursuant to its directives. Because the plan's distribution to creditors was to be the result of the sale of the subject property…such fees were contemplated by the plan, the fees must be administrative expenses." *Id*.

None of the legal services now claimed by Feinstein and Goodstein Law assisted with consummation of the plan provisions. Goodstein Law does not represent Debtor Eyman in the bankruptcy, so clearly any actions by Goodstein Law had nothing to do with plan consummation. As to Feinstein, over two thirds of its fees incurred post confirmation were paid without court approval by Debtor Eyman. Over half of Feinstein's post confirmation work was due to it placing an unlawful lien on the Eymans' Mukilteo house or Debtor Eyman defaulting on the bankruptcy plan. The fees claimed by Feinstein did not contribute to the plan's consummation. In fact, the fees Feinstein seeks as administrative expenses were incurred after confirmation and through Feinstein's effort to bootstrap its own claim above those of the creditors in the bankruptcy or in defending his client after he defaulted under the provisions of the bankruptcy plan. As such, Feinstein is not entitled to administrative priority for its remaining attorneys' fees and costs.

STATE OF WASHINGTON'S OBJECTION TO REQUESTS FOR ATTORNEYS' FEES

4

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 444    Filed 03/16/22    Ent. 03/16/22 14:46:05    Pg. 4 of 6

### 2. Goodstein Laws' fees are not reasonable and should be reduced.

Section 330(a)(3) provides that, in determining the reasonableness of any compensation to be awarded, the court "shall consider" the extent and the value of such services, taking into account all relevant factors listed in (A-F) including:

- the time spent on such services;
- the rates charged for such services;
- whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of the case;
- whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
- with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
- whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases.

Subsection (a)(4) disallows compensation for "unnecessary duplication of services; or services that were not reasonably likely to benefit the debtor's estate or not necessary to the administration of the estate".

The time spent by Goodstein Law bringing a motion for the Washington State Supreme Court's Commissioner to recuse himself, which was denied on a procedural basis and then later withdrawn by Goodstein Law did not benefit the estate and the fees related to this time should be denied. In his Declaration, Assistant Attorney General Todd Sipe relates the events of the failed and then abandoned effort moving for recusal of the Supreme Court's Commissioner. The recusal motion set forth Goodstein Law's and Debtor Eyman's displeasure with a single sentence of the Commissioner's ruling denying Eyman's motion for a stay, after said ruling was upheld by Department I of the Washington Supreme Court. Sipe Decl. Exhibit D. Four days later, on December 14, 2021, the Supreme Court's Commissioner denied Debtor Eyman's recusal motion stating that Debtor Eyman had failed to "persuasively show that any reasonable person

STATE OF WASHINGTON'S OBJECTION TO
REQUESTS FOR ATTORNEYS' FEES

5

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 444    Filed 03/16/22    Ent. 03/16/22 14:46:05    Pg. 5 of 6

examining the entirety of the ruling would question the authoring commissioner's impartiality." Sipe Decl. Exhibit E.

On January 12, 2022, Debtor Eyman by Goodstein Law filed a motion to modify the Commissioner's December 14, 2021 Order Denying Recusal with the Washington State Supreme Court. Sipe Decl., Exhibit F. On February 1, 2022, the State filed its response to Debtor Eyman's January 12, 2022 motion to modify requesting that the Washington State Supreme Court deny the motion and "consider admonishing [Debtor Eyman's] counsel that making baseless accusations in the future risks sanctions" Sipe Decl. Exhibit G. On February 8, 2022, Debtor Eyman's counsel, Goodstein Law, filed a letter with the Clerk of the Washington Supreme Court requesting that their January 12, 2022 motion to modify be stricken. Sipe Decl. Exhibit H.

The attorney's fees and costs related to the failed and then abandoned effort moving for recusal of the Washington State Supreme Court's Commissioner should not be awarded. Additionally, the State requests that the Bankruptcy Court determine that the fees now being requested by Goodstein Law and Feinstein do not constitute an administrative cost under the bankruptcy code.

DATED this 16th day of March, 2022.

ROBERT W. FERGUSON
Attorney General

/s/ Susan Edison
_____
SUSAN EDISON, WSBA No. 18293
DINA YUNKER FRANK, WSBA No. 16889
ERIC S. NEWMAN, WSBA No. 31521
 *Assistant Attorneys General*
Attorneys for the State of Washington

STATE OF WASHINGTON'S OBJECTION TO REQUESTS FOR ATTORNEYS' FEES

6

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 444    Filed 03/16/22    Ent. 03/16/22 14:46:05    Pg. 6 of 6