In re: Timothy D. Eyman, Bankruptcy Case No. 18-14536-MLB

# EXHIBIT E

to Declaration of S. Todd Sipe
in Support of State's Objection
to Applications For Attorneys' Fees

FILED
SUPREME COURT
STATE OF WASHINGTON
12/14/2021
BY ERIN L. LENNON
CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Respondent, <br><br> v. <br><br> TIM EYMAN, et al., <br><br> Petitioners. | No. 1 0 0 0 4 0 - 5 <br><br> RULING DENYING MOTION TO RECUSE COMMISSIONER |

    Petitioner Tim Eyman filed a motion for my recusal from any further proceedings in the above-titled matter. The motion was directed to the Supreme Court generally but since ordinarily a recusal request is directed to the judicial officer from whom recusal is sought, the motion has come before me for determination. The recusal motion is denied for reasons explained below.

    Mr. Eyman is displeased with my ruling of September 14, 2021, denying his motion for a stay of a Thurston County judgment finding him in violation of the Fair Campaign Practices Act (FCPA), chapter 42.17A RCW, pending appeal, but also determining that portions of Mr. Eyman's appeal are timely. Mr. Eyman moved to modify the ruling pursuant to RAP 17.7, and included within that motion a request for my recusal from this case. Respondent, the State of Washington, moved to modify the part of my ruling agreeing with Mr. Eyman on the timeliness issue.

Department One of this court denied both motions to modify by way of an order issued on December 1, 2021. The order did not specifically mention Mr. Eyman's recusal request. On December 8 Mr. Eyman filed a motion for reconsideration of the order denying his motion to modify but the motion was rejected for filing because the Rules of Appellate Procedure prohibit such a pleading. RAP 12.4(a). On December 10 Mr. Eyman filed the instant recusal motion. Meanwhile, Mr. Eyman's appeal remains in this court pending a decision whether to retain it or transfer it to the Court of Appeals pursuant to RAP 4.2.

Mr. Eyman seeks my recusal "from further proceedings in this matter." Motion to Recuse at 1. The precise matter at the time of the ruling was Mr. Eyman's motion for a stay, which was denied on the basis there were no grounds justifying a stay under either RAP 8.1(b) or RAP 8.3. Department One of this court conducted a de novo review of that ruling before it denied Mr. Eyman's motion to modify it. *See State v. Rolax*, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985) (appellate court conducts de novo review of commissioner's ruling when deciding motion to modify). That order was final as to the motion for a stay. The recusal motion is therefore moot as to that specific issue.

It may be possible the State's case against Mr. Eyman will come before me again in relation to some unforeseen procedural motion, so in a broader sense the recusal request is not entirely moot. In relation to that request, Mr. Eyman is correct that a judge has a duty to recuse themselves from a proceeding where the judge's impartiality might reasonably be questioned. CJC 2.11A. Here, Mr. Eyman takes issue with a single sentence in the nine-page ruling concerning his apparent argument that he is equivalent to a charitable organization. *See State v. Eyman*, No. 100040-5 (ruling of Sep. 14, 2021). Mr. Eyman devoted a section of his motion to modify to disputing the wording of the ruling as to that issue and requested my recusal. Department One

of this court necessarily determined Mr. Eyman's arguments to be unpersuasive when it denied the motion to modify. If the court thought the ruling was problematic it could have granted the motion to modify. In any event, Mr. Eyman does not persuasively show that a reasonable person examining the entirety of the ruling would question the authoring commissioner's impartiality. To the contrary, the ruling is partially favorable to Mr. Eyman on the critical question of timeliness of his appeal.

In sum, Mr. Eyman fails to show that recusal from any potential future motions in this appeal is justified. Feedback offered by way of the recusal motion will be considered in the drafting of rulings in the future. In the meantime, Mr. Eyman can rest assured that this judicial officer will continue to be impartial toward him.[1]

The recusal motion is denied.

_____
COMMISSIONER

December 14, 2021

---

[1] The sentiments stated in footnote 1 of Mr. Eyman's motion are respectfully noted.