In re: Timothy D. Eyman, Bankruptcy Case No. 18-14536-MLB

# EXHIBIT F

to Declaration of S. Todd Sipe
in Support of State's Objection
to Applications For Attorneys' Fees

FILED
SUPREME COURT
STATE OF WASHINGTON
1/12/2022 4:15 PM
BY ERIN L. LENNON
CLERK

SUPREME COURT
OF THE STATE OF WASHINGTON

| | |
|---|---|
| TIM EYMAN AND TIM EYMAN WATCHDOG FOR TAXPAYERS LLC,<br><br>Appellants,<br>v.<br><br>STATE OF WASHINGTON,<br><br>Respondent. | No. 100040-5<br><br>APPELLANT'S MOTION TO MODIFY DECEMBER 14, 2021 COMMISSIONER ORDER DENYING RECUSAL |

## I. IDENTITY OF MOVING PARTY

Richard B. Sanders, attorney for Appellant Eyman, makes this motion.

## II. STATEMENT OF RELIEF SOUGHT

A. Recuse Commissioner from further proceedings in this matter.

B. Decide this Motion with oral argument and narrative opinion.

## III. REFERENCE TO RECORD

1. Motion for Stay Pending Appeal (7/30/21)
2. Respondent State of Washington's Answer to Motion for Stay Pending Appeal (8/23/21)
3. Reply of Appellant Eyman on Motion for Stay Pending Appeal (8/30/21)
4. Ruling Denying Motion for Stay Pending Appeal (9/14/21)

1

5. Motion to Modify September 14, 2021 Ruling Denying Stay Pending Appeal (10/13/21)
6. Respondent State of Washington's Amended Response (11/12/21)
7. Reply of Appellant Tim Eyman on Motion to Modify September 14, 2021 Ruling Denying Stay Pending Appeal (11/16/21)
8. Appellant's Motion to Recuse Commissioner (12/10/21)
9. Ruling Denying Motion to Recuse Commissioner (12/14/21)

### IV. GROUNDS FOR RELIEF AND ARGUMENT

Appellant's Motion to Recuse Commissioner fully and accurately sets forth the basis of this motion and references specifically pleadings in the record supporting every factual averment. The predicate for recusal arose in the context of appellant's motion for stay on appeal. Therein appellant discussed various debatable issues justifying a stay including Mr. Eyman's First Amendment constitutional right to solicit charitable donations for his personal expenses (Mr. Eyman has just as much of a First Amendment right to ask for financial assistance as any beggar on the street), and his constitutional privilege against disclosing the identity of his donors

2

[notwithstanding all donor identities had been disclosed pursuant to court order].

In response, the State claimed this argument was not raised before the trial court and thus could not be considered on appeal. The State also mockingly and falsely claimed Mr. Eyman was now pretending to be a charitable organization and therefore subject to all of the laws that regulated same. Appellant replied in writing to the Commissioner that the argument had indeed been fully briefed to the trial court on multiple occasions, most specifically his motion for reconsideration to the trial court. And that pleading was even attached for the Commissioner's information.

Notwithstanding, and with full actual or at least potential knowledge of the falsity of the government's claim, the Commissioner ruled:

> Mr. Eyman's fleeting argument for the first time on appeal that he is the equivalent of a charitable organization is not well taken. See RAP 2.5(a)(3) (an appellate court may consider an issue raised for the first time on appeal if it involves a manifest error affecting a constitutional right.)

The Commissioner cited no authority for this falsification of the record; and, other than the lie of the Attorney General, your undersigned is aware of none. Thereafter your undersigned moved the judges of this Court to modify the Commissioner's ruling. In response Attorney general Ferguson doubled down on his lie that the argument had not been presented to the trial court; after which a panel of this Court simply denied the motion without comment.

This motion to recuse followed. Although oral argument was requested pursuant RAP 17.5(a), the Commissioner denied the motion without affording Appellant that opportunity nor even requesting a response from Attorney General Ferguson. (A response from Attorney General Ferguson would probably have been counterproductive to the interest of the Commissioner.)

The order denying recusal characterized the motion as "Mr. Eyman takes issue with a single sentence in the nine-page ruling concerning his apparent argument that he is equivalent to

a charitable organization." Actually Mr. Eyman never argued he was the "equivalent to a charitable organization"; however, the basis for recusal *is* the Commissioner's ratification of the Attorney General's lie that the issue was not raised to the trial court. This is a serious matter.

The Commissioner's attempt to diminish the consequence of this intentional misrepresentation of the record as a "single sentence" is quite remarkable, as this false assertion (even in a single sentence) would rob Mr. Eyman of his ability to present the First Amendment charity issue for determination on the merits, contrary to his absolute right to do so on appeal. More to the point is the Commissioner's inherent refusal to call out Attorney General Ferguson for deliberately lying, and the Commissioner's ratification of that lie after the matter was brought directly to his attention, and he was even furnished the pleading to prove it.

This is not the first time the Attorney General has lied in this proceeding to the prejudice of Mr. Eyman and it will not be

the last if same continues to be an effective litigation tool. Judicial complicity is bad enough but actively enabling the lie by repeating it is inexcusable. This denies Mr. Eyman, or any similarly situated litigant, the process due which includes an honest proceeding before an impartial jurist.

At the trial court level Mr. Ferguson typically presented orders misstating the facts of the case for signature by the trial court and then publicized these misrepresentations through press releases designed to defame Mr. Eyman without benefit of civil remedy.

In his motion for reconsideration presented to the trial court, also in the record before this Court, it is detailed how the Attorney General suborned perjury in the declaration of his employee Tony Perkins that the state was prejudiced by being denied the identity of Mr. Eyman's donors while intentionally failing to disclose the fact the *state already had the canceled checks of each and every donor*, setting forth not only his or her name and address but the date and amount of each and every

6

donation. This lie resulted in the trial court's order of September 13, 2019 for "Non-monetary" relief characterizing Mr. Eyman as a "continuing political committee", not on the merits but as a discovery sanction for withholding *discovery already in the possession the attorney general.* A summary judgment followed based on this discovery order and ultimately resulted in the imposition of millions of dollars in fines against Mr. Eyman--all because of this lie. Yes, we *are* sensitive to government lies and judicial consequences!

As the facts related above subsequently became apparent, your undersigned presented them in a polite, reserved fashion to the trial court, all to no avail. And here we go again. Recalling the trial of the Chicago Seven, William Kunstler, we need you now!

Let us be clear, the Justices of this Court have an ethical duty to ensure parties are treated fairly by impartial jurists and have an ethical duty to ensure all judicial personnel including the Commissioner act with fidelity and diligence consistent with

their obligations under the CJC. This is required by CJC 2.12. Circling the wagons around dishonesty is *not* what is called for. In the opinion of your undersigned, dishonesty in the courtroom is the greatest challenge to justice in our day.

Although the Commissioner has been used as an expendable pawn by Mr. Ferguson, the Justices of this Court are asked to resolutely recognize the dishonesty of Attorney General Ferguson and defend the rights of Mr. Eyman, the victim of that dishonesty. This Court, and its Chief Justice, have shown courage and diligence in the past to shield litigants from the harmful effects and prejudice of racial and gender discrimination. Isn't it time to stand tall against the prejudice one experiences from old fashioned dishonesty, even when its origin is the government?

Lawyers such as your undersigned do not take addressing these matters lightly as the perception is often such cries of outrage evoke negative consequences for those who complain too loudly, as well as their clients who are the ultimate victims.

It is extremely difficult to prove judicial bias, however facts *can* be proven and here the facts which demonstrate dishonesty cannot be disputed.

In the words of I. F. Stone: "If you can remember two words: governments lie;" and Dylan Thomas: "Do not go gently into that good night…Rage, rage against the dying of the light." Dishonesty in the courts is not an option.

I certify that this Motion contains 1,326 words, in compliance with RAP 18.17(b).

Respectfully submitted this <u>12th</u> day of January 2022.

        GOODSTEIN LAW GROUP PLLC

        By: *s/Richard B. Sanders*
        Richard B. Sanders, WSBA # 2813
        Carolyn A. Lake, WSBA # 13980
        Counsel for Appellants

        ROIL LAW FIRM, PLLC

        By: *s/Seth S. Goodstein*
        Seth S. Goodstein, WSBA #45091
        Counsel for Appellants

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, I caused to be served the foregoing document on the following persons and in the manner listed below:

| | |
|---|---|
| S. Todd Sipe<br>Paul M Crisalli<br>Eric Newman<br>Attorney General of Washington<br>PO Box 40100<br>Olympia, WA 98501-0111<br>Email: Todd.Sipe@atg.wa.gov<br>paul.crisalli@atg.wa.gov<br>eric.newman@atg.wa.gov<br><br>Jessica Madeley, Paralegal<br>Email: Jessica.Madeley@atg.wa.gov<br><br>Jessica Buswell, Legal Assistant<br>Email: Jessica.Buswell@atg.wa.gov<br><br>Electronic Mailing Inbox<br>Email: ComCEC@atg.wa.gov | ☐ U.S. First Class Mail<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☑ Electronically via email |
| Mark Lamb<br>The North Creek Law Firm<br>12900 NE 180th Street, Ste. 235<br>Bothell, WA 98011<br>Email: mark@northcreeklaw.com | ☐ U.S. First Class Mail<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☑ Electronically via email |
| Joel B. Ard<br>Ard Law Group PLLC<br>PO Box 11633<br>Bainbridge Island, WA 98110<br>Email: joel@ard.law | ☐ U.S. First Class Mail<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☑ Electronically via email |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 12th day of January 2022 at Tacoma, Washington.

s/Deena Pinckney
Deena Pinckney

# GOODSTEIN LAW GROUP PLLC

## January 12, 2022 - 4:15 PM

## Transmittal Information

**Filed with Court:** Supreme Court
**Appellate Court Case Number:** 100,040-5
**Appellate Court Case Title:** State of Washington v. Tim Eyman et al.
**Superior Court Case Number:** 17-2-01546-3

**The following documents have been uploaded:**

- 1000405_Motion_20220112161353SC682945_1020.pdf
    This File Contains:
    Motion 1 - Modify Commissioners Ruling
    *The Original File Name was 220110.Eyman. Motion to Modify Recusal.pdf*

**A copy of the uploaded files will be sent to:**

- Jessica.Buswell@atg.wa.gov
- Todd.Sipe@atg.wa.gov
- clake@goodsteinlaw.com
- comcec@atg.wa.gov
- eric.newman@atg.wa.gov
- grace.summers@atg.wa.gov
- info@roilawfirm.com
- paul.crisalli@atg.wa.gov

**Comments:**

---

Sender Name: Deena Pinckney - Email: dpinckney@goodsteinlaw.com
    **Filing on Behalf of:** Richard B Sanders - Email: rsanders@goodsteinlaw.com (Alternate Email: dpinckney@goodsteinlaw.com)

Address:
501 South G Street
Tacoma, WA, 98405
Phone: (253) 779-4000

**Note: The Filing Id is 20220112161353SC682945**