In re: Timothy D. Eyman, Bankruptcy Case No. 18-14536-MLB

# EXHIBIT G

to Declaration of S. Todd Sipe
in Support of State's Objection
to Applications For Attorneys' Fees

FILED
SUPREME COURT
STATE OF WASHINGTON
2/1/2022 12:13 PM
BY ERIN L. LENNON
CLERK

NO. 100040-5

# SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>TIM EYMAN, et al.,<br><br>Appellants. | RESPONDENT STATE OF WASHINGTON'S RESPONSE TO APPELLANT'S MOTION TO MODIFY DECEMBER 14, 2021 COMMISSIONER ORDER DENYING RECUSAL |

## I.  INTRODUCTION

Tim Eyman's Motion makes baseless accusations against this Court's Commissioner, the Superior Court Judge in this case, and professional staff within the Attorney General's Office. Eyman's unsupported claims and disagreement with the Commissioner's rulings provide no legal or factual basis for the Commissioner's recusal. The Court should deny the motion and remind Eyman's counsel that repeating false statements in court does not make them true—it makes them sanctionable.

1

## II. RESPONSE TO MOTION TO MODIFY

While the State defers to the Court to assess when it is best to recuse in a particular case, Eyman's Motion offers no evidence that the Commissioner needed to recuse himself from this matter. Recusal is only warranted if the Commissioner's "impartiality might reasonably be questioned." *See* CJC 2.11(A); *State v. Davis*, 175 Wn.2d 287, 306, 290 P.3d 43 (2012), *abrogated on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018); *see also State v. Bilal*, 77 Wn. App. 720, 721, 725, 893 P.2d 674 (1995) (holding that recusal was not warranted where the defendant assaulted the judge in open court after the verdict was read but before sentencing). It "is an objective test that assumes that 'a reasonable person knows and understands all the relevant facts.'" *In re Disciplinary Proc. Against Sanders*, 159 Wn.2d 517, 524–25, 145 P.3d 1208 (2006). Eyman comes nowhere close to making this required showing.

The Commissioner's rulings in this matter have consistently been fair, reasoned, and impartial, appropriately

applying the law to the facts. This Court has repeatedly upheld those rulings, and should do so once again. There is no reason for the Commissioner to be recused. This is especially clear because, as the Commissioner pointed out, there is no motion before the Commissioner. It makes no sense to recuse the Commissioner when nothing is pending before him.

Even if this Court were to reach the substance of Eyman's most recent motion, his argument is hopelessly confusing. In his motion, Eyman takes issue with a single sentence in the Commissioner's denial of a stay in this case: "Mr. Eyman's fleeting argument for the first time on appeal that he is the equivalent of a charitable organization is not well taken." Ruling Den. Mot. for Stay Pending Appeal at 5. Confusingly, Eyman simultaneously asserts that he "never argued he was the 'equivalent to a charitable organization'" and also that the Commissioner wrongly stated "that the issue was not raised to the trial court." Appellant's Mot. to Modify Dec. 14, 2021

3

Comm'r Order Den. Recusal at 5. If Eyman never argued the issue, it follows that it was not raised to the trial court.

The record is clear that the Commissioner's challenged statement was correct. In his initial motion to stay the trial court's injunction, Eyman argued that his case presents debatable issues. One issue that Eyman identified was "the effect of the *Americans for Prosperity Foundation v. Bonta* decision [594 U.S. \_\_\_\_, 141 S. Ct. 2373, 210 L. Ed. 2d 716 (2021)]." Mot. for Stay Pending Appeal at 5–11. *Bonta*, a case that had been decided only days before Eyman filed the motion for a stay in this Court, concerned a California law that "charitable organizations must disclose to the state Attorney General's Office the identities of their major donors." 141 S. Ct. at 2379.

By invoking *Bonta*, Eyman appeared to analogize himself to a charitable organization. The State responded to this new issue, arguing that it was not adequately preserved below and also defective on the merits. Answer to Mot. for Stay Pending Appeal at 16–17. The Commissioner agreed that Eyman had not

4

preserved the issue of whether he is the equivalent of a charitable organization. Ruling Den. Mot. for Stay Pending Appeal at 5. In his current motion, Eyman also agrees that he "never argued he was the 'equivalent to a charitable organization.'" Mot. at 5.

The Commissioner's accurate observation in his ruling is not evidence of bias or a basis for recusal. In arguing otherwise, Eyman ignores the rest of the ruling, which carefully considered additional factors and rejected the State's argument that the appeal was untimely and should be dismissed. Ruling Den. Mot. for Stay Pending Appeal at 6–8. While Eyman may disagree with a sentence from the Commissioner's ruling, his displeasure hardly demonstrates bias.

Eyman's fundamental contention misunderstands the nature of the Commissioner's ruling. Eyman asserts—without explanation—that the sentence from the Commissioner's ruling "would rob Mr. Eyman of his ability to present the First Amendment charity issue for determination on the merits." Mot. at 5. Not at all. The Commissioner's ruling does not

5

preclude Eyman from making any merits argument. This Court will decide on the merits what issues Eyman has preserved for appeal and is not bound by the Commissioner's ruling that this issue was not preserved.

Eyman attempts to distract the Court with irrelevant, false, and inflammatory allegations. For example, Eyman impugns the State's investigator by alleging he committed perjury. Mot. at 6–7. But the evidence undisputedly shows that the State's investigator accurately testified that the State did not obtain deposit records (from third-parties, not Eyman) until after the superior court ordered non-monetary sanctions. Third Suppl. App. 744–48. And the State found additional bank records after moving for partial summary judgment. Falsely accusing someone else of lying provides no evidence that this Court's commissioner is biased. Mot. at 6–7.

Without even a single citation, Eyman also asserts—again falsely—that the State "typically presented orders misstating the facts of the case for signature by the trial court." Mot. at 6.

Eyman is, of course, free to challenge the trial court's findings of fact in his merits briefing, and the State will address his arguments at that time. But Eyman's insinuation that the superior court was somehow tricked into entering erroneous findings of fact or simply rubberstamped findings proposed by the State is unsupported by the record, offensive to the integrity of the judicial branch, and potentially sanctionable.

Eyman's assertion that the Commissioner is the State's "expendable pawn" is equally offensive. Mot. at 8. Eyman has no basis to make such a ludicrous statement, and his suggestion undermines the importance and reality of the separate, independent role of the judiciary. The record makes clear that the Commissioner carefully and impartially reviewed the factual and legal arguments, issuing careful and well-reasoned rulings.

Eyman's motion is "full of sound and fury," but with neither the facts nor the law on his side, it signifies nothing. WILLIAM SHAKESPEARE, MACBETH act 5, sc. 5, l. 28.

## III. CONCLUSION

The Court should deny Eyman's motion to modify and should consider admonishing his counsel that making such baseless accusations in the future risks sanctions.

This document contains 1,119 words, excluding the parts of the document exempted from the word count by RAP 18.17.

RESPECTFULLY SUBMITTED this 1st day of February 2022.

>ROBERT W. FERGUSON
>  *Attorney General*
>
> */s/ Paul M. Crisalli*
> PAUL M. CRISALLI, WSBA #40681
> S. TODD SIPE, WSBA #23203
>   *Assistant Attorneys General*
> ERIC S. NEWMAN, WSBA #31521
>   *Litigation Section Chief—Consumer*
>   *Protection Division*
> Paul.Crisalli@atg.wa.gov
> Todd.Sipe@atg.wa.gov
> Eric.Newman@atg.wa.gov
> OID No. 91157
> 7141 Cleanwater Drive SW
> PO Box 40111
> Olympia, WA 98504-0111
> (360) 709-6470
> *Attorneys for Respondent State of*
> *Washington*

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be served via electronic mail on the following:

Richard B. Sanders
Carolyn A. Lake
Goodstein Law Group PLLC
rsanders@goodsteinlaw.com
clake@goodsteinlaw.com
dpinckney@goodsteinlaw.com

Seth S. Goodstein
ROI Law Firm, PLLC
sethg@roilawfirm.com

*Attorneys for Tim Eyman and Tim Eyman, Watchdog for Taxpayers LLC*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 1st day of February 2022, at Seattle, Washington.

        */s/ Paul M. Crisalli*
        PAUL M. CRISALLI, WSBA #40681
        Assistant Attorney General

# WA STATE ATTORNEY GENERAL'S OFFICE, COMPLEX LITIGATION DIVISION

## February 01, 2022 - 12:13 PM

## Transmittal Information

**Filed with Court:** Supreme Court
**Appellate Court Case Number:** 100,040-5
**Appellate Court Case Title:** State of Washington v. Tim Eyman et al.
**Superior Court Case Number:** 17-2-01546-3

**The following documents have been uploaded:**

- 1000405_Answer_Reply_20220201115351SC552670_2378.pdf
    This File Contains:
    Answer/Reply - Answer to Motion
    *The Original File Name was TEsMtnModifyRecusal_StatesResp.pdf*

**A copy of the uploaded files will be sent to:**

- Jessica.Madeley@atg.wa.gov
- Todd.Sipe@atg.wa.gov
- clake@goodsteinlaw.com
- dpinckney@goodsteinlaw.com
- eric.newman@atg.wa.gov
- grace.summers@atg.wa.gov
- info@roilawfirm.com
- rsanders@goodsteinlaw.com

**Comments:**

---

Sender Name: Jessica Buswell - Email: Jessica.Buswell@atg.wa.gov
   **Filing on Behalf of:** Paul Michael Crisalli - Email: paul.crisalli@atg.wa.gov (Alternate Email: )

Address:
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA, 98504
Phone: (360) 570-3403

**Note: The Filing Id is 20220201115351SC552670**