Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010 F: (206) 381-0101

Honorable Judge Marc Barreca
Location: Zoom
Hearing Date: March 23, 2022
Hearing Time: 10:00 a.m.
Response Due: March 16, 2022

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-14536-MLB<br><br>TRUSTEE'S OBJECTION TO GOODSTEIN LAW GROUP / RICHARD SANDER'S FIFTH AND FINAL APPLICATION FOR COMPENSATION AND CERTIFICATE OF SERVICE THEREOF |

Chapter 7[1] Trustee, Virginia Burdette, through counsel, enters her Objection to the Fifth Application for Compensation (the "Fee Application"), *Dkt. 439*, filed by Richard B. Sanders and the Goodstein Law Group (hereafter collectively "GLG").

First, issues with disclosure by GLG required under §329 and FRBP 2016 require a denial of the compensation sought in the Fee Application. Second, GLG has failed to explain why the requested fees were necessary or expected to benefit the bankruptcy estate. Finally, fees should be denied on the basis that GLG ceased to be a disinterested party when it attempted to secure the Second and Third fee awards against property of the estate.

---

[1] Unless otherwise specified, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§101–1532.

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 1

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 1 of 11

## I. FACTUAL BACKGROUND

Debtor Timothy Eyman filed his Chapter 11 bankruptcy on November 28, 2018. *Dkt. 1*. Among the professionals engaged on behalf of the debtor with the approval of this Court, GLG were authorized as special counsel in the bankruptcy by order entered October 16, 2019. *Dkt. 158*. GLG was employed to represent Mr. Eyman in state court litigation brought by the Washington State Attorney General. *Id.*

GLG has sought, and been granted, compensation for its fees and expenses on four previous occasions, in the amounts of $118,605.52, $45,445.20, $218,757.14, and $36,505.20,[2] for a total of $419,313.06. No disclosure of payments has been filed. No disclosure of changes to the prior fee agreement between Debtor and GLG that was approved have been disclosed, and GLG failed to report to this Court that the orders approving GLG's second and third fee applications were recorded.

GLG's First Application for Compensation was filed February 12, 2020. *Dkt 212*. GLG provides an explanation of work performed, supported by fee records that are in a block-billed format. *Id.* The application states that over $484,000.00 in unencumbered funds are available for payment of professional fees, and concludes, "interim attorney's fees and costs of $118,608 shall be paid from the estate funds, which are amply sufficient to pay said interim fees." *Id.* The Financial Statements filed in the Eyman Chapter 11 reveal full payment of the $118,608.52 following approval of the fees, on or about March 5, 2020. *Dkt. 279*. No disclosure of the actual receipt of fees was made by GLG following payment.

GLG's Second Application for Compensation was filed June 10, 2020. *Dkt. 287*: GLG provides an explanation of work performed, supported by fee records that are, again, in a block-

---

[2] *Dkt. 242, 294, 316, 347*, respectively.

| OBJECTION TO GLG'S FIFTH AND FINAL APPLICATION FOR COMPENSATION - 2 | *SCHWEET LINDE & COULSON, PLLC* <br> 575 S. MICHIGAN ST. <br> SEATTLE, WA 98108 <br> P (206) 275-1010 F (206) 381-0101 |
|---|---|

billed format. *Id.* The application affirmatively states that "there are unencumbered funds in the estate and available to pay Chapter 11 administrative expenses," and concludes, "interim attorney's fees and costs of $45,445.29 *shall be paid* from the estate funds, which are amply sufficient to pay second and final requested fees." *Id.* (emphasis added). Following the approval of the Second fee request, no disclosure of receipt of fees was made by GLG following payment, and no supplemental statement regarding the payment agreement between the debtor and GLG was filed. Despite the representation that there were unencumbered funds to pay this award, GLG was not paid, resulting in the recording of the order awarding these fees.

GLG's Third Application for Compensation was filed on December 30, 2020. *Dkt. 311*. GLG provides an explanation of work performed, supported by fee records that are—yet again—in a block-billed format. *Id.* The application then lists fees previously *granted* to GLG through the First and Second fee requests. *Id.* Conspicuously absent from this third application are amounts of fees *paid* by the estate (as required by LBR 2016-1(2)) or any indication GLG was still owed fees from prior awards. GLG further represents that "the Debtor is current on his post-petition expenses, including taxes and the United States Trustee's quarterly fees," skirting the question of whether the Debtor was current on his obligation to pay GLG. The application concludes: "GLG requests an award of interim attorney's fees and costs of $218,757.14 shall be paid directly by the debtor for his third and final requested fees and costs." This representation was made despite the fact that Debtor had not satisfied the smaller award from GLG's second fee application.

Instead of being paid directly by the Debtor, as had been represented in the Second and Third applications for compensation, GLG recorded the Second and Third Orders approving fees in the Snohomish County Records. The Recording occurred on January 20, 2022, the day after

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 3 of 11

the Third Order was entered. No disclosure was filed, despite the apparent existence of a new agreement under which GLG would forego payment or take an alternative means of payment or security was filed.

GLG's Fourth Application for Compensation was filed May 3, 2021. *Dkt. 322*. GLG provides an explanation of work performed, supported by fee records that are—once again—in a block-billed format. The application then lists fees previously *granted* to GLG in the case under the First, Second, and Third fee requests. GLG does not state the amount of fees *paid* by the estate (as required by LBR 2016-1(2)). GLG further represents that "the Debtor is current on his post-petition expenses, including taxes and the United States Trustee's quarterly fees," again, skirting the question of whether the Debtor is current on his obligation to pay GLG. The application concludes: "GLG requests an award of interim attorney's fees and costs of $36,505.20 shall be paid directly by the debtor for his fourth and final requested fees and costs."

The Fourth fee application was granted with the caveat that the Order "shall not be recorded with the Snohomish County Auditor pending further order of the Court." No disclosure of any payment on the Fourth fee application, nor of any agreement regarding deferred payment, was ever filed by GLG.

GLG's Fifth Application for Compensation was filed February 24th, 2022. *Dkt. 439*. GLG provides an explanation of work performed, supported by fee records that are, as anticipated, in a block-billed format. The application then lists fees previously *granted* to GLG in the case under the First, Second, and Third fee requests. GLG does not state the amount of fees *paid* by the estate (as required by LBR 2016-1(2)). The application concludes: "GLG request an amount of Chapter 11 attorney's fees and costs of $67,852.45."

OBJECTION TO GLG'S FIFTH AND FINAL APPLICATION FOR COMPENSATION - 4

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 4 of 11

## II. ARGUMENT

**A. GLG has failed to meet Disclosure Requirements with Detrimental Effect**

**1. GLG has not made the necessary disclosures under §329(a), FRBP 2016(b) and LBR 2016-1.**

Section 329(a) requires a debtor's attorney to:

> …[F]ile with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

FRBP 2016(b) implements Section 329(a) by imposing a continuing obligation on a professional of the estate to file a supplemental statement "…within 14 days after any payment or agreement not previously disclosed." Furthermore, Local Bankruptcy Rule 2016-1 requires the disclosure of, *inter alia*, a statement indicating the date prior payments were received, the amount of unencumbered funds in the estate.

The payment history between the debtor and GLG since the firm's employment as Special Counsel in 2020 has suffered from ongoing lack of transparency and disclosure—a deficiency that continues to this day. Disclosure of fees and relationships is dictated by Section 329(a) and FRBP 2016(b), as applied in this district by LBR 2016-1. Disclosure is a continuing obligation, and a debtor's counsel is required to file supplemental statements within 14 days to disclose payments or agreements not previously disclosed. FRBP 2016(b).

**2. Non-Compliance with Disclosure Requirements**

Disclosures regarding fees must be "explicit and complete." *In re Midway Indus. Contractors*, 272 B.R. 651, 662 (Bankr. N.D. Ill. 2001). "Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient." *Id*.

OBJECTION TO GLG'S FIFTH AND FINAL APPLICATION FOR COMPENSATION - 5

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 5 of 11

(quoting *In re Saturley*, 131 B.R. 509, 517 (Bankr. D. ME. 1991). The disclosure requirements of imposed on debtor's attorneys are mandatory, not permissive, and any attorney who fails to comply with the disclosure requirements forfeits any right to receive compensation. *Pugeot v. United States Trustee (In re Crayton),* 192 B.R. 970, 981 (B.A.P. 9th Cir. 1996). "The disclosure requirements are applied literally, even if the results are sometimes harsh." *Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park-Helena Corp.*), 63 F.3d 877, 881 (9th Cir. 1995). Even negligent or inadvertent failures to disclose fully relevant information in a FRBP 2016 statement can result in denial of all requested fees. *Id*. at 882. The extent to which compensation should be denied rests within the Court's discretion. *Id*. A bankruptcy court may deny attorney fees completely when disclosure is lacking.[3] *Law Offices of Nicholas A. Franke v. Tiffany* (*In re Lewis*), 113 F.3d 1040, 1040, 1045 (9th Cir. 1995).

At the most basic procedural level, GLG has failed to file the required disclosures under FRBP 2016(b) and LBR 2016-1. GLG's course of action—including attempting to secure its fees against the debtor's home—is a new and undisclosed agreement regarding the expectations for payment of its fees. The Court and interested parties have been kept in the dark by GLG's deficient fee applications and undisclosed payment arrangements. This lack of disclosure has impacted the administration of this bankruptcy estate. Had GLG followed the disclosure requirements regarding fees, and had GLG's fee applications transparently stated how much of the approved fees had or had not been paid, there is no doubt that the State of Washington, this Court, and other interested parties would have become aware of the debtor's nascent default far sooner—possibly as early as July 2020, and certainly by December 2020, when the Third fee

---

[3] Though disgorgement of fees is permissible remedy for failure to meet disclosure requirements, the remedy of disgorgement is beyond the scope of remedies available at this time.

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 6

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 6 of 11

application was filed. This utter lack of transparency regarding the debtor's non-payment and the alternate payment arrangement (recordation of the Orders against estate property) has resulted in significant delay, legal process, and the filing of the pending adversary proceeding *State of Washington v. Eyman, et al., Case Number 21-01041*.

For reasons both procedural and substantive, the Trustee opposes GLG's request to be paid the fees sought in its Fifth and Final Application for Compensation. "Because the integrity of the bankruptcy system is at stake, it is absolutely essential that the Court not simply 'excuse' counsel when compliance falls short of that required by the Code and Rules." *In re Coombe Farms, Inc.*, 257 B.R. 48, 53–54 (Bankr. D. Idaho 2001).

**B. GLG's Vague Entries Do Not Provide Sufficient Detail, and No Narrative Providing Such Detail Provides Any Explanation as to the Benefit to the Estate for Services.**

Professionals hired by a bankruptcy estate are only entitled to compensation for actual and necessary services. §330(a)(1). Compensation that is not reasonably likely to benefit the estate is not compensable. §330(a)(4). An applicant bears the burden of proof to establish the fees and costs sought were reasonable and likely to provide a benefit to the estate. *In re Esar Ventures*, 62 B.R. 204, 205 (Bankr. D. Hawaii 1986).

Here, GLG has failed to provide sufficient detail in its billings to determine whether services rendered were likely to benefit the estate, and the Fee Application has no additional information describing the benefit to the expected estate. GLG seems to take for granted that the time consuming and costly appeal must be for the benefit of the estate. Given the amount of fees GLG has been awarded (and is seeking in the Fee Application) it is questionable what benefit the dogged pursuit of the appeal has or will net for the bankruptcy estate. Without benefit to the estate, the fees are not compensable.

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 7

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 7 of 11

### C. GLG's Action of Recording the Orders Disentitles Them to Further Compensation

Section 328(c) provides:

> …[T]he court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, **at any time during such professional person's employment** under section 327 or 1103 of this title, such professional person is not a disinterested person, **or represents or holds an interest adverse to the interest of the estate** with respect to the matter on which such professional person is employed.

(emphasis added). This section requires a professional retained under §327 to *remain* disinterested throughout the duration of his or her employment by the estate.

A "disinterested person" means a person that "..is not a creditor, an equity security holder, or an insider…" and one who "…does not have an interest materially adverse to the interest of the estate…by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." §101(14)(A) and (C).

The accepted definition of "…'adverse interest' is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant…." *AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008). The breadth of these terms has been read as sufficient to exclude a professional who holds an interest or relationship that "…'would even faintly color the independence and impartial attitude required by the Code.'" *See AFI Holding*, 530 F.3d at 846 (quoting *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 835 (7th Cir.1998).

Failure to disclose to the Court that a professional is a "significant creditor" compounds an already questionable position through lack of transparency. In a comparable case, *In re Combe Farms, Inc.*, debtor's counsel failed to timely file the required fee disclosure. *See*

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 8

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 8 of 11

*generally*, 257 B.R. 48 (Bankr. D. Idaho 2001). Upon bringing his fee application, facts emerged revealing that the debtor company's principals had agreed to personally pay the debtor's attorney for remaining fees on the debtor's prior case and had secured the debt with a lien on their house. In a written opinion, the attorney's fees were reduced in light of the failure to disclose and the lack of disinterestedness. *Id.* at 54. Here, GLG's attempt to secure fees by an encumbrance on property of the estate is an even more clear departure from "disinterested" behavior on the part of estate professionals.

GLG's recording of the Orders created a "material adverse interest," as demonstrated by the *actual* dispute in which the estate is a rival claimant, i.e., the suit filed by the State of Washington. GLG's affirmative action to record the prior fee orders resulted in taking a materially adverse interest, and should result in denial of compensation from the date of recording forward under §328(c).

### III. CONCLUSION

For the reasons stated herein, the Trustee respectfully requests this Court reduce or deny fees requested by GLG. Furthermore, the Trustee joins in the State of Washington's objection to the Fee Application at Dkt. 444.

Respectfully submitted this 16th day of March 2022.

**SCHWEET LINDE & COULSON, PLLC**

**/s/Michael M. Sperry**
Michael M. Sperry, WSBA#43760
Thomas S. Linde, WSBA#14426
Latife H. Neu, WSBA#33144
Attorneys for Virginia Burdette, Chapter 7 Trustee

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 9

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 9 of 11

# CERTIFICATE OF SERVICE

I, Michael M. Sperry, hereby certify that, on the date below, a true and correct copy of the foregoing document will be delivered to the following by the Court's CM/ECF system:

Susan M Edison on behalf of Counter Defendant State of Washington
BCUEdison@atg.wa.gov

Larry B. Feinstein on behalf of Debtor Timothy Donald Eyman
1947feinstein@gmail.com, kpscordato@gmail.com;feinsteinlr71744@notify.bestcase.com

Dina Yunker Frank on behalf of Counter Defendant State of Washington
BCUYunker@atg.wa.gov

Seth Goodstein on behalf of Spec. Counsel Goodstein Law Group PLLC
sethg@roilawfirm.com, sethgoodstein@yahoo.com

Gregor A Hensrude on behalf of Creditor PC Klinedinst
ghensrude@klinedinstlaw.com, rcurtis-stroeder@klinedinstlaw.com;asoldato@klinedinstlaw.com

Carolyn A Lake on behalf of Defendant Goodstein Law Group PLLC
clake@goodsteinlaw.com

Robert M. McCallum on behalf of Spec. Counsel Robert McCallum
jbonwell@lesourd.com

Eric S Newman on behalf of Counter Defendant State of Washington
Eric.Newman@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Eric S Newman on behalf of Interested Party State of Washington
ericn@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Kathryn Scordato on behalf of Debtor Timothy Donald Eyman
kpscordato@gmail.com, 1947feinstein@gmail.com

Martin L. Smith on behalf of US Trustee United States Trustee
martin.l.smith@usdoj.gov, Young-Mi.Petteys@usdoj.gov;Martha.A.VanDraanen@usdoj.gov;Brian.B.Braun@ust.doj.gov

[SERVICE PARTIES CONTINUE ON NEXT PAGE]

OBJECTION TO GLG'S FIFTH AND FINAL APPLICATION FOR COMPENSATION - 10

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 445    Filed 03/16/22    Ent. 03/16/22 17:25:19    Pg. 10 of 11

1 Marc S. Stern on behalf of Cross-Claimant Karen Eyman
office@hutzbah.com, marc@hutzbah.com;tanya@hutzbah.com

2
Laurie M Thornton on behalf of US Trustee United States Trustee
3 laurie.m.thornton@usdoj.gov, martha.a.vandraanen@usdoj.gov;Young-Mi.petteys@usdoj.gov

4 United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

5          Signed at Kent, Washington on March 16, 2022.

                                        */s/ Michael M. Sperry*
                                        Michael M. Sperry

OBJECTION TO GLG'S FIFTH AND FINAL
APPLICATION FOR COMPENSATION - 11

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101