Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010 F: (206) 381-0101

Honorable Judge Marc Barreca
Location: Zoom
Hearing Date: March 23, 2022
Hearing Time: 10:00 a.m.
Response Due: March 16, 2022

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

TIMOTHY DONALD EYMAN,

Debtor.

Chapter 7

Case No. 18-14536-MLB

TRUSTEE'S OBJECTION TO VORTMAN &
FEINSTEIN'S FINAL APPLICATION FOR
COMPENSATION AND CERTIFICATE OF
SERVICE THEREOF

Chapter 7[1] Trustee, Virginia Burdette, through counsel, enters her Objection to the Final

Application for Compensation (the "Fee Application"), *Dkt 440*, filed by Vortman & Feinstein

("Feinstein").

First, Feinstein has failed to meet the mandatory disclosure requirements of §329, FRBP

2016(b), and Local Bankruptcy Rule 2016-1, which govern compensation of professionals.

Further, fees related to the dispute surrounding Feinstein's recording of previous fee orders

against property of the estate, and for other work described herein that did not provide a benefit

to the estate, should be denied. Finally, fees should be denied on the basis that Feinstein ceased

---

[1] Unless otherwise specified, all chapter and section references are to the United States
Bankruptcy Code, 11 U.S.C. §§101-1532.

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION - 1

1 to be a disinterested party when it attempted to secure a previous fee award against property of
2 the estate.

## I.       FACTUAL BACKGROUND

Debtor Timothy Eyman filed his Chapter 11 bankruptcy, with the assistance of Feinstein, on November 28, 2018. *Dkt. 1.* Feinstein's employment was approved on February 5, 2019. *Dkt. 57.*

Feinstein has sought, and been granted, compensation for its fees and expenses on three previous occasions, in the amounts of $34,319.32, $31,493.35, and $17,277,[2] for a total of $83,089.67. All filings regarding fees have been in the form of fee applications, with the exception of a supplemental declaration (*Dkt. 108*) to correct and clarify statements made in the motion to employ the Vortman & Feinstein firm. No supplemental disclosures have been filed to disclose fees received, or previously undisclosed agreements.

In the Application for Compensation filed by Feinstein on June 8, 2020, *Dkt 284*, Feinstein made the following representation:

> Vortman & Feinstein is currently holding $3,623.50 in its client trust account to be applied to allowed final fees. The Debtor expects to pay administrative fees from his ongoing donations, gifts and income, and Counsel will negotiate repayment terms acceptable to the parties if the Debtor is unable to pay in full the allowed administrative fees and costs by the time the case closes. The source of funds to be paid would be from the Debtor's legal defense fund bank accounts or from his primary checking account from money received as gifts, donations or from his future employment.

*Id.* This narrative describes the agreement regarding fees and payments that existed between the debtor and Feinstein.

---

[2] *Dkt. 118, 229*, and *291*, respectively.

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION  - 2

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 446    Filed 03/16/22    Ent. 03/16/22 17:26:28    Pg. 2 of 10

Instead of being paid consistent with the agreement approved as part of the order employing Feinstein, the order approving fees was recorded by Feinstein in the Snohomish County Records. Recording occurred on January 20, 2021. No disclosure pursuant to FRBP 2016(b) was filed, despite the undeniable existence of a new agreement under which Feinstein would forego payment as described and attempt to secure an interest in the Mukilteo home with the recording of the fee order.

On February 25, 2022, Feinstein filed the Fee Application seeking approval of $23,392.10 as an administrative expense for work performed between April 8, 2020 and December 21, 2021. Feinstein describes work performed relating to the attempt to sell debtor's interest in the Mukilteo house to Karen Eyman, responding to the State's Motion for Relief from Stay and subsequent Adversary Proceeding, which was triggered by the recording of Orders awarding fees to Feinstein and counsel, Goodstein Law Group ("GLG"), and responding to the State's motions to appoint a Chapter 11 Trustee, and later, to convert the case to Chapter 7. Feinstein requests that the fees, if approved, be characterized as Administrative Claims in the Chapter 7.

## II.    ARGUMENT

### A. Feinstein Has Failed to Comply with the Disclosure Requirements Required of a Professional Employed to Represent a Debtor to the Detrimental of the Estate.

Section 329(a) requires a debtor's attorney to

> …[F]ile with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION  - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 446    Filed 03/16/22    Ent. 03/16/22 17:26:28    Pg. 3 of 10

FRBP 2016(b) implements §329(a) by requiring debtor's counsel to file a supplemental statement "…within 14 days after any payment or agreement not previously disclosed."

The specific requirements governing all applications for compensation of professionals is set forth in Local Bankruptcy Rule 2016-1. Among other requirements, applications for compensation must contain: the amounts of compensation and reimbursement of expenses previously allowed, and amounts paid; the source of payments; and a summary of services provided, results obtained, and benefit to the estate.

Feinstein has failed to file disclosures of payments and agreements as required by Bankruptcy Rule 2016(b). Most concerningly, in its June 2020 fee application, Feinstein represented to this Court an arrangement under which Feinstein's fees would be paid by the debtor. *See Dkt. 108*. This representation is at odds with Feinstein's course of action—attempting to secure its fees against the property of the estate. That action indicates an entirely new, undisclosed agreement regarding the expectations for payment of its fees.[3]

The disclosure requirements of §329(a) and FRBP 2016(b) are mandatory, not permissive, and any attorney who fails to comply with the disclosure requirements forfeits any right to receive compensation. *Pugeot v. United States Trustee (In re Crayton),* 192 B.R. 970, 981 (B.A.P. 9th Cir. 1996). "The disclosure requirements are applied literally, even if the results are sometimes harsh." *Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park-Helena Corp.*), 63 F.3d 877, 881 (9th Cir. 1995). Even negligent or inadvertent failures to disclose fully relevant information in a FRBP 2016 statement can result in denial of all requested fees. *Id.* at 882. The extent to which compensation should be denied rests within the Court's discretion. *Id.*

---

[3] To the extent that Feinstein may argue that disclosure and disinterestedness was unnecessary because the case had previously been closed, the Trustee would respond that under the same theory, post-closure fees should not be given administrative priority.

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION - 4

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 446    Filed 03/16/22    Ent. 03/16/22 17:26:28    Pg. 4 of 10

A bankruptcy court may deny attorney fees completely when disclosure is lacking.[4] *Law Offices of Nicholas A. Franke v. Tiffany* (*In re Lewis*), 113 F.3d 1040, 1045 (9th Cir. 1995). Disclosures must be "explicit and complete." *In re Midway Indus. Contractors*, 272 B.R. 651, 662 (Bankr. N.D. Ill. 2001). "Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient." *Id.* (quoting *In re Saturley*, 131 B.R. 509, 517 (Bankr. D. ME. 1991).

At a fundamental level, Feinstein's lack of disclosure negatively impacted the administration of the estate. Had Feinstein followed the disclosure requirement to disclose a payment or agreement not previously disclosed, there is no doubt that the State of Washington, this Court, and other interested parties would have become aware of the debtor's nascent default far sooner—possibly as early as July 2020, and in any case shortly after the debtor and Feinstein reached a revised agreement regarding payment. Instead, the utter lack of transparency regarding the debtor's non-payment and the alternate payment arrangement (recordation of the Orders against estate property) has resulted in significant delay, legal process, and ultimately the filing of *State of Washington v. Eyman, et al.*, *Case Number 21-01041.*

The Trustee opposes approval of fees under Feinstein's Application for Compensation now before the Court. "Because the integrity of the bankruptcy system is at stake, it is absolutely essential that the Court not simply 'excuse' counsel when compliance falls short of that required by the Code and Rules." *In re Coombe Farms, Inc.*, 257 B.R. 48, 53–54 (BK. ID. 2001).

**B. Feinstein Has Not Demonstrated How the Services for Which Compensation is Sought Were Reasonably Expected to Provide Value to the Estate.**

---

[4] Though disgorgement of fees is permissible remedy for failure to meet disclosure requirements, the remedy of disgorgement is beyond the scope of the issues presented by the Fee Application.

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION  - 5

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Professionals hired by a bankruptcy estate are only entitled to compensation for actual and necessary services. §330(a)(1). Compensation that is not reasonably likely to benefit the estate is not compensable. §330(a)(4). An applicant bears the burden of proof to establish the fees and costs sought were reasonable and likely to provide a benefit to the estate. *In re Esar Ventures*, 62 B.R. 204, 205 (Bankr. D. Hawaii 1986).

Feinstein expended attorney time responding to the State's Motion for Relief from Stay and preparing for and attending hearing on the motion necessitated by Feinstein's recording of the prior fee orders. Feinstein's fee application reveals $3,242.50 spent responding to the State's Motion for Relief, and $1,955.00 spent responding to the State's Adversary Proceeding predicated on the same facts as the motion for relief. *Dkt 441-1.*

The Trustee further objects to payment of compensation for Feinstein's attempt to negotiate the sale of the debtor's interest in the Mukilteo home. At the time of filing, the home was valued by the debtor at $900,000.00. *Dkt. 1.* The proposed sale, in 2020, was for the sum of $372,500.00. *Dkt. 302.* It strains credulity to believe that seeking to sell estate property at below market value would somehow benefit the estate. Fees in the amount of $5,080.00 relate to the effort to negotiate sale of the house to Karen Eyman. *See Dkt 441-1.*

On a more general level, the Fee Application does not provide any information regarding the alleged benefit to the estate of any of the services for which compensation is sought. Until Feinstein can meet its burden to demonstrate it is entitled to the compensation sought, the Fee Application should be denied.

**C. Feinstein's Action of Recording the Order Disentitles Them to Further Compensation**

Section 328(c) provides:

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION  - 6

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 446    Filed 03/16/22    Ent. 03/16/22 17:26:28    Pg. 6 of 10

…[T]he court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, **at any time during such professional person's employment** under section 327 or 1103 of this title, such professional person is not a disinterested person, or **represents or holds an interest adverse to the interest of the estate** with respect to the matter on which such professional person is employed.

(emphasis added). This section requires a professional retained under §327 to *remain* disinterested throughout the duration of his employment.

A "disinterested person" means a person that "…is not a creditor, an equity security holder, or an insider…" and one who "…does not have an interest materially adverse to the interest of the estate… by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." §101(14)(A) and (C).

The accepted definition of "…'adverse interest' is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant…." *AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008). The breadth of these terms has been read as sufficient to exclude a professional who has an interest or relationship that "…'would even faintly color the independence and impartial attitude required by the Code.'" *See AFI Holding*, 530 F.3d at 846 (quoting *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 835 (7th Cir.1998).

Failure to disclose to the Court that a professional is a "significant creditor" compounds an already questionable position through lack of transparency. In a comparable case, *In re Combe Farms, Inc.*, debtor's counsel failed to timely file the required fee disclosure. *See generally*, 257 B.R. 48 (Bankr. D. Idaho 2001). Upon bringing his fee application, facts emerged revealing that the debtor company's principals had agreed to personally pay the debtor's attorney

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION - 7

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 446    Filed 03/16/22    Ent. 03/16/22 17:26:28    Pg. 7 of 10

for remaining fees on the debtor's prior case and had secured the debt with a lien on their house. In a written opinion, the attorney's fees were reduced in light of the failure to disclose and the lack of disinterestedness. *Id.* at 54. Here, Feinstein's attempt to secure fees by an undisclosed encumbrance on property of the estate is an even more clear departure from "disinterested" behavior on the part of estate professionals.

Feinstein's recording of the order creates a "material adverse interest," as demonstrated by the *actual* dispute in which the estate is a rival claimant, i.e., the suit filed by the State of Washington. Feinstein's affirmative action to record the prior fee orders resulted in taking a materially adverse interest, and should result in denial of compensation from the date of recording forward under §328(c).

### III.    CONCLUSION

For the reasons stated herein, the Trustee respectfully requests this Court reduce or deny fees requested by Feinstein. Furthermore, the Trustee joins in the State of Washington's objection to the Fee Application at Dkt. 444.

Respectfully submitted this 16th day of March 2022.

**SCHWEET LINDE & COULSON, PLLC**

**/s/Michael M. Sperry**
Michael M. Sperry, WSBA#43760
Thomas S. Linde, WSBA#14426
Latife H. Neu, WSBA#33144
Attorney for Virginia Burdette, Chapter 7 Trustee

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION  - 8

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 446    Filed 03/16/22    Ent. 03/16/22 17:26:28    Pg. 8 of 10

CERTIFICATE OF SERVICE

I, Michael M. Sperry, hereby certify that, on the date below, a true and correct copy of the foregoing document will be delivered to the following by the Court's CM/ECF system:

Susan M Edison on behalf of Counter Defendant State of Washington
BCUEdison@atg.wa.gov

Larry B. Feinstein on behalf of Debtor Timothy Donald Eyman
1947feinstein@gmail.com, kpscordato@gmail.com;feinsteinlr71744@notify.bestcase.com

Dina Yunker Frank on behalf of Counter Defendant State of Washington
BCUYunker@atg.wa.gov

Seth Goodstein on behalf of Spec. Counsel Goodstein Law Group PLLC
sethg@roilawfirm.com, sethgoodstein@yahoo.com

Gregor A Hensrude on behalf of Creditor PC Klinedinst
ghensrude@klinedinstlaw.com, rcurtis-stroeder@klinedinstlaw.com;asoldato@klinedinstlaw.com

Carolyn A Lake on behalf of Defendant Goodstein Law Group PLLC
clake@goodsteinlaw.com

Robert M. McCallum on behalf of Spec. Counsel Robert McCallum
jbonwell@lesourd.com

Eric S Newman on behalf of Counter Defendant State of Washington
Eric.Newman@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Eric S Newman on behalf of Interested Party State of Washington
ericn@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Kathryn Scordato on behalf of Debtor Timothy Donald Eyman
kpscordato@gmail.com, 1947feinstein@gmail.com

Martin L. Smith on behalf of US Trustee United States Trustee
martin.l.smith@usdoj.gov, Young-Mi.Petteys@usdoj.gov;Martha.A.VanDraanen@usdoj.gov;Brian.B.Braun@ust.doj.gov

Marc S. Stern on behalf of Cross-Claimant Karen Eyman
office@hutzbah.com, marc@hutzbah.com;tanya@hutzbah.com

[SERVICE PARTIES CONTINUE ON NEXT PAGE]

OBJECTION TO VORTMAN & FEINSTEIN'S FINAL
APPLICATION FOR COMPENSATION  - 9

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Laurie M Thornton on behalf of US Trustee United States Trustee
laurie.m.thornton@usdoj.gov, martha.a.vandraanen@usdoj.gov;Young-Mi.petteys@usdoj.gov

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Signed at Kent, Washington on March 16, 2022.

*/s/ Michael M. Sperry*
Michael M. Sperry

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101