The Honorable Marc L. Barreca
Chapter 7
Hearing:Date/Time: March 23, 2022 at 10:00 AM
Hearing Location: via ZoomGov
Response Due Date: March 16, 2022
Replies Due: March 18, 2022

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re:<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | Bankruptcy Case No. 18-14536-MLB<br><br>VORTMAN & FEINSTEIN'S REPLY TO STATE OF WASHINGTON AND CHAPTER 7 TRUSTEE'S OBJECTIONS TO FEES OF VORTMAN & FEINSTEIN |
|---|---|

COMES NOW Vortman & Feinstein (hereinafter "V&F"), Bankruptcy Counsel for Debtor Timothy Donald Eyman (hereinafter "Debtor"), and submits this Reply to the State of Washington and Chapter 7 Trustee's Objections to Fees of Vortman & Feinstein.

## I. INTRODUCTION

At the time of conversion to Chapter 7, V&F had outstanding fees incurred during the period post-confirmation of the Chapter 11 to the date of conversion to Chapter 7. Because V&F is now prevented from collecting those pre-conversion fees from the Debtor under Section §362, V&F filed its final fee application/claim for its unpaid post-confirmation fees.

V&F is seeking the allowance of final fees as a claim in these proceedings of $8,112.50 as post-confirmation, pre-conversion fees. Without conceding the legal arguments as outlined herein, and in the effort to compromise, V&F would agree to bifurcate its claim of $8,112.50 into two parts – a general unsecured pre-conversion claim of $3,737.50 and a Chapter 11 §503 administrative claim of $4,375.00. The §503 administrative claim is calculated based upon the $2,380.00 allocated to the preparation, review, and filing of the US Trustee monthly and quarterly financial reports required by 11 U.S.C. §1112(b)(4)(F) and LBR 2015-1; the $1,132.50 allocated towards finalization of confirmation of the Plan and its implementation; and lastly, $862.50 allocated to services related to closing of the bankruptcy estate, including

Vortman & Feinstein
Reply to Objections to Fees

Page 1 of 6

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-14536-MLB    Doc 447    Filed 03/18/22    Ent. 03/18/22 18:16:14    Pg. 1 of 6

the Motion for Final Decree. See *Declaration of Kathryn Scordato*, Exhibit A, ECF #441. These services, quite obviously, are required by the Code [and the Plan] to comply with the duties of the Debtor in any Chapter 11 proceeding.

The balance of V&F's fee request is in regard to the State's adversary proceedings and the State's motion for relief from the stay allowing it to record its post-petition judgment, in the amount of $3,737.50. Said fees may or may not be administrative Section §503 expenses, as discussed more fully below. While V&F believe that they are in fact an administrative expense, bifurcating the claim would be an acceptable compromise.

## II. REBUTTAL OF FACTUAL ALLEGATIONS

This bankruptcy case was filed as a Chapter 11, and Debtor's Chapter 11 Plan was confirmed on April 8, 2020. Upon confirmation, V&F's [then] final fees in the Chapter 11 case were paid in full according to the Plan. After confirmation, V&F continued to incur fees in this matter specifically as itemized by Ms. Scordato in her Declaration (ECF #441), and the Debtor continued to make post-confirmation payments thereon. The sources of the Debtor's payments were from third parties who donated to the Debtor's *legal defense fund* to pay the debtor's legal fees. [The Debtor contends these funds are not property of the estate anyway, but that is a moot point, because after confirmation, all estate assets vested back in the Debtor both under 11 USC §1141 and the Plan under §6.13.]

To address the specific facts regarding our representation in the adversary proceeding, the adversary brought by the State has several elements. Our office only billed Mr. Eyman on the request for relief from stay to allow the State to file its judgment as a lien on the Mukilteo property, which was vehemently opposed by the Debtor. The Debtor notes that the State did not join Mrs. Karen Eyman in that adversary, and her interests were being trod on without the benefit of being able to appear and defend. [She then intervened]. The Debtor contends that the time spent on that adversary was, in fact, to protect the estate and the assets of the estate, as an adjudication of the characterization and sale of the house was specifically carved out as

Vortman & Feinstein　　　　　　　　　　Page 2 of 6　　　　　　　　VORTMAN & FEINSTEIN
Reply to Objections to Fees　　　　　　　　　　　　　　　　　　　2033 SIXTH AVENUE, SUITE 251
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SEATTLE, WA 98121
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 223-9595
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 386-5355 (fax)

Case 18-14536-MLB　　Doc 447　　Filed 03/18/22　　Ent. 03/18/22 18:16:14　　Pg. 2 of 6

a Plan provision, and thus compensable as an administrative expense of the Chapter 11 in furtherance of the plan.

Secondly, V&F wants the Court to know that **no** fees were billed to Mr. Eyman or the estate for V&F's [pro se] representation of V&F in the adversary proceedings. Ms. Scordato's itemized billing shows only billing for "relief from stay" or "RFS", addressing the issue stated immediately above on the community/separate property nature of home, as requested by Mr. Eyman, and no time was billed to Mr. Eyman for V&F defense of the claims made against V&F. The State and Trustee's assertions otherwise are not correct.

### III. ARGUMENT AND LEGAL AUTHORITY

#### A. Attorney's fees for post-confirmation legal services are compensable as an administrative expense under 11 U.S.C. § 503(b)(2).

Attorney's fees for post-confirmation legal services performed for a debtor's estate are compensable as administrative expenses under 11 U.S.C. § 503(b)(2). In re Sultan Corp., 81 B.R. 599, 602 (9th Cir. BAP 1987). In *Sultan*, a creditor argued that post-confirmation expenses should be denied as an administrative expense priority under Section 503(b) because the estate ceases to exist upon vesting in the debtor at the time of confirmation. The court disagreed and stated that "post-confirmation attorney's fees are governed by Section 503(b)(2) which makes no reference to the estate. Section 503(b)(2) provides that allowed administrative expenses include '… compensation and reimbursement awarded under section 330(a) […].'" 81 B.R. at 601. The court further noted that the language of Sections 330 and 327 do not require that the fees be incurred by the estate. 81 B.R. at 601.

The court in *Sultan* also noted that attorney's fees need not be incurred by the estate to be administrative expenses under Section 503(b)(2). Id. The court relied on the case of *In re Tri-L Corp.* 65 B.R. 774 (Bankr.D. Utah 1986), that allowed an administrative claim for post-confirmation attorney fees of the reorganized debtor after conversion to a Chapter 7. The Tri-L Corp. court found that allowing the administrative claim was proper because the post-

Vortman & Feinstein  
Reply to Objections to Fees  
Page 3 of 6  
VORTMAN & FEINSTEIN  
2033 SIXTH AVENUE, SUITE 251  
SEATTLE, WA 98121  
(206) 223-9595  
(206) 386-5355 (fax)

Case 18-14536-MLB    Doc 447    Filed 03/18/22    Ent. 03/18/22 18:16:14    Pg. 3 of 6

confirmation legal services were performed in aid of the consummation of the Chapter 11 plan and pursuant to the plan's directives and because the court properly retained jurisdiction. 65 B.R. at 779.

Thus, in <u>Sultan</u>, post-confirmation legal services were performed in aid of the consummation of the plan and pursuant to the plan's directives. "Because the plan's distribution to creditors was to be the result of the sale of the subject property, [the court] concluded that the plan contemplated that attorney's fees would be incurred on behalf of the debtor to determine the size and distribution of the sale's proceeds. Since such fees were contemplated by the plan, the fees must be administrative expenses." 81 B.R. at 602.

In the present case, V&F's post-confirmation legal services were performed in regard to the consummation of the plan and pursuant to its provisions. Even though the plan <u>specifically</u> provided for the ultimate sale of the Mukilteo Home be through further Bankruptcy Court proceedings, and the case was reopened in order to facilitate its sale, our office would agree, as stated in the opening paragraph of this Reply, that those fees may be treated as a pre-conversion general unsecured claim. But, however, as itemized in our fee request, the attorney's fees incurred post-confirmation **relating directly to the winding up of the Chapter 11, consummation of the initial plan disbursements and payments, and UST reporting requirements** are an administrative expense under Section 503(b)(2) as set out in *Sultan* and should be allowed as such.

The cases cited by the State in opposition are distinguishable and, in fact, are not even on point. In <u>In re Benjamin Coal Company</u>, 978 F.2d 823 93rd Cir. 1992), at issue was whether confirmation of the Chapter 11 plan discharged the administrative claim previously granted by bankruptcy court order. The court held that *unpaid* Chapter 11 administrative claims lose their priority upon conversion. 978 F.2d at 826-27. In the present case, V&F seeks post-confirmation fees; V&F's pre-confirmation fees were fully paid according to the Debtor's plan on confirmation. Likewise, the court in <u>In re Penn State Clothing Corp.</u>, 204 B.R. 1611 (Bankr.

Vortman & Feinstein  
Reply to Objections to Fees  
Page 4 of 6  
VORTMAN & FEINSTEIN  
2033 SIXTH AVENUE, SUITE 251  
SEATTLE, WA 98121  
(206) 223-9595  
(206) 386-5355 (fax)

Case 18-14536-MLB    Doc 447    Filed 03/18/22    Ent. 03/18/22 18:16:14    Pg. 4 of 6

E.D. Pa. 1997), addressed administrative claims in the plan that remained unpaid at the time of conversion. Neither case addresses the situation presently before this Court.

### B. Court approval is not required for compensation of professionals after plan confirmation.

As a general rule, court approval is not required for the retention or compensation of professionals after confirmation. In re Colonial BancGroup, Inc., No. 09-32303, 2011 WL 2792477, at *3 (Bankr. M.D. Ala. July 15, 2011) (citing 3 Collier on Bankruptcy ¶ 327.03 (Lawrence P. King ed., 16th ed. 2011)). See also In re Mullendore, 517 B.R. 232, 238 (Bankr. D. Mont. 2014) (noting that after a plan is effective and all assets of the estate have vested in the reorganized debtor, the debtor "no longer has the status and trustee powers of a debtor in possession under § 1107(a), including the trustee's power to employ professionals under § 327(a), or the trustee's power to compensate professionals under § 330(a)(1)."); Beal Bank,S.S.B. v. Waters Edge Ltd. P'ship, 148 B.R. 668, 689 (D. Mass. 2000) (observing that the reorganized debtor is free to employ professionals without court approval as long as it can meet its obligations under the confirmed plan); Kaiser Grp. Holdings, Inc. v. Squire Sanders & Dempsey LLP (n re Kaiser Grp. Int'l, Inc., 421 B.R. 1, 13 (Bankr. D.Colo. 2009) ("Normally, a bankruptcy court does not approve fees for post-confirmation conduct nor has an active role in the removal of post-confirmation counsel."); In re Dallas Stars, L.P., No. 11-12935, 2011 WL 5829885, at *23 (Bankr. D. Del. Nov. 18, 2011) (observing in a confirmation order that a"[t]he Post-Effective Date Debtors are authorized to pay compensation for professional services rendered and reimbursement of expenses incurred after the Confirmation Date in the ordinary course and without the need for Court approval.").

"An individual debtor may also pay his or her attorney fees for postpetition services from property that is not property of the estate, such as postpetition earnings." In re Mullendore, 517 B.R. 232, 239 (Bankr. Mont. 2014) (quoting 3 COLLIER ON BANKRUPTCY ¶ 330.02[3][a] (16th ed. Rev. 2010)). Therefore, based upon § 1141(b) and

Vortman & Feinstein
Reply to Objections to Fees

Page 5 of 6

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-14536-MLB    Doc 447    Filed 03/18/22    Ent. 03/18/22 18:16:14    Pg. 5 of 6

paragraph 6.13 of the confirmed Plan, the Debtor has been revested with all property of the estate, and is free to hire and compensate professionals from property that is not property of the estate. See, Ray, 624 F.3d at 1136, quoting Sw. Marine, Inc. v. Danzig, 217 F.3d at 1140.

Court approval of V&F's compensation was sought in this case due to the unique procedural posture of this case in that it converted to a Chapter 7 following a default in the Chapter 11 Plan while fees remained outstanding. Out of an abundance of caution and in the interest of transparency, V&F has sought allowance and approval of its unpaid fees as a claim.

**C. BR2016 does not apply to the post-confirmation, pre-conversion estate.**

The Chapter 7 Trustee argues that V&F failed to comply with the disclosure requirements of Bankruptcy Rule 2016. Rule 2016 requires the debtor's attorney to file supplemental statements of fees paid and received with the court. However, once the plan was confirmed, the estate being effectively "dissolved", and the Debtor is making payments on fees already awarded and allowed and where the case was administratively closed, does BR 2016 even apply? No case law was found addressing this issue. The cases cited by the Trustee all deal with pre-filing retainers, disclosures of pre-filing and post-filing payments, and sources of said funds. No cases were cited for post-confirmation payments. The case law cited above appears to conclude that BR 2016 doesn't survive confirmation of a Plan and closing.

**IV. CONCLUSION**

Although the arguments are made herein that the entire $8,112.50 is and should be an allowed administrative Section §503 expense, in the interest of compromising, V&F would consent to bifurcate its claim of $8,112.50 – a general unsecured pre-conversion claim of $3,737.50, and a Chapter 11 Section §503 administrative claim of $4,375.00.

RESPECTFULLY SUBMITTED this 18th day of March, 2022.

/s/ Larry B. Feinstein
Larry B. Feinstein, WSBA #6074
Attorney for /Defendant Timothy Donald Eyman

Vortman & Feinstein
Reply to Objections to Fees

Page 6 of 6

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-14536-MLB    Doc 447    Filed 03/18/22    Ent. 03/18/22 18:16:14    Pg. 6 of 6