Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010 F: (206) 381-0101

Honorable Judge Marc Barreca
Location: Zoom (instructions below)
Hearing Date: June 22, 2022
Hearing Time: 10:00 a.m.
Response Due: June 15, 2022

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

TIMOTHY DONALD EYMAN,

Debtor.

Chapter 7

Case No. 18-14536-MLB

TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS IN BANK ACCOUNTS; NOTICE OF HEARING THEREON, AND CERTIFICATE OF SERVICE

### I. HEARING NOTICE

TO: CLERK OF THE BANKRUPTCY COURT
TO: TIMOTHY DONALD EYMAN, DEBTOR
TO: LARRY B. FEINSTEIN, COUNSEL FOR DEBTOR
TO: U.S. TRUSTEE

PLEASE TAKE NOTICE that Virginia Burdette ("Trustee"), solely in her capacity as the duly appointed Chapter 7[1] Trustee in the above captioned proceeding has filed a motion seeking an order (1) denying or limiting the claimed exemption in the above captioned proceeding asserted by Timothy Donald Eyman ("Debtor") in four deposit accounts ("Accounts") the Debtor maintained on December 17, 2021 ("Conversion Date") because the asserted exemption is in excess of the amount authorized by the statute Debtor relies on for claiming said exemption.

The Motion is set for hearing as follows:

| Judge: Honorable Marc Barreca | Time: 10:00 A.M. |
|---|---|

---

[1] Any chapter or section references in this objection is to the United States Bankruptcy Code, 11 U.S.C. §§101-1532 unless otherwise noted herein.

OBJECTION TO DEBTOR'S EXEMPTIONS - 1

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

| | |
|---|---|
| **Place of Hearing:**<br>Zoom<br>https://www.zoomgov.com/j/1607704823?pwd=TUYxditUQ211OWdNeXVuYlZ5bTdBUT09<br>Meeting ID: 160 770 4823<br>Passcode: 781136<br>One tap mobile<br>+16692545252,,1607704823# US (San Jose)<br>+16692161590,,1607704823# US (San Jose)<br><br>Dial by your location<br>+1 669 254 5252 US (San Jose)<br>+1 669 216 1590 US (San Jose)<br>+1 646 828 7666 US (New York)<br>+1 551 285 1373 US<br>Meeting ID: 160 770 4823 | Date: June 22, 2022 |

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned NOT LATER THAN THE RESPONSE DATE, which is **June 15, 2022**, as indicated above. If you file a response, then you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE, and strike the hearing.

## II. RELIEF REQUESTED

COMES NOW the Trustee, and files this Objection ("Objection") to the Amended Exemptions Asserted by Debtor in his amended Schedule C, Dkt. 427 at 11-13. The Trustee has already objected to the homestead exemption ("Homestead Objection") asserted by Debtor and purportedly Debtor's non-filing spouse. *ECF Dkt. 432*. This objection supplements the Homestead Objection which has been continued to the same time this Objection is being noted for hearing.

## III. FACTUAL SUMMARY

1. Debtor voluntarily commenced this proceeding as a Chapter 11 on November 28, 2018 ("Petition Date"). *ECF Dkt. No. 1*.

OBJECTION TO DEBTOR'S EXEMPTIONS - 2

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

2. Debtor confirmed his Fourth Amended Chapter 11 Plan of Reorganization Dated April 4, 2020, *ECF Dkt. 270*, ("Plan") on April 8, 2020. *ECF Dkt. 274*.

3. The Plan addressed what property would and would not be property of a Chapter 7 bankruptcy estate if a post-confirmation conversion was ordered by providing:

> If upon further motion or hearing, this case is converted to a case under Chapter 7 of the Code, all property, **whether residing in the Estate, or acquired by the Debtor during the pendency of the Chapter 11 case** as provided under Section 541 of the Bankruptcy Code shall **automatically vest in the Chapter 7 bankruptcy estate**.

*Plan* at §6.13, *emphasis added*.

4. This proceeding was converted from a Chapter 11 proceeding to a proceeding under Chapter 7 by order of this Court on the Conversion Date. *ECF Dkt. 408*.

5. Trustee was appointed by order of this Court the same day the order converting the case was entered. *ECF Dkt. 409*.

6. Debtor was ordered to file post-conversion schedules the same day the order converting the case was entered. *ECF Dkt. 412*.

7. Debtor filed his post-conversion schedules ("Schedules") on January 1, 2022. *ECF Dkt. 427*.

8. The deadline for the Trustee to object to Debtor's exemptions was extended by order of this court on March 1, 2022 to allow timely objections to the Debtor's exemptions on or before May 25, 2022. *ECF Dkt. 443*.

9. In the Schedules, Debtor listed the Accounts as, "Bank of America; Amounts in 4 (sic) accounts listed in Declaration. Represents gifts, LDF, PI, loan repayments; all post-petition." *Id.* at 7.

OBJECTION TO DEBTOR'S EXEMPTIONS - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB   Doc 456   Filed 05/25/22   Ent. 05/25/22 12:52:23   Pg. 3 of 6

10. Debtor claimed the amount in the Accounts was $10,618.00[2]. *Id.*

11. Debtor has claimed an exemption for the full amount disclosed in the Schedules as being on deposit in the Accounts pursuant to RCW 6.15.010(1)(d)(ii). *Id.* at 12.

12. Debtor has also claimed an exemption in a "Rental Security Deposit and Last Month's Rent: Carol Williams." *Id.*

13. The Debtor also asserts in his Schedule C that the Accounts are "Not propety (sic) of the estate; all post-filing."

14. Contrary to Debtor's assertions, §6.13 of the Plan clearly makes these admittedly post-petition deposits in the Accounts property of the estate.

## IV. ARGUMENT

### a. Debtor is limited to $3,000 in aggregate exemptions under RCW 6.15.010(1)(d)(ii), and has used that exemption to protect his security deposit.

A debtor is entitled to claim exemptions in property of the estate that is exempt under state law ". . . on the date of the filing of the petition . . ." §522(b)(3)(A). When a case is converted, the conversion does not change, *inter alia*, the date of the filing of the petition. §348(a) *see also Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018) ("A debtor's exemptions have long been fixed at 'the date of the filing of the [bankruptcy] petition"). On the Petition Date, as well as the Conversion Date, the exemption afforded to Washington Residents under the "wild card" exemption of RCW 6.15.010(1)(d)(ii) for personal property that does not have a specific exemption. *Id.*

---

[2] Based on information provided to the Trustee, the amount on deposit in the Accounts on the Conversion Date was actually $20,610.37 in the aggregate. Determination of the amount on deposit in the Accounts is not necessary for resolving the objection.

OBJECTION TO DEBTOR'S EXEMPTIONS - 4

***Schweet Linde & Coulson, PLLC***
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 456    Filed 05/25/22    Ent. 05/25/22 12:52:23    Pg. 4 of 6

Debtor has exhausted the full amount available to him under the wild card exemption for the security deposit, and has actually over-asserted the exemption there by $500. Because Debtor has exhausted the amount he is entitled to use as a wild card under applicable law, he cannot assert an exemption in the Accounts under the wild card exemption.

## V. PRAYER FOR RELIEF

For the reasons stated above, the Trustee respectfully requests this Court enter an order denying the asserted exemption of the Debtor in the Accounts

Respectfully submitted this 25th day of May, 2022.

**SCHWEET LINDE & COULSON, PLLC**

**/s/Michael M. Sperry**
Michael M. Sperry, WSBA#43760
Thomas S. Linde, WSBA#14426
Latife H. Neu, WSBA#33144
Attorney for Virginia Burdette, Chapter 7 Trustee

CERTIFICATE OF SERVICE

I, Michael M. Sperry, hereby certify that, on the date below, a true and correct copy of the foregoing document will be delivered to the following by the Court's CM/ECF system:

Susan M Edison on behalf of Counter Defendant State of Washington
BCUEdison@atg.wa.gov

Larry B. Feinstein on behalf of Debtor Timothy Donald Eyman
1947feinstein@gmail.com, kpscordato@gmail.com;feinsteinlr71744@notify.bestcase.com

Dina Yunker Frank on behalf of Counter Defendant State of Washington
BCUYunker@atg.wa.gov

Seth Goodstein on behalf of Spec. Counsel Goodstein Law Group PLLC
sethg@roilawfirm.com, sethgoodstein@yahoo.com

Gregor A Hensrude on behalf of Creditor PC Klinedinst
ghensrude@klinedinstlaw.com, rcurtis-stroeder@klinedinstlaw.com;asoldato@klinedinstlaw.com

Carolyn A Lake on behalf of Defendant Goodstein Law Group PLLC
clake@goodsteinlaw.com

OBJECTION TO DEBTOR'S EXEMPTIONS - 5

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 456    Filed 05/25/22    Ent. 05/25/22 12:52:23    Pg. 5 of 6

Robert M. McCallum on behalf of Spec. Counsel Robert McCallum
jbonwell@lesourd.com

Eric S Newman on behalf of Counter Defendant State of Washington
Eric.Newman@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Eric S Newman on behalf of Interested Party State of Washington
ericn@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Kathryn Scordato on behalf of Debtor Timothy Donald Eyman
kpscordato@gmail.com, 1947feinstein@gmail.com

Martin L. Smith on behalf of US Trustee United States Trustee
martin.l.smith@usdoj.gov, Young-Mi.Petteys@usdoj.gov;Martha.A.VanDraanen@usdoj.gov;Brian.B.Braun@ust.doj.gov

Marc S. Stern on behalf of Cross-Claimant Karen Eyman
office@hutzbah.com, marc@hutzbah.com;tanya@hutzbah.com

Laurie M Thornton on behalf of US Trustee United States Trustee
laurie.m.thornton@usdoj.gov, martha.a.vandraanen@usdoj.gov;Young-Mi.petteys@usdoj.gov

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Signed at Kent, Washington on May 25, 2022.

*/s/ Michael M. Sperry*
Michael M. Sperry

OBJECTION TO DEBTOR'S EXEMPTIONS - 6