Marc S. Stern
1825 NW 65th Street
Seattle, WA 98117
(206) 448-7996
marc@hutzbah.com

Honorable Marc Barreca
Chapter 11
Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TIMOTHY DONALD EYMAN,

Debtor.

Case No. 18-14536-MLB

KAREN EYMAN'S RESPONSE TO STATE'S OBJECTION TO EXEMPTIONS.

Karen Eyman, by and through counsel responds to the State of Washington's Objection to her IRA as fillows:

1. Karen submits that the IRA is not community property and consequently is not property of the estate.

2. If it is or was community property, it is wholly exempt pursuant 1o 11 U.S.C. § 522(a)(3). Section 522(a) provides in part as follows:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2)[1] or, in the alternative, paragraph (3)[2] of this subsection.

Section 523(b)(3) provides in part as follows:

> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

---

[1] Paragraph (2) relates to state exemptions or other items of property specified in Subsection (d), i.e. homestead, clothes, etc.

[2] The old people and the investment community had a better lobbyist. Retirement accounts, of any kind are exempt, regardless of whether they are exempt under state law.

RESPONSE TO STATE'S
OBJECTION TO EXEMPTIONS – 1
Response to Objection to exemptions.wpd

**MARC S. STERN**
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206) 448-7996

If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

(4) For purposes of paragraph (3)(C) and subsection (d)(12), the following shall apply:

(A) If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate.

(B) If the retirement funds are in a retirement fund that has not received a favorable determination under such section 7805, those funds are exempt from the estate if the debtor demonstrates that--

(i) no prior determination to the contrary has been made by a court or the Internal Revenue Service; and

(ii)(I) the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986; or

(II) the retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not materially responsible for that failure.

In this case the IRA in question is administered by Pershing, a multi billion dollar investment banking institution. Neither the debtor nor her counsel have the time or expertise to examine Pershing's records to determine whether it is compliance with the various regulatory agencies regulating it. In this case this is not relevant. No one can seriously suggest that either Tim or Karen have sufficient power to, in the words of the statute, "the debtor is not materially responsible for that failure."

RESPONSE TO STATE'S
OBJECTION TO EXEMPTIONS – 2
Response to Objection to exemptions.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206) 448-7996

Case 18-14536-MLB   Doc 466   Filed 06/14/22   Ent. 06/14/22 11:49:43   Pg. 2 of 4

This analysis was applied to § 522 by the Court in *In re Hamlin*, 465 B.R. 863 (B.A.P. 9th Cir. 2012) involving an inherited IRA. In this case the funds are <u>not</u> from an inherited IRA but Karen recognizes that a different result might flow from an inherited IRA. *See, Clark v. Rameker*, 573 U.S. 122, 134 S. Ct. 2242, 189 L. Ed. 2d 157 (2014). However, this is clearly <u>not</u> an inherited IRA.

The objection is not in good faith, is not supported by law or fact, and should be summarily overruled.

Respectfully submitted this June 14, 2022

*/s/ Marc S. Stern*
Marc S. Stern
WSBA 8194
Attorney for Karen Eyman.

RESPONSE TO STATE'S
OBJECTION TO EXEMPTIONS – 3
Response to Objection to exemptions.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206) 448-7996

Case 18-14536-MLB    Doc 466    Filed 06/14/22    Ent. 06/14/22 11:49:43    Pg. 3 of 4