# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TIMOTHY DONALD EYMAN,

               Debtor.

NO. 18-14536-MLB

REPLY TO RESPONSES REGARDING STATE'S OBJECTIONS TO DEBTOR'S CLAIMED EXEMPTIONS

Through his exemptions, Debtor Eyman attempts to remove assets from the bankruptcy estate. However, his bank accounts are clearly part of the bankruptcy estate under the terms of the bankruptcy plan devised by Debtor. His homestead exemption was fixed at $125,000 when he filed bankruptcy and his initial exemptions. And the State objects to the IRA accounts of Debtor and Karen Eyman[1] being deemed exempt without them providing further statements.

1. **Bank Accounts**

Debtor Eyman is incorrect with his assertions that bank accounts held at the time of conversion are not part of the bankruptcy estate. In his conversion schedules, Debtor Eyman listed Bank of America accounts 0371, 7436, 7465 and 2926. Declaration of Tim Eyman. Docket # 427 pgs. 2-3. After the Section 341 meeting of creditors, Debtor Eyman also listed a PayPal

---

[1] The State understands that with the dissolution order being entered recently, Karen Eyman is reverting to using her maiden name, Karen Williams. However, for purposes of continuity in these pleadings and given the name on the IRA statements, the State is using her married name in this reply.

REPLY REGARDING STATE'S OBJECTIONS
TO DEBTOR'S CLAIMED EXEMPTIONS

1

account. Supplement to Declaration of Tim Eyman, Docket # 430. On conversion, the Court included in its oral decision, which was incorporated into the conversion order, that property of Debtor Eyman at the time of conversion and accumulated during the Chapter 11 case was property of the estate. This determination was based upon Section 6.13 of the plan which states,

> If upon further motion or hearing, this case is converted to a case under Chapter 7 of the Code, *all property, whether residing in the Estate, or acquired by the Debtor during the pendency of the Chapter 11 case* as provided under Section 541 of the Bankruptcy Code *shall automatically vest in the Chapter 7 bankruptcy estate*. (Emphasis added.)

Concurrent with this Reply, the State submits the relevant transcript excerpt. Declaration of Susan Edison, Exhibit 1.

A Chapter 11 Plan is construed as a contract between the parties and each term of the plan must be construed to give it meaning. *Hillis Motors, Inc. v. Hawaii Automobile Dealers Association*, 997 F.2d 581 (9th Cir. 1993). Therefore, Plan provision 6.13 must be enforced and given meaning so all property acquired by Debtor Eyman, including the bank accounts at issue, are included in the converted Chapter 7 Estate. Additionally, contrary to the argument by Debtor Eyman, 11 U.S.C. § 541 supports this conclusion. Section 541(a)(7) states that an estate is comprised of, "Any interest in property that the estate acquires after the commencement of the case." Also, in *In the Matter of Copeland,* 609 B.R. 834, 841 (2019 D. Arizona), the Court held that under 11 U.S.C. § 348 (a), the Code provision that addresses conversion, that property accrued during a Chapter 11 case on conversion to Chapter 7 became property of the Chapter 7 bankruptcy estate. Therefore, Debtor Eyman's bank accounts are part of the bankruptcy estate under the plan provisions and the bankruptcy code and are available for distribution to creditors.

2. **Homestead Exemption**

Contrary to what Debtor Eyman seems to argue, he and Karen Eyman are entitled to only one homestead exemption. Their Mukilteo house is part of the bankruptcy estate and the homestead exemption is limited to $125,000, the statutory maximum at the time the bankruptcy

REPLY REGARDING STATE'S OBJECTIONS
TO DEBTOR'S CLAIMED EXEMPTIONS

2

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 468    Filed 06/17/22    Ent. 06/17/22 13:19:45    Pg. 2 of 6

petition was filed on November 28, 2018. There is no additional homestead exemption for Karen Eyman. Courts have determined that when a case converts, the debtor's eligibility for exemptions remains controlled by facts existing on the petition date, not the conversion date. Thus, a debtor who amends their Schedule C post-conversion to claim revised or additional exemptions will be limited to the exemptions the debtor was eligible for under the facts in existence on the date the petition was filed. *Owen v. Owen*, 500 U.S. 305, 314, 111 S.Ct. 1833, 1838, n. 6, 114 L.Ed.2d 350 (1990); *In re Wolf*, 248 B.R. 365, 367–368 (9th Cir. BAP 2000); and *In re Kuceris* 557 B. R. 6, 10 (Bankr. D MA 2016). A debtor does not have the ability to claim exemptions that did not exist as of the commencement of the case or post-petition increases in the value of the property in excess of the amount initially claimed as exempt. *In re Hyman*, 967 F. 2d 1316, 1319, n. 2 (9th Cir. 1992).

Finally, "the right to claim exemptions on the property vests solely in the filing spouse" and binds the nonfiling spouse. *In re Homan,* 112 B.R. 356, 359 (9th Cir. BAP 1989). Karen Eyman cannot claim exemptions in this bankruptcy and is bound by what her then spouse claimed at the time he petitioned for bankruptcy. Thus, Debtor Eyman's initial exemption claimed on the Mukilteo home for a homestead allocation of $125,000 cannot be changed now.

### 3. Retirement Funds

Debtor Eyman asserts that his IRA account qualifies as exempt under 11 U.S.C. §522(a)(3) and RCW 6.15.020. He and Karen Eyman assert the same with respect to her IRA account. She also claims that her IRA is not community property. However, at the time of the bankruptcy filing, the Eymans were married, so her IRA is a community asset. Additionally, when this bankruptcy was filed, her IRA was listed as an exempt asset. Under Washington law, there is a basic presumption that all property and income generated by both spouses during a marriage is community property. "The presumption is that an obligation incurred or an enterprise undertaken by either spouse during marriage is for the benefit of the community." *Brubaker v. Hovde,* 45 Wash. App. 44, 47, 723 P. 2d 1193, 1195 (1986) and RCW 26.16.030. Therefore,

REPLY REGARDING STATE'S OBJECTIONS
TO DEBTOR'S CLAIMED EXEMPTIONS

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

wages earned after marriage are community property and any debts incurred by either spouse during marriage are community debts. *In re Dickerson,* 597 B.R. 101, 108 (Bankr. W.D. Wash. 2019) citing *Oil Heat Co. of Port Angeles Inc. v. Sweeney*, 26 Wash. App. 351, 353, 613 P.2d 169, 171 (1980). The presumption that property is a community asset can only be overcome by clear and convincing evidence. *Oil Heat Company of Port Angeles v. Sweeney,* 26 Wash. App. at 353, 613 P.2d at 171. "The burden of proving that a debt is not a community obligation rests on the community." *Pacific Gamble Robinson Co.,* 95 Wash.2d 341, 344, 622 P.2d 850, 853 (1980). Karen Eyman has not presented any evidence that the IRA is not a community asset.

To date, the only supporting documentation that she has provided are statements for the fourth quarter of 2021 and the first quarter of 2022. These two statements are insufficient basis for the court to make a completely informed determination and instead, raise questions that could be settled easily with minimal effort.

The two IRA statements provide a summary of account transactions and holdings from October 2021 through March 2022, along with a cost-basis summary of current fund holdings showing the dates, amounts and prices of acquisition of all ***current*** holdings (either through an outright purchase, or reinvestment of fund distributions). Although the statements reveal that fund distributions were regularly reinvested prior to 2018, and that the account holder has now elected to reinvest distributions, the statements indicate no reinvestment of distributions between 2018 and September of 2021. Edison Declaration Ex 2, Attachment of excerpts of Karen Eyman's IRA account from the statements submitted from October 2021 through March 2022 showing reinvestment history. The table below summarizes fund distributions for three of the four current fund holdings of Karen Eyman during the relevant bankruptcy time period that were apparently not reinvested in the IRA consistently with the account holder's prior and current elections to do so. The source of the information is indicated at the bottom of the Attachment.

While this information regarding inconsistent elections with respect to fund distributions may not be dispositive as to whether these particular funds are exempt or not, a determination

REPLY REGARDING STATE'S OBJECTIONS
TO DEBTOR'S CLAIMED EXEMPTIONS

4

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

Case 18-14536-MLB    Doc 468    Filed 06/17/22    Ent. 06/17/22 13:19:45    Pg. 4 of 6

with respect to either of the IRA accounts in question should not be made without a review of the statements for the relevant bankruptcy and conversion time period. A single statement is but a snapshot in time. Given that the bankruptcy dates back to November 2018, it is reasonable for a complete record to be reviewed prior to making a determination whether an IRA is exempt. As for Ms. Eyman's IRA, the State requested the year-end statements from 2019 and 2020 to confirm whether the funds were reinvested and, if not, to determine how this money was used or possibly transferred, but Ms. Eyman through her counsel refused to provide them. Such statements could be secured with a very limited effort by her contacting the account representative listed on the statements and/or by logging on to her account. Therefore, the State renews its request for the end-of-year statements for 2019 and 2020 and asks that the court order Ms. Eyman to provide them before any determination is made regarding her IRA.

As for Debtor Eyman's IRA, he has not provided any statements regarding his reported retirement funds. Accordingly, the State requests the IRA statements from 2018-2022 to determine whether they support his contention that his IRA qualifies as exempt and to verify that distributions from the IRA were not improperly used. Until all said statements are provided and reviewed, no determination should be made as to his account.

DATED this 17th day of June, 2022.

ROBERT W. FERGUSON
Attorney General

/s/ Susan Edison

_____
SUSAN EDISON, WSBA No. 18293
DINA YUNKER FRANK, WSBA No. 16889
ERIC S. NEWMAN, WSBA No. 31521
*Assistant Attorneys General*
Attorneys for the State of Washington

REPLY REGARDING STATE'S OBJECTIONS
TO DEBTOR'S CLAIMED EXEMPTIONS

5

**ATTACHMENT**

| Franklin Small-Mid Cap Growth Fund Class A (FRSGX)[2] | |
|---|---|
| **Distribution** | **$/Share** |
| 12/14/2018 | 4.1419 |
| 12/13/2019 | 6.1892 |
| 12/14/2020 | 4.1412 |

| First Eagle Global Fund Class A (SGENX)[3] | |
|---|---|
| **Distribution** | **$/Share** |
| 12/19/2019 | 3.178 |
| 12/1/2020 | 1.460 |

| PIMCO All Asset Fund Class A (PASAX)[4] | |
|---|---|
| **Dividend Date** | **$/Share** |
| 6/15/2017 | 0.09827 |
| 9/14/2017 | 0.13984 |
| 12/28/2017 | 0.24126 |
| 3/15/2018 | 0.05107 |
| 6/14/2018 | 0.08352 |
| 9/13/2018 | 0.09633 |
| 12/27/2018 | 0.31881 |
| 3/14/2019 | 0.04834 |
| 6/13/2019 | 0.05704 |
| 9/12/2019 | 0.087 |
| 12/30/2019 | 0.15287 |
| 3/12/2020 | 0.02355 |
| 6/11/2020 | 0.06406 |
| 9/10/2020 | 0.13939 |
| 12/30/2020 | 0.1676 |
| 3/11/2021 | 0.38841 |
| 6/10/2021 | 0.31307 |
| 9/9/2021 | 0.4029 |

---

[2] https://www.franklintempleton.com/investments/options/mutual-funds/products/4198/A/franklin-small-mid-cap-growth-fund/FRSGX#view-historical-distributions-data
[3] https://www.firsteagle.com/global-fund
[4] https://www.pimco.com/en-us/investments/mutual-funds/all-asset-fund/

REPLY REGARDING STATE'S OBJECTIONS
TO DEBTOR'S CLAIMED EXEMPTIONS

6

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150