Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010 F: (206) 381-0101

Honorable Judge Marc Barreca
Location: Zoom
Hearing Date: June 22, 2022
Hearing Time: 10:00 a.m.
Response Due: June 15, 2022

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

TIMOTHY DONALD EYMAN,

Debtor.

Chapter 7

Case No. 18-14536-MLB

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S EXEMPTIONS, AND CERTIFICATE OF SERVICE

**REPLY**

COMES NOW the Trustee[1], and files this Reply in support of her Objection to Debtor's Exemptions, *ECF Dkt. 432*, ("Initial Objection") and her Objection to Debtor's Exemption in Bank Accounts, *ECF Dkt 456*, ("Supplemental Objection") (together hereinafter the "Objections") in response to Defendant (sic) Timothy Donald Eyman's Response to the State of Washingtin (sic) & Trustee's Objection to Exemptions, *ECF Dkt. 465*, ("Response") as follows.

**a. The Debtor Concedes He is Limited to a Homestead Exemption of $125,000 in This Case.**

The response concedes Debtor is limited to a homestead exemption of $125,000 in the Real Property. *Response* at 8–9. Based on this concession, the Trustee is entitled to an order limiting Debtor's homestead exemption to $125,000.00.

---

[1] All capitalized terms shall have the same meaning as in the Initial Objection, unless otherwise defined herein.

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S EXEMPTIONS - 1

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

### b. The Accounts Are Non-Exempt Property of the Estate.

  i. <u>The Accounts are property of the Estate under the terms of the plan.</u>

The Code provides no clear direction as to what property of a Chapter 11[2] estate remains for administration as an estate asset when the case is converted to a Chapter 7 after confirmation of a plan that purports to vest all property of the estate in the debtor. *In re Baroni*, ___ F.4th ___, Nos. 21-55076 and 21-55150, 2022 WL 2062319, at *8 (9th Cir. June 8, 2022). However, case law makes clear that re-vestment of property of the estate on confirmation is "…explicitly subject to the provisions of the plan." *Id.* (internal quotations omitted). The central question of the analysis of whether property that has revested in a debtor becomes property of a Chapter 7 estate created by a post-confirmation conversion is what property should vest in the new estate based on the "…language, purposes, and context…" of the plan. *Id.* (quoting *Hillis Motors, Inc. v. Haw. Auto Dealers' Ass'n*, 997 F.2d 581, 590 (9th Cir. 1993).

In this case, the intent of the Plan regarding the impact of re-vestment of property under §1141 is clearly spelled out in §6.13 of the Plan. *See Supplemental Objection* at 3. The clear intent of that section was that any property interest defined in §541 in the Debtor's possession at the time of conversion, whether acquired before or after the Petition Date, would automatically vest in the Chapter 7 trustee. When this matter was converted on December 17, 2021, all Debtor's property interests of the type specified in §541 vested in the Trustee for administration.

The Response attempts to cast §6.13 of the Plan to be limited only to property interest the Debtor held on the Petition Date that remained in his possession at the time of conversion. *Response* at 2. This interpretation of §6.13 of the Plan makes no sense, and, like the argument

---

[2] All Chapter and Section references herein are to the United States Bankruptcy Code ("Code"), 11 U.S.C. §§101–1532, unless otherwise specified.

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO
DEBTOR'S EXEMPTIONS  - 2

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 469    Filed 06/17/22    Ent. 06/17/22 13:27:26    Pg. 2 of 7

advanced by the Debtor in *Baroni*, "…would frustrate the intent of the Plan and [would be] contrary to many of its provisions." *In re Baroni*, 2022 WL 2062319 at *10. The Debtor's interpretation of §6.13 of the Plan would put the language of the same clause regarding whether property the Debtor acquired after the Petition Date was property of a Chapter 7 estate after conversion in direct conflict. Such an absurd internal inconsistency cannot be how §6.13 of the Plan is to be interpreted.

*In re Markosian*, 506 B.R. 273 (B.A.P 9th Cir. 2014) is easily distinguishable from the instant case because that Chapter 11 case was converted prior to the confirmation of a plan. *Id.* at 274. Therefore, there would not be a comparable plan section in that case to §6.13 of the Plan. Furthermore, to the extent *Markosian* is not distinguishable from this matter, the holding of the Bankruptcy Appellate Panel has been reversed under the *Baroni* decision.

The Response's appeal to *Harris v. Viegelahn*, 575 U.S. 510, 135 S. Ct. 1829 (2015) is similarly flawed. The *Harris* case centered on the question of what to do with money a Chapter 13 trustee was holding from plan payments tendered by a debtor when a Chapter 13 was converted to a Chapter 7. *Id.* at 512. The disposition of that question was resolved through the application of §348(f), which, by its own terms, is limited to application in situations where cases are converted from Chapter 13 to Chapter 7. *Id.* To the extent *Harris* is applicable to Chapter 11 conversions to Chapter 7, §6.13 of the Plan would supersede §348(f) because terms of a confirmed plan, even those directly contradicting express provisions of the Code will prevail when in conflict. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276, 130 S. Ct. 1367 (2010).

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S EXEMPTIONS - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

ii. <u>The Debtor has exhausted the applicable dollar amount he is entitled to claim in other property.</u>

The Response does not dispute the Debtor is limited to asserting no more than $3,000 in exemptions under RCW 6.15.010(1)(d)(ii). Because the Debtor claimed exemptions in other property in excess of the $3,000 statutory cap, the Debtor's asserted exemption in the Accounts should be disallowed.

iii. <u>Asserting the funds in the Accounts are for a "Legal Defense Fund" neither removes the Accounts from the Estate nor provides a separate basis to assert an exemption.</u>

Property interests of a bankruptcy estate are determined through reference to state law. *Butner v. U.S.*, 440 U.S. 48, 54–55, 99 S. Ct. 914 (1979). Under Washington Law, the named owner of a deposit account is conclusively the owner of the account. RCW 30A.22.090(1). It is immaterial how the Debtor came into possession of the funds in the Accounts because the conclusive factor is that the Accounts are titled in his name alone under Washington law.

The Debtor's assertion that any funds received in response to his soliciting donations for his "legal defense fund" is a misunderstanding of the law in Washington regarding bank accounts. To the extent there were funds for the legal defense fund, those funds should have been held in a separate account in the name of the fund. The Response points to prior briefing regarding legal defense funds at ECF Dkt. 47[3]. However, ECF Dkt. 47 addresses the question of whether the identity of contributors to a legal defense fund must be disclosed. There is no authority in that filing for the proposition that money for a legal defense fund cannot be property of a bankruptcy estate.

---

[3] The reference in the Response is to ECF Dkt. 7, but that entry is the original Meeting of Creditors Notice. ECF Docket 47 is entitled "Debtor's Memorandum on Legal Defense Funds and the Right of Donors to Confidentiality."

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO
DEBTOR'S EXEMPTIONS - 4

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 18-14536-MLB    Doc 469    Filed 06/17/22    Ent. 06/17/22 13:27:26    Pg. 4 of 7

The Trustee is not aware of any state or federal law that would permit an exemption of funds obtained for a legal defense fund, and Debtor provides no such authority. Furthermore, if such a statute existed, the Debtor has asserted an exemption under RCW 6.15.010(1)(d)(ii) despite having exhausted the applicable statutory limit on other property interests.

iv. <u>The Debtor has not introduced any evidence the funds in the Accounts are traceable to a personal injury settlement, and the analysis of funds in the Accounts in the Response support the conclusion the settlement funds were exhausted.</u>

Finally, the Debtor attempts to claim an exemption in the Accounts as remaining proceeds from a personal injury previously exempted. First, the Debtor never claimed an exemption in the Accounts under RCW 6.15.010(1)(d)(vi) in the Accounts, so this assertion appears to be a red herring.

More to the point, the Debtor has failed to present any evidence into the record to demonstrate any portion of the funds in the Accounts are on account of the injury settlement. Even more problematic, the accounting provided in the Response supports the opposite conclusion; namely, the proceeds from the personal injury settlement were exhausted to allow the Debtor to make plan payments and other obligations.

Absent a claimed exemption under RCW 6.15.010(1)(d)(vi), the assertion regarding personal injury proceeds is irrelevant, and the use of that exemption would require evidence to trace the proceeds from the personal injury settlement to the amounts in the Account.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S EXEMPTIONS - 5

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 469    Filed 06/17/22    Ent. 06/17/22 13:27:26    Pg. 5 of 7

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests this Court enter an order (1) fixing the Debtor's homestead exemption at $125,000.00, and (2) overruling the Debtor's claimed exemption in the Accounts. A revised proposed order is attached hereto.

Respectfully submitted this 17th day of June 2022.

**SCHWEET LINDE & COULSON, PLLC**

**/s/Michael M. Sperry**
Michael M. Sperry, WSBA#43760
Thomas S. Linde, WSBA#14426
Latife H. Neu, WSBA#33144
Attorneys for Virginia Burdette, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I, Michael M. Sperry, hereby certify that, on the date below, a true and correct copy of the foregoing document will be delivered to the following by the Court's CM/ECF system:

Susan M Edison on behalf of Counter Defendant State of Washington
BCUEdison@atg.wa.gov

Larry B. Feinstein on behalf of Debtor Timothy Donald Eyman
1947feinstein@gmail.com, kpscordato@gmail.com;feinsteinlr71744@notify.bestcase.com

Dina Yunker Frank on behalf of Counter Defendant State of Washington
BCUYunker@atg.wa.gov

Seth Goodstein on behalf of Spec. Counsel Goodstein Law Group PLLC
sethg@roilawfirm.com, sethgoodstein@yahoo.com

Gregor A Hensrude on behalf of Creditor PC Klinedinst
ghensrude@klinedinstlaw.com, rcurtis-stroeder@klinedinstlaw.com;asoldato@klinedinstlaw.com

Carolyn A Lake on behalf of Defendant Goodstein Law Group PLLC
clake@goodsteinlaw.com

Robert M. McCallum on behalf of Spec. Counsel Robert McCallum
jbonwell@lesourd.com

Ryan S Moore on behalf of US Trustee United States Trustee
ryan.moore@usdoj.gov, Martha.A.VanDraanen@usdoj.gov

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S EXEMPTIONS - 6

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 469    Filed 06/17/22    Ent. 06/17/22 13:27:26    Pg. 6 of 7

Eric S Newman on behalf of Counter Defendant State of Washington
Eric.Newman@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Eric S Newman on behalf of Interested Party State of Washington
ericn@atg.wa.gov, Jessica.Buswell@atg.wa.gov;ATSeaEF@atg.wa.gov

Kathryn Scordato on behalf of Debtor Timothy Donald Eyman
kpscordato@gmail.com, 1947feinstein@gmail.com

Marc S. Stern on behalf of Cross-Claimant Karen Eyman
office@hutzbah.com, marc@hutzbah.com;tanya@hutzbah.com

Laurie M Thornton on behalf of US Trustee United States Trustee
laurie.m.thornton@usdoj.gov, martha.a.vandraanen@usdoj.gov;Young-Mi.petteys@usdoj.gov

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Signed at Kent, Washington on June 17, 2022.

*/s/ Michael M. Sperry*
Michael M. Sperry

TRUSTEE'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S EXEMPTIONS - 7

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101