Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

Honorable Judge Marc Barreca
Hearing Location: ZOOM.GOV
Hearing Date: August 10, 2022
Hearing Time: 10:00 a.m.
Response Due: August 3, 2022

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>TIMOTHY DONALD EYMAN,<br><br>Debtor. | Case No.: 18-14536-MLB<br><br>TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING, ALLOWING ABANDONMENT OF CERTAIN PROPERTY, AND AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS |

## I. INTRODUCTION AND RELIEF REQUESTED

Virginia Burdette, the appointed Trustee in the above-captioned Chapter 7 bankruptcy case ("the Trustee"), by and through her legal counsel Schweet, Linde & Coulson PLLC, hereby moves this court, pursuant to 11 U.S.C. §363(b), §363(f), §363(m) and §554(a), and pursuant to Bankruptcy Rules 2002, 6004, 9013, and 9019, for an Order in the form of the Proposed Order attached hereto.

By this Motion, the Trustee seeks an Order approving the agreed compromise and settlement of claims, as set forth in the Settlement Agreement (hereafter the "Settlement" or the "Settlement Agreement") attached as Exhibit 1 to the Trustee's declaration filed herewith and described herein. The terms of the Settlement were negotiated and agreed to in good faith by and

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 1

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 1 of 13

between the State of Washington ("the State"), Timothy Donald Eyman ("the Debtor" or "Timothy Eyman"), Karen Eyman n/k/a Karen Williams ("Karen Williams" or "Ms. Williams"), Goodstein Law Group PLLC ("GLG"), and the Trustee representing the interests of the bankruptcy estate, hereinafter collectively referred to as the "Parties."

The Trustee further moves this court for an Order allowing the abandonment of certain property of the bankruptcy estate pursuant to §554(a). Abandonment of this certain property, which is listed in Exhibit A to the Settlement Agreement, is a negotiated part of the Settlement.

Finally, the Trustee moves for an Order authorizing the sale of real property commonly known as 11913 59th Avenue West, Mukilteo, Washington, Tax Parcel Number 00834700000500, to Karen Williams, free and clear of certain liens and other interests as provided for herein, pursuant to §363(b) and (f).

## II. FACTS

### A. Procedural History and Relevant Background.

On November 28, 2018, the Debtor Timothy Eyman filed an individual Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court") under Cause Number 18-14536-MLB (the "Bankruptcy") which created a bankruptcy estate ("the Estate"). *Dkt. 1*, Cause no. 18-14536. His wife at the time of filing, Karen Wiliams (then Karen Eyman), did not join in the filing of the Chapter 11 petition of the Debtor. *Id.*

Real property commonly known as 11913 59th Avenue West, Mukilteo, Washington, ("the Mukilteo house") was listed as an asset of the Estate in the Debtor's schedules. *Id*. The Mukilteo house was the Estate's principal asset. *Id*.

On April 8, 2020, the Debtor's Chapter 11 Plan (the "Plan") was confirmed by the

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 2

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 2 of 13

Bankruptcy Court. *Dkt. 274*, 18-14536. In the Plan, the final Judgment of the State was declared to be non-dischargeable. *Id*.

On April 16, 2021, the State of Washington obtained a State Court Judgment against the Debtor in the amount of $5,503,169.83 (the "Judgment"). *See, Dkt. 34, Ex. 1*, Cause no. 21-01041.

On June 28, 2021, the State filed an adversary proceeding in the Bankruptcy Court under Cause Number 21-01041 (the "Adversary Proceeding"). In the Adversary Proceeding, the State sought entry of a declaratory judgment, *inter alia*, establishing that the Mukilteo house is the community property of the Debtor, and thus the Mukilteo house is property of the Estate. *Dkt. 1*, Cause no. 21-01041. The State's Complaint also took issue with named Defendants Goodstein Law Group PLLC (GLG) and the law firm of Vortman and Feinstein on the basis that these entities had recorded a *lis pendens* as to the Mukilteo house for certain attorney fees awarded to the two entities. *Id*. The law firm of Vortman and Feinstein was dismissed from the Adversary Proceeding by agreement on August 26, 2021, after it released its recordings against the Mukilteo house. *Dkt. 23*, Cause no. 21-01041. GLG released its recordings against the Mukilteo house on or about February 2, 2022, but remains a party to the Adversary Proceeding and is a participant in the Settlement Agreement.

On August 4, 2021, Karen Williams was granted leave to intervene in the Adversary Proceeding (*Dkt. 29*, Cause no. 21-01041) and subsequently intervened as a defendant asserting a counter claim against the State, alleging that the Mukilteo house was not community property, but was instead her separate property and thus not included as property of the Estate. *Dkt. 30*, Cause no. 21-01041.

On December 17, 2021, the Debtor's bankruptcy was converted from Chapter 11 to

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 3

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 3 of 13

Chapter 7, and Virginia Burdette (the "Trustee") was appointed to administer the Estate as the Chapter 7 trustee. *Dkt. 408, 409*, Cause no. 18-14536. The Trustee was then granted leave by the Bankruptcy Court to intervene as a party in the Adversary Proceeding. *Dkt. 51*, Cause no. 21-01041.

On February 15, 2022, the Bankruptcy Court ruled on a motion for summary judgment in the Adversary Proceeding that at least eighty percent of the Mukilteo house was community property of the Debtor and therefore property of the Estate. *Dkt. 68*, Cause no. 21-01041. The Bankruptcy Court denied summary judgment without prejudice as to the separate or community character of the remaining twenty percent of the Mukilteo house. *Id*. After the summary judgment ruling, the Parties agreed to mediate certain of the disputed issues between the Parties. See, *Dkt. 69*, Cause no. 21-01041.

To avoid the additional time, costs, and expenses of litigation, the Parties engaged in mediation. The Parties now wish to settle all of the remaining claims related to the Adversary Proceeding and certain other issues in the Bankruptcy. To effectuate the terms of the Settlement Agreement, the Trustee now seeks this court's approval of (1) the Settlement Agreement (the "Settlement") pursuant to BR 9019, (2) the Trustee's request to abandon certain property as permitted under §554, and (3) the sale of the Mukilteo house free and clear of liens and other interests to Karen Williams pursuant to §363(b) and (f)(1) and (3). Distribution of the proceeds of the Mukilteo house sale is addressed in the Settlement.

In the Trustee's opinion, the relief sought should be granted in its entirety to give effect to the negotiated Settlement, which is in the best interest of creditors.

### B. The Settlement Agreement.

The Settlement Agreement was negotiated in good faith and agreed to by all Parties. The

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 4

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 4 of 13

Settlement encompasses a global resolution of the issues in the Adversary Proceeding, as described below, and provides for Dismissal of that case upon approval of the Settlement, Abandonment, and Authorization of Sale of Real Property, and subsequent completion of the Sale.

The Settlement provides, in relevant part, that the Mukilteo house shall be sold to Karen Williams for the sum of $906,484.00, pursuant to a Real Estate Purchase and Sale Agreement that was negotiated by the parties concurrently with the Settlement. In consideration of the Settlement, neither the Debtor nor Karen Williams will be entitled to receive any homestead sum from the sale proceeds of the Mukilteo house. Pursuant to the settlement, the Parties stipulate that the Mukilteo house is entirely community property and property of the Estate, and that the State's Judgment is a judgment against the Eyman marital community. Additionally, the proceeds of the sale shall be administered pursuant to the priorities set forth in 11 U.S.C §§726 and 507, subject to: (1) waivers of interest set forth in the Settlement Agreement; and the claims allowance process.

The Settlement further provides that, as purchaser of the Mukilteo house from the Estate, Karen Williams warrants that the funds used for the purchase are not assets of the estate. The Settlement provides a mechanism for Ms. Williams to establish this to the satisfaction of the other Parties.

Finally, the Settlement establishes certain timelines and benchmarks to which the Parties must adhere, including seeking court approval of the Settlement, Abandonment, and Sale of Real Property. Default provisions are established in the event that one or more required actions are not taken by a Party.

### C. Trustee Agreement to Abandon Certain Assets.

As part of the Settlement, the Trustee has agreed to move this court for an Order approving abandonment of certain personal property, as provided for in 11 U.S.C. §554(a). Incorporated into

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 5

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 5 of 13

the Settlement Agreement as Exhibit A is a detailed list of personal property to be abandoned. The property to be abandoned includes two motor vehicles, household furnishings and décor, certain jewelry, housewares and collectables, and personal care items.

### D. Sale of the Mukilteo house to Karen Williams.

Upon approval of this motion by this court, the Settlement provides that the Trustee will sell the Mukilteo house to Karen Williams free and clear of liens, claims, and encumbrances pursuant to §363(f) for the proposed sale price of $906,484.00, pursuant to the terms set forth in the agreed Residential Purchase and Sale Agreement, an executed copy of which is filed as Exhibit 2 to the Declaration of Trustee Virginia Burdette. Closing is to occur shortly after this court enters a final order granting this Motion and approving the Settlement, the Abandonment, and the Sale.

A litigation guarantee was obtained on June 28, 2022. Twenty-one exceptions are included in the litigation guarantee, summarized as follows: (1) year 2022 property taxes owing to Snohomish County (exception 1); (2) a deed of trust in favor of U.S. Bank, National Association N.D. ("U.S. Bank")[1] securing a line credit and recorded in 2008 under Snohomish County Auditor's File Number 200807080035[2] (exception 2); (3) the *lis pendens* mandated by Section 6.08 in the Debtor's confirmed Chapter 11 Plan (exception 3); (4) the Decree of Dissolution between the Debtor and Karen Williams (exception 4) ; and (5) certain easements, covenants, and other land use events pre-dating the ownership of the property by the Debtor and Karen Williams (exceptions 5-21).

The Trustee proposes treatment of the exceptions, discussed in greater detail below, as follows. Consistent with the terms of the Residential Purchase and Sale Agreement (Trustee's Ex.

---

[1] Per the National Information Center, the assets of U.S. Bank, National Association N.D., were transferred to U.S. Bank National Association in May of 2013.
[2] Based on Debtor's sworn schedules the Trustee believes there is no balance owed on the note secured by the U.S. Bank Deed of Trust.

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 6

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 6 of 13

2), the 2022 property taxes will be the responsibility of the buyer, Karen Williams and the Property will be sold subject to said taxes  Next, the Trustee proposes that the Mukilteo house shall be sold free and clear of: (1) the U.S. Bank deed of trust (exception 2) and also that said lien will not attach to any of the sale proceeds; (2) the *lis pendens* (exception 3);  and  (3) the Decree of Dissolution (exception 4).  The remaining exceptions numbered 5 through 21 in the litigation guarantee shall be unaffected by the sale.

### III.    EXHIBITS

Declaration of Trustee Virginia Burdette in Support of this Motion, with Exhibits thereto:

1. Settlement Agreement, Signed by all Parties
   Exhibit A thereto: Inventory of Property to be Abandoned
   Exhibit B thereto: Residential Purchase and Sale Agreement, with Exhibits
2. Residential Purchase and Sale Agreement, Signed by Trustee and Karen Williams
3. Litigation Guarantee  on the Mukilteo house

### IV.    ANALYSIS

**A.  <u>This Court Should Approve the Settlement in its Entirety.</u>**

Rule 9019 allows bankruptcy courts to approve a settlement if "the settlement is deemed fair and equitable." *Adeli v. Barclay (In re Berkeley Delaware Court, LLC)*, 834 F.3d 1036, 1039 (9th Cir. 2016) (citing *A & C Props.*, 784 F.2d at 1381).  "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986).  Bankruptcy courts must consider four factors in determining whether a settlement is fair and equitable: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *A & C Props.*, 784 F.2d

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 7

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 7 of 13

at 1381. The *A & C Properties* factors favor approving the Settlement Agreement that the Trustee entered into with the other Parties.

1. Probability of Success in Litigation:

The Trustee is reasonably confident that the demonstrable facts, coupled with Washington State community property law, would result in a determination that the Mukilteo house was entirely community property, and therefore property of the Estate. However, like any prudent litigant, she recognizes that placing a question before the court for determination entails a risk of an adverse outcome. Moreover, even a successful outcome could be subject to both a lengthy and costly trial regarding contested facts and delay due to possible appeals, given the fact-intensive nature of the dispute relating to whether a portion of the Mukilteo house was community property or the separate property of Ms. Williams.

2. Difficulties to be encountered in the matter of collection:

The agreed cash payment by Karen Williams to purchase the Mukilteo house represents the most efficient and least costly means to liquidate the property. Though the Mukilteo house is property of the Estate, the Trustee recognizes that if Karen Williams were found to have any separate property interest whatsoever, the Trustee's ability to promptly market the property for sale to an arms-length buyer could be significantly hampered, and would require additional litigation to sell co-owned property under §363(h). Moreover, given the potential expense and delay involved in both litigating the adversary and the potential §363(h) action, the Trustee believes that the purchase price is very favorable, given the costs (such as a realtor's commission) that the Estate will not have to incur to liquidate the asset. Finally, the proposed settlement allows the Trustee to administer assets of the estate more efficiently without the delay of trials and appeals and the attendant costs thereof.

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 8

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 8 of 13

3. <u>Complexity of litigation; likely expense, inconvenience, and delay of litigation:</u>

The issues resolved in the Settlement represent numerous issues with the potential to trigger costly and time-consuming litigation due the fact intensive nature of the issues presented. As demonstrated by the summary judgment hearing, there are factual issues in resolving the ownership status of the remaining 20% of the Mukilteo Property. The Trustee believes the Settlement provides an opportunity to reach a swift and favorable result and avoid myriad potential disputes and the costs of resolving said disputes.

4. <u>Interest and input of Creditors and Interested Parties:</u>

Other than administrative expenses, the Eyman bankruptcy has only two creditors, the State and the Klinedinst Law Firm. The State's claim dwarfs that of the other creditor by approximately 98:1. The State has been an active participant in all phases of litigation of the Adversary Proceeding and has joined in the Settlement Agreement. Return to creditors is maximized through this Settlement by avoiding litigation costs, delay, and the possible effect of a market downturn.

The Settlement is responsive to the interest and input of other interested parties. The Debtor's non-filing spouse, Karen Williams, intervened in the Adversary Proceeding and has joined in the Settlement Agreement. The Settlement is responsive to Ms. Williams' interest in that it enables her to remain in the Mukilteo home, where she resides with her children. As to GLG, a litigant in the Adversary Proceeding, the terms of the Settlement Agreement are neutral, and GLG has joined in the Settlement.

Finally, as noted above, the interests of creditors of the estate and other interested parties is well served through the prompt resolution of the Adversary Proceeding, and the global nature of the settlement obtained. The settlement will dispose of nearly all of the disputes regarding the

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 9

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 9 of 13

assets to be administered and will prevent further estate funds from being spent as administrative costs in pursuing the administration of the assets covered in the Settlement.

### B. The Trustee's Motion to Abandon Certain Personal Property Should be Granted.

After notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the Estate or is of inconsequential value and benefit to the Estate. 11 U.S.C. §554. The Trustee believes that abandonment of the property described in Exhibit A to the Settlement Agreement is in the best interest of the Estate. Abandonment of the specified property facilitates a successful and efficient conclusion of the Adversary Proceeding, having been specifically negotiated as part of the Settlement. Much of the subject property to be abandoned was claimed as exempt on the Debtor's schedules and would be beyond the reach of the Trustee for that reason. Any remaining non-exempt value of the property to be abandoned is either of such a small value that the Trustee would not administer such property, and non-exempt liquidation value of the property to be abandoned was taken into account in negotiating the Settlement Agreement.

It is the Trustee's opinion that pursuit and liquidation of the non-exempt property to be abandoned, in the absence of this Settlement, would be burdensome because it would likely involve substantial legal process. The cost of such process would quickly exhaust any monetary value of pursuing administration of the abandoned assets, and the resulting administration of said assets would be of inconsequential benefit to the Estate.

### C. The Sale of Real Property to Karen Williams Free and Clear of Certain Liens and Other Interests Should be Approved.

The Trustee believes that the sale of the Mukilteo house to Karen Williams free and clear of certain liens and other interests, as specified herein, under the terms set forth in the Residential Purchase and Sale Agreement attached as Exhibit B to the Settlement Agreement, is in the best interest of the Estate. Central to the Adversary Proceeding is the nature of Timothy Eyman's and

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 10

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 10 of 13

Karen Williams' ownership of the Mukilteo house and its inclusion as property of the Estate. Prompt sale of the property to Karen Williams will enable the trustee to avoid potentially significant litigation costs, as well as certain costs of sale and potential fluctuations in the real estate market.

For these reasons, the Trustee requests authority, pursuant to §363(b) and (f), to sell the Mukilteo house, free and clear of certain liens and other interests, to Karen Williams in exchange for a payment of $906,484.00, and on other terms set forth in the agreed Residential Purchase and Sale Agreement, an executed copy of which is provided here as Exhibit 2 to the Trustee's declaration.

Having obtained a litigation guarantee on the property on June 28, 2022 (Trustee's Decl. Ex. 3), the Trustee proposes to address the listed exceptions on the following bases and as set forth below. As to general and special taxes, owing on the Mukilteo house for 2022 (Exception 1), the Trustee and Karen Williams have agreed that the taxes, utilities, and similar charges shall be the responsibility of the buyer (Ms. Williams). Thus, the sale need not proceed free and clear of the encumbrance represented by Exception 1.

Exception 2 is a Deed of Trust in favor of U.S. Bank, National Association N.D. ("U.S. Bank") recorded in 2008. The Trustee proposes that the property shall be sold free and clear of any indebtedness associated with this encumbrance. In the Debtor's Chapter 11 schedules filed in 2018, the Debtor listed no secured debt owed on the Mukilteo house. *See Dkt. 1* (pg. 27), Cause no. 18-14536. U.S. Bank was not identified as a creditor or interested party in said schedules. Upon filing updated schedules on January 1, 2022, the Debtor again listed no secured debt and did not schedule U.S. Bank. *Dkt. 427,* Cause no. 18-14536. The Trustee will ensure that full notice of this Motion is given to U.S. Bank at the addresses provided on the Deed of Trust, and as required

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 11

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 11 of 13

by the Bankruptcy Rules. Having received notice of this motion to sell free and clear, if U.S. Bank fails to respond to this motion with satisfactory evidence that it is still owed a secured obligation, this court should order sale of the Mukilteo house free and clear of the U.S. Bank lien and further provide that said lien will not attach to any of the sale proceeds

Exception 3 is the *lis pendens* filed as required by Section 6.08 of the Debtor's Chapter 11 Plan. Thirty day Notice of this Motion will be sent to the specified address for the Office of the Attorney General in Seattle, Washington, and to Klinedinst PC as provided in the *lis pendens*. The stated purpose of the requirement to file the *lis pendens* was to ensure that "the Debtor may not sell or in any way encumber or transfer his home without permission of the court and notifying the creditors of such an action." *See, Dkt. 270*, Cause no. 18-14536. The *lis pendens* has served its purpose. Now, with all parties to the negotiation of the *lis pendens* receiving Notice and also having participated in the Settlement, the sale of the Mukilteo house should proceed free and clear of the *lis pendens*.

Exception 4 is the divorce decree of Timothy Eyman and Karen Williams, which was entered in 2022. To the extent that the Final Divorce Order addresses the assets and liabilities of the parties, it does so with explicit reference to the authority of the Bankruptcy Court in the above-named proceeding. Sale should be free and clear of this encumbrance pursuant to §363(f)(2), given that the parties to the divorce decree are also Parties to the Settlement, which provides for this Sale and evidences their consent to the sale being free and clear of any interests created in the Divorce Order.

Exceptions 5 through 21 are interests related to land use and easement matters affecting the Mukilteo house, pre-dating the Eymans' ownership. The Trustee does not seek to have these

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 12

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 12 of 13

encumbrances removed, given there is no basis under 363(f), other than consent, to effectuate a sale free and clear of those interests.

## V. CONCLUSION

The Parties have reached an agreed Settlement in good faith resolving the Adversary Proceeding and certain other disputes. In furtherance of the Settlement, the Trustee moves this court to approve this motion and grant all relief requested, specifically (1) to approve the Settlement, (2) to approve Abandonment of certain personal property by the Trustee, and (3) to authorize the Trustee to sell the Mukilteo house to Karen Williams on terms set forth in their Agreement and as approved by this court. These actions, taken together, will result in a compromise solution that is in the best interest of creditors and will facilitate prompt and efficient administration of the Eyman Chapter

DATED June 30, 2022.

**SCHWEET LINDE & COULSON, PLLC**

*/s/Thomas S. Linde*
Thomas S. Linde, WSBA #14426
Michael M. Sperry, WSBA #43760
Latife H. Neu, WSBA #33144

Attorneys for Virginia Burdette, Chapter 7 Trustee

TRUSTEE'S MOTION TO APPROVE SETTLEMENT, ABANDONMENT, AND SALE OF REAL PROPERTY – 13

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 474    Filed 06/30/22    Ent. 06/30/22 15:08:10    Pg. 13 of 13