

Chicago Title
3002 Colby Ave., Suite 200
Everett, WA 98201

# Commitment for Title Insurance

Title Officer: Residential Unit
Email: snotitle@ctt.com
Title No.: 500136001

Property Address: 11913 59th Avenue West Mukilteo, WA 98275

## Introducing LiveLOOK

LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

To view your new Chicago Title LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

# LITIGATION/TRUSTEE'S SALE/CONTRACT FORFEITURE

Issued By:

**CHICAGO TITLE INSURANCE COMPANY**

Guarantee Number:

**500136001**

**CHICAGO TITLE INSURANCE COMPANY**
a corporation, herein called the Company

## GUARANTEES

Virginia Burdett, solely as her capacity as the duly appointed Chapter 7 Trustee in RE Timothy Donald Eyman Case No. 18-14536 MLB

**SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS HEREOF, CHICAGO TITLE INSURANCE COMPANY,** a Florida corporation, herein called the Company, guarantees the Assured against loss not exceeding the liability amount stated in Schedule A which the Assured shall sustain by reason of any incorrectness in the assurance which the Company hereby gives that, according to the public records, on the Date of Guarantee stated in Schedule A, the title to the herein described estate or interest was vested in the vestee named, subject to the matters shown as Exceptions in Schedule B, which Exceptions are not necessarily shown in the order of their priority.

This Guarantee shall not be valid or binding until countersigned below by an authorized signatory of the Company.

**Chicago Title Company of Washington**
3002 Colby Ave., Suite 200
Everett, WA 98201

Countersigned By:

*Kristy Jeglum*
Kristy Jeglum
Authorized Officer or Agent

**Chicago Title Insurance Company**

By: *[signature]*
Michael J. Nolan, President

Attest: *[signature]*
Marjorie Nemzura, Secretary

Litigation/Trustee's Sale/Contract Forfeiture Guarantee
Page 1
Printed: 06.28.22 @ 09:44 AM
WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB   Doc 475-3   Filed 06/30/22   Ent. 06/30/22 15:16:12   Pg. 2 of 13

CHICAGO TITLE INSURANCE COMPANY                                         GUARANTEE NO. 500136001

| ISSUING OFFICE: |
|---|
| Title Officer: Residential Unit<br>Chicago Title Company of Washington<br>3002 Colby Ave., Suite 200<br>Everett, WA 98201<br>Phone: (877)602-2190   Fax: (866)827-8844<br>Main Phone: (425)259-8214<br>Email: snotitle@ctt.com |

## SCHEDULE A

| Liability | Premium | Tax |
|---|---|---|
| $906,484.00 | $2,510.00 | $248.49 |

Effective Date: June 22, 2022 at 08:00 AM

1. Assured: Virginia Burdett, solely as her capacity as the duly appointed Chapter 7 Trustee in RE Timothy Donald Eyman Case No. 18-14536 MLB

2. The estate or interest in the land hereinafter described or referred to covered by this Guarantee is:

    FEE SIMPLE

3. Title to the estate or interest in the land is at the date hereof is vested in:

    Timothy D. Eyman and Karen J. Eyman, as tenants in common

4. The land referred to in this Guarantee situated in the County of Snohomish, State of Washington, and is described as follows:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**END OF SCHEDULE A**

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                         Printed: 06.28.22 @ 09:44 AM
                                        Page 2                                   WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 3 of 13

**EXHIBIT "A"**

Legal Description

**For APN/Parcel ID(s):     008347-000-005-00**

LOT 5, ONE CLUB HOUSE LANE, DIV. 6, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 57 OF PLATS AT PAGES 258 THROUGH 270, RECORDS OF SNOHOMISH COUNTY, WASHINGTON.

# SCHEDULE B

THE TITLE TO SAID ESTATE OR INTEREST IS SUBJECT TO THE FOLLOWING EXCEPTIONS:

**GENERAL EXCEPTIONS:**

H. Reservations and exceptions in United States Patents or in Acts authorizing the issuance thereof.

**SPECIAL EXCEPTIONS:**

1. General and special taxes and charges, payable February 15, delinquent if first half unpaid on May 1, second half delinquent if unpaid on November 1 of the tax year (amounts do not include interest and penalties):

   | | |
   |---|---|
   | Year: | 2022 |
   | Tax Account No.: | 008347-000-005-00 |
   | Levy Code: | 00673 |
   | Assessed Value-Land: | $386,000.00 |
   | Assessed Value-Improvements: | $657,200.00 |

   General and Special Taxes:
   Billed:      $8,534.18
   Paid:        $4,267.09
   Unpaid:      $4,267.09

2. A Deed of Trust (With Future Advance Clause) to secure an indebtedness in the amount shown below,
   Amount:            $250,000.00
   Dated:             June 2, 2008
   Trustor/Grantor:   Timothy D. Eyman and Karen J. Eyman, husband and wife
   Trustee:           U.S. Bank Trust Company, National Association
   Beneficiary:       U.S. Bank, National Association N.D.
   Recorded:          July 8, 2008
   Recording No.:     200807080035

3. Institute proceedings in the Bankruptcy Court where a petition was filed:
   Name of Debtor:      Timothy Donald Eyman
   Date of Filing:      November 28, 2018
   U.S. District Court: Western
   Case No.:            18-14536
   Chapter:             7

   Notice of: Lis Pendens; Bankruptcy Case; and Restriction on Transfer:
   Recorded:        April 9, 2020
   Recording No.:   202004090645

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                                        Printed: 06.28.22 @ 09:44 AM
                                              Page 4                              WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 5 of 13

## SCHEDULE B
(continued)

4.    Decree of Dissolution of Marriage and the terms and conditions theroef:
   Petitioner:           Karen Joan Eyman
   Respondent:           Timothy Donald Eyman
   County:               Snohomish
   Court:                Superior
   Cause No.:            22-3-00392-31
   Attorney for Petitioner:   Cory David Rein

5.    Possession Shores Agreement and the terms and conditions thereof:
   Recorded:        August 31, 1978
   Recording No.:   7808310138

6.    Possession Shores Master Plan and the terms and conditions thereof:
   Recorded:        August 31, 1978
   Recording No.:   7808310139

7.    Chevron Agreement and the terms and conditions thereof:
   Recorded:        August 31, 1978
   Recording No.:   7808310140

8.    Mineral Reservations, Easements and other rights reserved in Warrant Deed:
   In favor of:     Chevron U.S.A., Inc., a California corporation
   Recorded:        November 13, 1978
   Recording No.:   7811300199

9.    Covenants, conditions, restrictions and easements but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the Declaration of Covenants, Conditions and Restrictions

   Recorded:        October 28, 1980
   Recording No.:   8010280148

   Second Amendment to Declaration of Covenants, Conditions and Restrictions
   Recorded:        May24, 1984
   Recording No.:   8405240267

   First Amendment to Declaration of Covenants, Conditions and Restrictions
   Recorded:        October 10, 1984
   Recording No.:   8410100034

   Amendment
   Recorded:        October 1, 1985
   Recording No.:   8510010169

   Amended Declaration of Covenants, Conditions and Restrictions
   Recorded:        March 31, 1998
   Recording No.:   9803310698

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                                   Printed: 06.28.22 @ 09:44 AM
                                    Page 5                         WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 6 of 13

## SCHEDULE B
(continued)

10. Notice of Additional Water Connection Charges and the terms and conditions thereof:
    In favor of: Mukilteo Water District
    Recorded: May 22, 1980
    Recording No.: 8005220052

11. Notice of Additional Water Connection Charges and the terms and conditions thereof:
    In favor of: Mukilteo Water District
    Recorded: May 22, 1980
    Recording No.: 8005220053

12. Road Improvement Agreement and the terms and conditions thereof:
    In favor of: Snohomish County, State of Washington, a Municipal corporation
    Recorded: February 17, 1982
    Recording No.: 8202170135

    Addendum No. 1
    Recorded: February 17, 1982
    Recording No.: 8202170136

13. Easement and the terms and conditions thereof:
    In favor of: Public Utility District No. 1 of Snohomish County
    Purpose: construct, erect, alter, improve, repair, operate and maintain electric transmission line facilities and distribution line facilities consisting of wood and/or metal poles and/or structures and/or underground facilities, or combinations thereof, with necessary braces, guys and anchors, and to install or place upon or suspend from such poles or facilities, transmission, distribution and signal wires, insulators, cross-arms, transformers and other electrical equipment, telephone and/or telegraph communication wires and television wires and/or cables, and other necessary or convenient appurtenances
    Recorded: December 12, 1983
    Recording No.: 8312120200

14. Access Easement Agreement and the terms and conditions thereof:
    Purpose: ingress and egress
    Recorded: March 15, 1985
    Recording No.: 8503150250

15. Easement for Underground and the terms and conditions thereof:
    In favor of: Public Utility District No. 1 of Snohomish County
    Purpose: construct, erect, alter, improve, repair, operate and maintain an underground electric transmission and distribution line, consisting of transmission and distribution wires, transformers, pedestals, telephone communication wires, and other necessary or convenient appurtenances
    Recorded: November 5, 1985
    Recording No.: 8511050074

16. Road Improvement Agreement and the terms and conditions thereof:
    In favor of: Snohomish County, a Municipal corporation
    Purpose: ingress and egress
    Recorded: September 2, 1988
    Recording No.: 8809020115

Litigation/Trustee's Sale/Contract Forfeiture Guarantee
Page 6
Printed: 06.28.22 @ 09:44 AM
WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB   Doc 475-3   Filed 06/30/22   Ent. 06/30/22 15:16:12   Pg. 7 of 13

## SCHEDULE B
(continued)

17. Covenant Agreement and the terms and conditions thereof:
    Recorded:         August 23, 1989
    Recording No.:    8908230414

18. Sector Agreement and the terms and conditions thereof:
    Recorded:         August 23, 1989
    Recording No.:    8908230415

    Agreement Modifying Section Agreement
    Recorded:         October 24, 1994
    Recording No.:    9410240322

    Partial Release
    Recorded:         March 28, 1995
    Recording No.:    9503280305

19. Utility Easement and the terms and conditions thereof:
    In favor of:      Alderwood Water District
    Purpose:          installing, constructing, operating, maintaining, removing, repairing, replacing and using a sanitary sewer together with all connections and appurtenances thereto, together with the right of ingress to and egress from
    Recorded:         September 29, 1989
    Recording No.:    8909290531

20. Agreement for Mitigating Development Impacts on Park and Recreation Services and the terms and conditions thereof:
    In favor of:      City of Mukilteo, a political subdivision of the State of Washington
    Recorded:         March 6, 1992
    Recording No.:    9203060520

21. Easement and the terms and conditions thereof:
    Purpose:          construct, reconstruct, replace, repair and maintain utilities
    Recorded:         June 11, 1992
    Recording No.:    9206110203

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                                  Printed:  06.28.22 @ 09:44 AM
                                Page 7                                  WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 8 of 13

## SCHEDULE B
(continued)

22. Covenants, conditions, restrictions and easements but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the Declaration of Covenants, Conditions & Restrictions

    Recorded:         December 21, 1992
    Recording No.:    9212210601

    First Amendment to the Declaration of Covenants, Conditions and Restrictions
    Recorded:         May 31, 1994
    Recording No.:    9405310883

    Second Amendment to the Declaration of Covenants, Conditions and Restrictions
    Recorded:         May 31, 1994
    Recording No.:    9405315003

    Findings and Recommendation
    Recorded:         October 24, 1994
    Recording No.:    9410240323

    Third Amendment to the Declaration of Covenants, Conditions and Restrictions
    Recorded:         December 8, 1994
    Recording No.:    9412080188

    Fourth Amendment to the Declaration of Covenants, Conditions and Restrictions
    Recorded:         February 17, 2009
    Recording No.:    200902170578

23. Any unpaid assessments or charges and liability to further assessments or charges, for which a lien may have arisen (or may arise), as provided for under Washington law and in instrument set forth below:
    Imposed by:       Harbour Pointe Sector 12 Homeowners Association
    Recorded:         December 21, 1992
    Recording No.:    9212210601

24. Landscaping & Sign Easement and the terms and conditions thereof:
    Purpose:          landscaping and construction, operation and maintenance of utilities and entry signs
    Recorded:         July 6, 1993
    Recording No.:    9307060005

25. Covenants, conditions, restrictions, recitals, reservations, easements, easement provisions, encroachments, dedications, building setback lines, notes, statements, and other matters, if any, but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth on the Plat of One Club House Lane Div. 6 (also known as Harbour Pointe Section 12 Div. 2)

    Recorded:         October 24, 1994
    Recording No.:    9410245002

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                                    Printed: 06.28.22 @ 09:44 AM
                                        Page 8                         WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 9 of 13

**CHICAGO TITLE INSURANCE COMPANY**                                     **GUARANTEE NO. 500136001**

## SCHEDULE B
(continued)

26. Right of any party interested to sue or petition to have set aside, modified or contest a judicial or non-judicial foreclosure or forfeiture, or any deed pursuant hereto, through which title to the Land is derived; and any liens, encumbrances and/or ownership interests which may exist as a result of any acts or omissions of the foreclosing parties, or as a result of such suit or petition.

    Note: The Company may be willing to remove this exception upon a conveyance to a bona fide purchaser for fair market value. Please contact your title officer for further information.

    NOTES:

    Note: FOR INFORMATIONAL PURPOSES ONLY:

    The following may be used as an abbreviated legal description on the documents to be recorded, per Amended RCW 65.04.045. Said abbreviated legal description is not a substitute for a complete legal description within the body of the document:

    LT 5, ONE CLUB HOUSE LANE, DIV. 6, SNOHOMISH COUNTY, WA
    Tax Account No.: 008347-000-005-00

    Note: The Public Records indicate that the address of the improvement located on said Land is as follows:

    11913 59th Avenue West
    Mukilteo, WA 98275

**END OF SCHEDULE B**

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                             Printed: 06.28.22 @ 09:44 AM
Page 9                                  WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 10 of 13

CHICAGO TITLE INSURANCE COMPANY                                    GUARANTEE NO. 500136001

## SCHEDULE C
## INFORMATION FOR THE ASSURED

1. This Guarantee is restricted to the use of the Assured solely for the purpose of providing information to facilitate the commencement of a suit at law or foreclosure pursuant to RCW 61.24 of a mortgage described in Schedule B affecting the land described in Schedule A. The Company shall have no liability for any reliance hereon except for the purpose for which this Guarantee is issued. This Guarantee is neither a commitment nor an obligation by the Company to issue any policy or policies of title insurance insuring said land, and it is not to be used as a basis for closing any transaction affecting title to said land.

2. Upon request WITHIN SIXTY (60) DAYS from the effective date of this Guarantee, the Company will extend the effective date of this Guarantee by endorsement to include the filing of any complaint and recording of Notice of Lis Pendens, recording of Notice of Intent to Forfeit Real Estate Contract, or recording of the Notice of Trustee's Sale. Such an endorsement will show as additional exceptions, and therefore exclude from coverage, those matters attaching subsequent to the effective date of the Guarantee but prior to the issuance of the endorsement.

3. Upon request on the thirtieth (30th) day preceding the date set for the forfeiture of real estate contract, or trustee's sale, the Company will issue an endorsement identifying federal tax liens, if any, affecting the land described in Schedule A. THE RESPONSIBILITY, HOWEVER, FOR DETERMINING THE THIRTIETH (30TH) DAY BEFORE THE SALE OR FORFEITURE, AND FOR MAKING THE REQUEST ON THAT SAME DAY, IS BORNE BY THE ASSURED.

4. The Company may, BUT IS NOT OBLIGATED TO, issue additional endorsements extending the effective date of the Guarantee at the request for the Assured. The Company will not, and accepts no obligation to, issue an endorsement extending the effective date to, or beyond, the date of any sale of the premises, recording of a Declaration of Forfeiture or a Real Estate Contract, trustee's sale or deed in lieu thereof.

5. Attention is called to the Servicemembers Civil Relief Act (108 P.L. 189; 117 Stat. 2835; 2003 Enacted H.R. 100) and amendments thereto which contain inhibitions against the sale of land under a deed of trust if the owner is entitled to the benefits of said Act.

6. Attention is called to the Federal Tax Lien Act of 1966 and amendments thereto which, among other things, provides for the giving of written notice of sale or forfeiture in a specified manner to the Secretary of the Treasury or his delegate as a requirement for the discharge or divestment of a federal tax lien in a non-judicial sale or forfeiture, and establishes with respect to such lien a right in the United States to redeem the property within a period of one hundred twenty (120) days from the date of any such sale or forfeiture.

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                                    Printed: 06.28.22 @ 09:44 AM
Page 10                                    WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 11 of 13

**CHICAGO TITLE INSURANCE COMPANY**                                                                                 **GUARANTEE NO. 500136001**

## EXCLUSIONS FROM COVERAGE

The following mailers are expressly excluded from the coverage of this Guarantee:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation effecting the land has been recorded in the public records at Date of Guarantee.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Guarantee.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Guarantee.

3. Defects, liens, encumbrances, adverse claims against the title as guaranteed, or other matters:

   (a) created, suffered, assumed or agreed to by one or more of the Assured;

   (b) not known to the Company, not recorded in the public records at Date of Guarantee but known to one or more of the Assured at Date of Guarantee;

   (c) resulting in no loss or damage to the Assured;

   (d) attaching or created subsequent to Date of Guarantee.

4. No guarantee is given nor liability assumed with respect to the identity of any party named or referred to in Schedule B or with respect to the validity, legal effect or priority of any matter shown therein.

5. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

6. Unpatented mining claims; reservations or exceptions in United States Patents or in Acts authorizing the issuance thereof; Indian tribal codes or regulations. Indian treaty or aboriginal rights, including easements or equitable servitudes; water rights, claims or title to water.

7. Title to any property beyond the lines of the land expressly described in the description set forth in this Guarantee, or title to streets, roads, avenues, lanes, ways or waterways on which such land abuts, or the right to maintain therein vaults, tunnels, ramps or any other structure or improvement; of any rights or easements therein unless such property, rights or easements are expressly and specifically set forth in said description.

8. Any loss or damage which arises out of any transaction affecting the estate or interest shown in Schedule A of this Guarantee by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

## CONDITIONS AND STIPULATIONS

**1. DEFINITION OF TERMS**

The following terms when used in this Guarantee mean;

(a) "land": the land described in this Guarantee and improvements affixed thereto which by law constitute real property.

(b) "public records": records established under state statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a)(iv) of the Exclusions from Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States District Court for the district in which the land is located.

(c) "date." "Date of Guarantee": the effective date;

(d) "the Assured": the party or parties named as the Assured in this Guarantee, or in a supplemental writing executed by the Company.

(e) "mortgage": mortgage, deed of trust, trust deed, real estate contract or other security instrument,

**2. PROSECUTION OF ACTIONS**

(a) The Company shall have the right at its own cost to institute and prosecute any action or proceeding or do any other act which in its opinion may be necessary or desirable to establish or confirm the matters herein guaranteed; and the Company may take any appropriate action under the terms of this Guarantee whether or not it shall be liable thereunder and shall not thereby concede liability or waive any provision hereof.

(b) in all cases where the Company does so institute and prosecute any action or proceeding, the Assured shall permit the Company to use, at its option, the name of the Assured for such purpose. Whenever requested by the Company, the Assured shall give the Company all reasonable aid in prosecuting such action or proceeding, and the Company shall reimburse the Assured for any expense so incurred.

**3. NOTICE OF LOSS-LIMITATION OF ACTION**

A statement in writing or any loss or damage for which it is claimed the Company is liable under this Guarantee shall be furnished lo the Company within sixty days after such loss or damage shall have been determined, and no right of action shall accrue to the Assured under this Guarantee until thirty days after such statement shall have been furnished, and no recovery shall be had by the Assured under this Guarantee unless action shall be commenced thereon within two years after expiration of said thirty day period. Failure to furnish such statement of loss or damage or to commence such action within the time hereinbefore specified, shall be a conclusive bar against maintenance by the Assured of any action under this Guarantee,

Litigation/Trustee's Sale/Contract Forfeiture Guarantee                                               Printed: 06.28.22 @ 09:44 AM
Page 11                                            WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB   Doc 475-3   Filed 06/30/22   Ent. 06/30/22 15:16:12   Pg. 12 of 13

(continued)

4. **OPTION TO PAY, SETTLE OR COMPROMISE CLAIMS**
   The Company shall have the option to pay or settle or compromise for or in the name of the Assured any claim which could result in loss to the Assured within the coverage of this Guarantee, or to pay the full amount of this Guarantee or, if this Guarantee is issued for the benefit of a holder of a mortgage, the Company shall have the option to purchase the indebtedness secured by said mortgage. Such purchase, payment or tender of payment of the full amount of the Guarantee shall terminate all liability of the Company hereunder. In the event after notice of claim has been given to the Company by the Assured the Company offers to purchase said indebtedness, the owner of such indebtedness shall transfer and assign said indebtedness and the mortgage securing the same to the Company upon payment of the purchase price.

5. **LIMITATION OF LIABILITY-PAYMENT OF LOSS**
   (a) The liability of the Company under this Guarantee shall be limited to the amount of actual loss sustained by the Assured because of reliance upon the assurances herein set forth, but in no event shall such liability exceed the amount of total liability stated within this Guarantee.
   (b) The Company will pay all costs imposed upon the Assured in litigation carried on by the Company for the Assured, and all costs and attorney's fees in litigation carried on by the Assured with the written authorization of the Company.
   (c) No claim for damages shall arise or be maintainable under this Guarantee (1) if the Company after having received notice of an alleged defect, lien or encumbrance not shown as an Exception or excluded herein removes such defect, lien or encumbrance within a reasonable time after receipt of such notice, or (2) for liability voluntarily assumed by the Assured in settling any claim or suit without written consent of the Company.
   (d) All payments under this Guarantee, except for attorneys' fees as provided for in paragraph 5(b) hereof, shall reduce the amount of the liability hereunder pro tanto, and no payment shall be made without producing this Guarantee for endorsement of such payment unless the Guarantee be lost or destroyed, in which case proof of such loss or destruction shall be furnished to the satisfaction of the Company.
   (e) When liability has been definitely fixed in accordance with the conditions of this Guarantee, the loss or damage shall be payable within thirty days thereafter.

6. **SUBROGATION UPON PAYMENT OR SETTLEMENT**
   Whenever the Company shall have settled a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured, and it shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to such claim had this Guarantee not been issued. If the payment does not cover the loss of the Assured, the Company shall be subrogated to such rights and remedies in the proportion which said payment bears to the amount of said loss. The Assured if requested by the Company, shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect such right or subrogation, and shall permit the Company to use the name of the Assured in any transaction or litigation involving such rights or remedies.

7. **GUARANTEE ENTIRE CONTRACT**
   Any action or actions or rights of action that the Assured may have or may bring against the Company arising out of the subject matter hereof must be based on the provisions of this Guarantee.

   No provision or condition of this Guarantee can be waived or changed except by a writing endorsed or attached hereto signed by the President, a Vice President, the Secretary, an Assistant Secretary or other validating officer of the Company.

8. **NOTICES, WHERE SENT**
   All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this guarantee and shall be addressed to the Company at: Chicago Title Insurance Company, P.O. Box 45023, Jacksonville, FL 32232-5023.

9. **THE FEE SPECIFIED WITHIN THIS GUARANTEE IS THE TOTAL FEE FOR TITLE SEARCH AND EXAMINATION AND FOR THIS GUARANTEE.**

**END OF CONDITIONS AND STIPULATIONS**

Litigation/Trustee's Sale/Contract Forfeiture Guarantee     Printed: 06.28.22 @ 09:44 AM
Page 12     WA-CT-FNRV-02150.624683-SPS-72015-1-22-500136001

Case 18-14536-MLB    Doc 475-3    Filed 06/30/22    Ent. 06/30/22 15:16:12    Pg. 13 of 13