Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

Honorable Judge Marc Barreca
Chapter 7
Everett Station Calendar
Hearing Date: September 28, 2022
Hearing Time: 10:00 a.m.
Response Due: September 21, 2022

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TIMOTHY DONALD EYMAN<br><br>Debtor(s). | Case No.: 18-14536-MLB<br><br>**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SCHWEET LINDE & COULSON, PLLC, COUNSEL FOR CHAPTER 7 TRUSTEE** |

### HEARING NOTICE

PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date and time below.

The Motion is set for hearing as follows:

| Judge: Honorable Marc Barreca | Time: 10:00 A.M. |
|---|---|
| ***Place of Hearing:***<br>Zoom<br>https://www.zoomgov.com/j/1607704823?pwd=TUYxditUQ211OWdNeXVuYlZ5bTdBUT09<br>Meeting ID: 160 770 4823<br>Passcode: 781136<br>One tap mobile<br>+16692545252,,1607704823# US (San Jose)<br>+16692161590,,1607704823# US (San Jose)<br><br>Dial by your location<br>+1 669 254 5252 US (San Jose)<br>+1 669 216 1590 US (San Jose)<br>+1 646 828 7666 US (New York) | Date: September 28, 2022 |

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 1

| +1 551 285 1373 US<br>Meeting ID: 160 770 4823 | |

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned NOT LATER THAN THE RESPONSE DATE, which is **September 21, 2022**, as indicated above. If you file a response, then you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE, and strike the hearing.

## MOTION AND APPLICATION

Schweet Linde & Coulson, PLLC ("SLC"), counsel for Virginia Burdette, the Chapter 7 Trustee of the Bankruptcy Estate of Timothy D. Eyman, ("Trustee"), respectfully submits this application for compensation and reimbursement of expenses incurred in the representation of the Trustee in the above captioned Chapter 7 main case, in the above captioned proceeding and the associated Adversary Proceeding, *State of Washington, et.al. v. Timothy Donald Eyman, et.al.*, Western Washington Bankruptcy Court Adversary Proceeding No. 21-01041-MLB.

SLC is seeking approval of fees in the amount of $163,727.50 and costs in the amount of $7,272.44, which covers the time period December 17, 2021 through August 9, 2022. This application is supported by the records and files herein, and the declaration of Thomas S. Linde, attached below.

11 U.S.C. § 330, entitled Compensation of Officers, governs the requirements for awarding fees to a professional person employed under 11 U.S.C. § 327. After notice and a hearing, the Court may award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). In determining the amount of reasonable compensation to be awarded, the Court must consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 2

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 2 of 13

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). In determining the reasonable amount of attorney's fees to be awarded, courts use the lodestar analysis. A lodestar approach calculates a reasonable attorney fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 130 S. Ct. 1662, 1669 (2010). This calculation results in a "presumptively reasonable" fee award. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). The applicant bears the burden of proof to establish that its hourly rate and hours expended are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).

The services provided by SLC were necessary to the administration of this case and beneficial at the time they were rendered. As outlined below, SLC performed services which are expected to result in the gross recovery of over $900,00.00 for the Bankruptcy Estate. The rates charged by SLC are at or below the market rate for attorneys of similar skill and experience. SLC incurred a total of $173,449.94 (380.35 hours plus expenses) in this matter, of which $170,999.94 ( 375.3 hours plus expenses) are being billed to the estate.

The time spent by SLC on this matter was reasonable given the complexity of the legal issues, the duration of the application period (nearly nine months), and the favorable result obtained. Pursuant to the lodestar analysis, the fees requested by SLC are "presumptively

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 3

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 3 of 13

reasonable," and SLC believes they are also reasonable in-fact. Likewise, the costs requested were actual and necessary expenses of the estate.

For these reasons, SLC respectfully requests the Court approve the application and enter an order approving SLC's request for compensation and reimbursement of expenses.

DATED this September 7, 2022.

**SCHWEET LINDE & COULSON, PLLC**

/s/ *Thomas S. Linde*
Thomas S. Linde, WSBA #14426
Michael S. Sperry, WSBA #43760
Latife H. Neu, WSBA #33144
Attorneys for Chapter 7 Trustee Virginia Burdette

## DECLARATION OF COUNSEL

1. I am one of the attorneys representing the Trustee in this matter. I am a custodian of the billing statements documenting the fees and costs incurred in connection with this matter. I have personal knowledge of the facts contained herein and am competent to testify thereto. This declaration is made pursuant to Local Bankr. R. 2016-1.

2. **Order Authorizing Employment:** The Court entered the Order Authorizing Employment of General Counsel for the Trustee, which approved SLC's employment, on December 22, 2021, at Dkt. 422.

3. **Prior Compensation**: This interim application for compensation and reimbursement of expenses is the first such application filed by SLC in this matter, and SLC has not received any compensation in this matter.

4. **Source of Payment:** SLC requests payment from the unencumbered finds in the bankruptcy estate ("Estate").

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 4

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 4 of 13

5. **Unencumbered Funds**: Upon closing on the sale of the principal asset of the Estate on August 24, 2022, the Estate received an estimated $889,668.58 in unencumbered funds, as a direct result of work performed by SLC in this matter.

6. **Other Professionals:** The Estate has employed the following other professionals in this case: Kary Krismer, as Realtor employed by the Trustee pursuant to an order dated February 10, 2022 (Dkt. 437), and Richard Ginnis as Accountant for the Trustee pursuant to an order dated April 6, 2022 (Dkt. 454). Neither of these professionals have yet filed an application for compensation.

7. **Relevant History and Issues of the Case:**

The Debtor's case was filed as an individual Chapter 11 bankruptcy on November 28, 2018 (Dkt. 1). A Chapter 11 Plan was confirmed on April 8, 2020 (Dkt. 274.) The Debtor stipulated that the debt owed to the State of Washington was non-dischargeable (Dkt. 297). On July 29, 2020, the Chapter 11 case administratively closed without discharge. Following default on the Chapter 11 plan in 2021, the State of Washington moved to convert the Debtor's case to Chapter 7 (Dkt. 392). This Court entered the Order Granting Motion to Convert Case from Chapter 11 to 7 on December 17, 2021 (Dkt. 408), and appointed Trustee Burdette on the same day (Dkt. 409). SLC was employed by the Trustee as her counsel upon the Trustee's appointment following conversion, with SLC's employment formally approved on December 22, 2021 (Dkt. 422).

Prior to conversion, an adversary proceeding had been filed by the State of Washington under cause number 21-01041, seeking a determination that certain real property disclosed in Debtor's schedules and confirmed Chapter 11 Plan, an unencumbered home in Mukilteo, Washington, was the property of the bankruptcy Estate, and subject to administration by the Trustee. The State had further sought a determination that the recording of certain of fee awards in favor of attorneys for the Debtor had been made in violation of the bankruptcy stay and were therefore void. Debtor's estranged wife, Karen Eyman n/k/a Karen

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 5

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 5 of 13

Williams, had intervened in the adversary proceeding, asserting that she had a separate property interest in the property. The deadline for dispositive motions and trial date were set in February and March, 2022, respectively. The Trustee, through SLC, obtained an order permitting her to intervene in the adversary proceeding, and participate in this Court addressing the summary judgment filed by the State. This Court ultimately ruled the property was at least 80% community property, and deferred on ruling as to the character of the other 20% interest. (AP Dkt. 68).

After the summary judgment ruling, the Trustee, the State, Tim Eyman, Karen Williams, and Goodstein Law Group entered mediation through the Thomas T. Glover Mediation Program. That mediation ultimately resulted in an agreement whereby the Trustee could administer the real property with the agreement of parties, avoiding litigation that could have caused the administration to be drawn out or unsuccessful. The settlement was ultimately approved by this Court (Dkt. 483) and the real property has been administered netting the estate $889,693.52 (Dkt. 485).

8. **Summary of Services Provided**[1]

| Category | Time | Expense | Total |
|---|---:|---:|---:|
| Preliminary Investigation | $14,550.00 | $0.00 | $14,550.00 |
| Asset Analysis | $11,355.00 | $0.00 | $11,355.00 |
| Case Management | $11,480.00 | $0.00 | $11,480.00 |
| Exemptions | $8,785.00 | $0.00 | $8,785.00 |
| Claims Analysis | $21,225.00 | $88.79 | $21,313.79 |
| Adversary Proceeding | $54,840.00 | $2,832.12 | $57,672.12 |
| Mediation | $39,242.50 | $4,351.53 | $43,594.03 |
| Fee Application | $2,250.00 | $0.00 | 2,250.00 |
| **Total Fees Incurred** | **$163,727.50** | | |
| **Total Expenses** | | **$7,272.44** | |
| **Fees and Expenses Due** | | | **170,999.94** |

---

[1] SLC has endeavored to allocate each time entry to the most appropriate time category. Certain entries contain more than one type of entry, or could appropriately be characterized under more than one category.

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 6

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 6 of 13

A.  **Preliminary Investigation:** This category includes the tasks of conducting preliminary investigations of case history, assets, and legal issues that were initially apparent. A close review of the docket, review of filings related to major events in the chapter 11, review of key hearings that had previously occurred in the case, and legal research on certain assets and issues that presented at the outset of the case were necessary. This category includes reviewing and analyzing available information in the early stages of the case, analyzing potential outcomes, constructing and analyzing chronologies of key events, and development of an initial case strategy. Fees categorized as preliminary investigation total $14,795.00. No expenses are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit A.

B.  **Asset Analysis:** This category includes investigation of assets and research on legal issues related to Estate assets, including whether the real property administered was community property of Tim Eyman and Karen Williams, or Karen Williams separate property. Asset valuation and monthly financial disclosures filed throughout the chapter 11 were closely reviewed to better understand the debtor's income, receivables, payments/outflows, and estate assets. Where appropriate, memoranda or spreadsheets were developed, which have been used as reference documents throughout the case.

Fees associated with Asset Analysis total $11,355.00. No expenses are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit B.

C.  **Case Management:** This category includes a range of tasks over the course of the case. SLC made filings necessary to be employed. Counsel prepared for the 341 hearing, and prepared follow up summary of testimony and post-341 action items. This category includes meetings among SLC attorneys and with the Trustee, often covering a range of legal, practical, and strategic issues. This category includes as staff time allocated to the case. Fees associated with Main Case Management total $11,615. No expenses are

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 7

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 7 of 13

associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit C.

D. **Exemptions:** SLC prepared and filed an Objection to Exemptions and request to extend the deadline for further objections on behalf of the Trustee. Dkt. 432. Initially, the Trustee objected to the assertion of a homestead exemption on the Mukilteo house based on the updated 2021 homestead law. The Trustee later objected to exemptions asserted as to the contents of certain bank accounts. Dkt. 456. The Trustee's motion was continued pending the outcome of mediation. Following settlement in mediation and resolution of the homestead exemption dispute, the exemption issues were narrowed to the bank accounts, with responsive and reply briefing filed (see e.g. Dkt. 469), and oral argument before this Court. The Court ruled in favor of the Trustee's position. Dkt. 472. Fees associated with exemptions total $9,145.00. No expenses are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit D.

E. **Claims Analysis:** On review of claims for attorney fees filed in the case by Goodstein Law Group, PLLC (GLG) in its Fifth Application for Compensation (Dkt. 439), and Vortman & Feinstein (V&F) in its Final Application for Compensation (Dkt. 440), SLC determined that payment of the claims should be opposed. This determination was the result of significant research and analysis, and the resulting objection to fees was not undertaken lightly. Opposition to the fee applications was filed at Dkt. 445 and 446, respectively. The Court heard oral arguments, and took the objections under advisement. Though this Court granted in full the claims for fees, the work at the time was necessary and beneficial to the estate by ensuring administrative claims were limited only to those claimants entitled to compensation. The issues presented in the objections were well taken enough that this Court took the matter under advisement instead of simply ruling at the initial hearing. Fees associated with the category of claims analysis total $21,630.00. Expenses in the amount of $88.79 are attributable to legal research costs. An itemized recitation of fees and expenses in this category is attached hereto as Exhibit E.

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 8

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 8 of 13

F. **Adversary Proceeding:** This category includes fees and expenses related to the State's Adversary Proceeding, in which the Trustee intervened and advocated for the interests of the Estate, as described below. Before conversion to Chapter 7 and the appointment of the Trustee, the State of Washington had initiated an Adversary Proceeding against the Debtor, and against Debtor's bankruptcy counsel (VF) and special counsel (GLG) ( AP Dkt. 1). As to the Debtor, the State sought declaratory relief to establish that the Mukilteo house was community property of the debtor and therefore property of the Estate. As to counsel, the State sought a determination that certain encumbrances recorded against the Mukilteo house's title were invalid and that the recordings had been performed in violation of the bankruptcy stay and were therefore void. The Debtor's estranged wife sought leave to join the suit as an intervenor in August, 2021, and having been granted leave to intervene (AP Dkt. 29), filed an Answer asserting a separate property interest in the Mukilteo property, with counter claims against the State (AP Dkt. 30). At the time of conversion, trial was set to begin on March 24, 2022, and the deadline for dispositive motions was February 22, 2022. (AP Dkt. 31). On January 6, 2022, the State filed a Motion for Summary Judgment on all issues in the case, and set the Motion for hearing on February 3, 2022 (AP Dkt. 34), later re-noted for hearing on February 9, 2022 (AP Dkt. 42).

Because the Adversary Proceeding filed by the State stood to determine whether the Mukilteo property was property of the Estate, the Trustee had a strong interest in the outcome of the case. The Trustee moved, on shortened time, to intervene in the Adversary Proceeding (AP Dkt. 35, 36), and following hearing was granted leave to intervene on January 20, 2022 (AP Dkt. 51). SLC prepared the Trustee's response to the State's Motion for Summary Judgment, which preparation included significant legal research, and research into the ownership and encumbrance history of the Mukilteo house, and of the house owned by the Eymans prior to owning the Mukilteo house.

Following oral argument, this Court's ruling narrowed the issues. SLC drafted the Order for entry following the Court's oral ruling. Dkt. 64. Subsequently, the parties to the

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 9

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 9 of 13

adversary proceeding agreed to seek referral of the adversary to mediation in hopes of a quicker, less costly agreed resolution.

In the intervening period between oral arguments on the Motion for Summary Judgment and the entry of the referral to mediation, SLC prepared and filed Disclosures of Non-expert Witnesses and Exhibits, as provided in the case schedule then in effect. AP Dkt. 65. Mediation and a period of mediated negotiation ensued. Following the mediation process, which is described in the category below, and in anticipation of the agreed sale of the property from the Estate to Ms. Williams (f/k/a Eyman) per the terms of the agreement reached in mediation, a litigation guarantee was obtained on the Mukilteo house property. Bringing the mediated resolution back to this Court for approval, SLC prepared and filed the Trustee's Motion to Approve Settlement pursuant to Rule 9019, Motion to Abandon property of the Estate, and Motion to Authorize Sale of Real Property (AP Dkt. 474). This combined Motion was filed to give effect to the global agreement reached by the parties to the adversary proceeding. The Settlement, Abandonment, and Sale were approved by this Court on August 4, 2022 (Dkt. 483). Fees associated with the adversary proceeding total $55,875.54. Expenses in the amount of $2,831.58 are attributable to a litigation guarantee necessary for transfer of real property, legal research costs, and postage. An itemized recitation of fees and expenses in this category is attached hereto as Exhibit F.

G. **Mediation:** This category includes fees and expenses related to mediation of the Adversary Proceeding (described above) to a successful agreed settlement. Upon reaching agreement to mediate the Adversary Proceeding, SLC worked with other parties to identify an agreed mediator and set a mediation date. SLC prepared and filed the Stipulation appointing a Thomas T. Glover Mediation Program panel mediator, Ann Marshall (AP Dkt. 69). Ms. Marshall was duly appointed (AP Dkt. 71) and the deadlines in the adversary case were stayed.

In preparation for mediation, SLC met with the mediator to discuss issues and prepared a mediation statement. Per the mediator's request, a draft mediation settlement document

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 10

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 10 of 13

was prepared. Mediation proceeded on March 24, 2022, with SLC attorney Thomas Linde and the Trustee participating via Zoom.

After the formal mediation and with the assistance of the mediator, the parties continued negotiations toward settlement of the adversary proceeding. Numerous versions of the settlement and Exhibits thereto were circulated, addressing a range of issues raised by participants. Following nearly three months of effort, an agreed settlement was reached, which addressed disposition of the Mukilteo house and certain exempt and non exempt property. Fees associated with mediation total 39,377.49. Expenses in the amount of $4,351.53 are attributable to the mediator's fee and legal research costs. An itemized recitation of fees and expenses in this category is attached hereto as Exhibit G.

H. **Fee application:** Attorney L. Neu categorized time logs and prepared a narrative explanation of time spent by category. Staff assisted in producing time logs broken out by categories. Four hours of attorney time and 3 hours of staff time are allocated for this Fee Application, representing less than the time actually expended for preparation of the fee application, for a fee request of $2,250.00.

9. **Itemized Time Record of Services and Expenses:** Between December 16, 2021, and August 09, 2022 (the "Application Period"), SLC performed substantial work on behalf of the Trustee and the bankruptcy estate. Attached and incorporated herein as **Exhibit A** is a true and correct copy of SLC's itemized time record of services for which this award of compensation is sought, broken down by categories consistent with those described in section 8.A-G, above. Time records have been redacted to remove work product or attorney-client privileged information. **Inclusion of unredacted attorney-client privileged or work product information does not constitute waiver of such privilege and is intended only to assist the Court in reviewing this fee application**.

10. As a direct result of the services described above, the estate has made a gross recovery of $889,693.58. Further collection of assets by the Estate is expected.

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 11

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 11 of 13

11. The persons that may be referenced in the records and the total fees incurred and "no-charged" for each are summarized in the chart below:

| Name | Position | Hourly Rate |
|---|---|---|
| Thomas S. Linde | Partner | $450 |
| Michael M. Sperry | Partner | $450 |
| Jacob Rosenblum | Partner | $450 |
| Latife H. Neu | Of Counsel | $450 |
| Conner Morgan | Associate | $350 |
| Michael Parrot | Associate | $350 |
| Karen L. Linde | Paralegal | $150 |
| Legal Assistant/Intern | Legal Assistant/Intern | $150 |

12. SLC has spent a total of 380.35 hours of time on this case, of which 375.05 hours are being billed to the estate. The total amount of compensation for which approval is requested is $170,999.94.

13. **Reimbursement of Expenses:** In addition, SLC has incurred expenses in the amount of $7,2772.44, which were incurred for postage, Westlaw legal research, the mediator's fee, and obtaining a litigation guarantee in support of the sale of the Mukilteo property. The following chart sets forth the fees incurred in each of the above categories**:**

| Expense Category | Subtotal |
|---|---|
| Preliminary Investigation and Asset Analysis | $0.00 |
| Case Management | $0.00 |
| Exemptions | $0.00 |
| Claims Analysis | $88.79 |
| Adversary Proceeding: *Litigation Guarantee: $2,758.49 *Legal research: $36.60 *Postage: $37.03 | $2,832.12 |
| Mediation *Mediator's fee: $2,667.92 *Legal research: $1,683.61 | $4,351.53 |
| Fee Application | $0.00 |
| **Total Expenses** | **$7,272.44** |

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 12

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 12 of 13

14. These expenses were actual and necessary, given the duration of this case, the numerous legal and procedural issues faced, and the general complexity presented in this matter. Dates and explanations of expenses incurred can be found in Exhibit A, attached hereto.

15. This application includes some time billed prior to the initial employment of SLC, between the period of December 17 and December 22, 2021.

16. **Services Remaining to be Rendered:** SLC is investigating the asset represented by the $411,000.00 debt owed to the debtor, which is an asset of the estate. Should SLC determine that pursuit of this asset would benefit the estate, additional time expenditures will be necessary for its liquidation. In addition, should turnover of the non-exempt bank and Paypal balances not be forthcoming, the Trustee will evaluate the necessary next steps, including the possibility of filing an action against the Debtor under §727.

17. When the Trustee was appointed in this case, there were several issues that requiring prompt action that, as made clear by this Court's ruling on the summary judgment in the adversary proceeding, required significant time to understand and brief. SLC has worked diligently with the Trustee and other parties to ensure a prompt and efficient resolution of the difficult issues that has resulted in a tremendous result for creditors of the estate.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Executed September 7, 2022, at Seattle, Washington

**/s/Thomas S. Linde**
Thomas S. Linde, WSBA #14426

FIRST INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 13

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 486    Filed 09/07/22    Ent. 09/07/22 13:38:56    Pg. 13 of 13