Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

Honorable Judge Marc Barreca
Chapter 7
Everett Station Calendar
Hearing Date: January 25, 2023
Hearing Time: 10:00 a.m.
Response Due: January 18, 2023

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TIMOTHY DONALD EYMAN

Debtor(s).

Case No.: 18-14536-MLB

**SECOND INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SCHWEET LINDE & COULSON, PLLC, COUNSEL FOR CHAPTER 7 TRUSTEE**

## MOTION AND APPLICATION

Schweet Linde & Coulson, PLLC ("SLC"), counsel for Virginia Burdette, the Chapter 7 Trustee of the Bankruptcy Estate of Timothy D. Eyman, ("Trustee"), respectfully submits its second application for compensation and reimbursement of expenses incurred in the representation of the Trustee in the above captioned Chapter 7 main case, in the above captioned proceeding and the associated Adversary Proceeding, *State of Washington, et.al. v. Timothy Donald Eyman, et.al.*, Western Washington Bankruptcy Court Adversary Proceeding No. 21-01041-MLB.

SLC is seeking approval of fees in the amount of $13,195.50 and costs in the amount of $25.50, which covers the time period August 10, 2022 through December 15, 2022. This application is supported by the records and files herein, and the declaration of Thomas S. Linde, attached below.

11 U.S.C. § 330, entitled Compensation of Officers, governs the requirements for awarding fees to a professional person employed under 11 U.S.C. §327. After notice and a hearing, the Court may award "reasonable compensation for actual, necessary services rendered" and

SECOND INTERIM APPLICATION OF COUNSEL
FOR TRUSTEE - 1

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

"reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). In determining the amount of reasonable compensation to be awarded, the Court must consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). In determining the reasonable amount of attorney's fees to be awarded, courts use the lodestar analysis. A lodestar approach calculates a reasonable attorney fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 130 S. Ct. 1662, 1669 (2010). This calculation results in a "presumptively reasonable" fee award. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). The applicant bears the burden of proof to establish that its hourly rate and hours expended are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).

The services provided by SLC were necessary to the administration of this case and beneficial at the time they were rendered. During the period in question, turnover of funds totaling $21,407.90 was made as a result of SLC work. Evaluation and pursuit of assets is expected to yield additional assets to the Estate. The rates charged by SLC are at or below the market rate for attorneys of similar skill and experience. SLC incurred a total of $13,221.00 (36.4 hours plus expenses) in this matter, which is being billed to the estate.

SECOND INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 2

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 2 of 9

The time spent by SLC on this matter was reasonable given the legal issues requiring attention, the duration of the application period (three months), and the results obtained. Pursuant to the lodestar analysis, the fees requested by SLC are "presumptively reasonable," and SLC believes they are also reasonable in-fact. Likewise, the costs requested were actual and necessary expenses of the estate.

For these reasons, SLC respectfully requests the Court approve the application and enter an order approving SLC's request for compensation and reimbursement of expenses.

DATED this December 22, 2022.

**SCHWEET LINDE & COULSON, PLLC**

**/s/ Thomas S. Linde**
Thomas S. Linde, WSBA #14426
Michael S. Sperry, WSBA #43760
Latife H. Neu, WSBA #33144
Attorneys for Chapter 7 Trustee Virginia Burdette

### DECLARATION OF COUNSEL

1. I am one of the attorneys representing the Trustee in this matter. I am a custodian of the billing statements documenting the fees and costs incurred in connection with this matter. I have personal knowledge of the facts contained herein and am competent to testify thereto. This declaration is made pursuant to Local Bankr. R. 2016-1.

2. **Order Authorizing Employment:** The Court entered the Order Authorizing Employment of General Counsel for the Trustee, which approved SLC's employment, on December 22, 2021, at Dkt. 422.

3. **Prior Compensation**: This interim application for compensation and reimbursement of expenses is the second such application filed by SLC in this matter. This court previously approved SLC's first fee application on September 22, 2022 (ECF no. 490) and SLC received fees in the amount of $163,727.50 in fees and $7,272.44 in expenses as a result.

SECOND INTERIM APPLICATION OF COUNSEL
FOR TRUSTEE - 3

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB   Doc 501   Filed 12/22/22   Ent. 12/22/22 17:49:08   Pg. 3 of 9

4. **Source of Payment:** SLC requests payment from the unencumbered finds in the bankruptcy estate ("Estate").

5. **Unencumbered Funds**: There are $737,496.92 in unencumbered funds in the estate.

6. **Other Professionals:** The Estate has employed the following other professionals in this case: Kary Krismer, as Realtor employed by the Trustee pursuant to an order dated February 10, 2022 (Dkt. 437), and Richard Ginnis as Accountant for the Trustee pursuant to an order dated April 6, 2022 (Dkt. 454). Neither of these professionals have previously filed an application for compensation. Mr. Ginnis will be filing an application for compensation approximately concurrent with this application.

7. **Relevant History and Issues of the Case:**

    The Debtor's case was filed as an individual Chapter 11 bankruptcy on November 28, 2018 (Dkt. 1). A Chapter 11 Plan was confirmed on April 8, 2020 (Dkt. 274.) The Debtor stipulated that the debt owed to the State of Washington was non-dischargeable (Dkt. 297). On July 29, 2020, the Chapter 11 case administratively closed without discharge. Following default on the Chapter 11 plan in 2021, the State of Washington moved to convert the Debtor's case to Chapter 7 (Dkt. 392). This Court entered the Order Granting Motion to Convert Case from Chapter 11 to 7 on December 17, 2021 (Dkt. 408), and appointed Trustee Burdette on the same day (Dkt. 409). SLC was employed by the Trustee as her counsel upon the Trustee's appointment following conversion, with SLC's employment formally approved on December 22, 2021 (Dkt. 422).

    Prior to conversion, an adversary proceeding had been filed by the State of Washington under cause number 21-01041, seeking a determination that certain real property disclosed in Debtor's schedules and confirmed Chapter 11 Plan, an unencumbered home in Mukilteo, Washington, was the property of the bankruptcy Estate, and subject to administration by the Trustee. The State had further sought a determination that the recording of certain fee awards in favor of attorneys for the Debtor had been made in

SECOND INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 4

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 4 of 9

violation of the bankruptcy stay and were therefore void. Debtor's now former wife, Karen Eyman n/k/a Karen Williams, had intervened in the adversary proceeding, asserting that she had a separate property interest in the property. The Trustee, through SLC, obtained an order permitting the Trustee to intervene in the adversary proceeding, and participate in this Court addressing the summary judgment filed by the State. This Court ultimately ruled the property was at least 80% community property, and deferred ruling as to the character of the other 20% interest. (AP Dkt. 68).

After the summary judgment ruling, the Trustee, the State, Tim Eyman, Karen Williams, and Goodstein Law Group entered mediation through the Thomas T. Glover Mediation Program. That mediation ultimately resulted in an agreement whereby the Trustee could administer the real property with the agreement of parties, avoiding litigation that could have caused the administration to be drawn out or unsuccessful. The settlement was ultimately approved by this Court (Dkt. 483) and the real property was administered netting the estate $889,693.52 (Dkt. 485).

Following payment of SLC's first interim fee application, the Adversary Proceeding closed. SLC identified two assets of the Estate that warranted pursuit, namely 1) non-exempt funds of the debtor on deposit on the date of conversion, and 2) the non-exempt right to collect on a $411,000.00 debt owed to the Debtor.

Recovery of the funds on deposit initially proceeded via negotiation toward a payment-over-time turnover agreement, to be secured by a lien on the Debtor's vehicle. Ultimately, however, the debtor rendered the entire amount due to the Trustee in a lump sum payment in the amount of $21,407.90.

At his 341 meetings, the Debtor testified under oath that he loaned the sum of $500,000.00 to a PAC that he variously refers to as "Voters Want More Choices" and "Permanent Offense." Publicly available records corroborate that a loan was made by the

SECOND INTERIM APPLICATION OF COUNSEL
FOR TRUSTEE - 5

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 5 of 9

Debtor to the PAC registered as Permanent Offense in 2018. Permanent Offense made payments on that loan to the debtor at various times during the pendency of the Chapter 11, totaling $89,000.00, according to financial reports filed in the Chapter 11, which coincide with reports filed by the PAC with the Public Disclosure Commission of Washington.

SLC sent a demand letter to the PAC leadership identified in the organization's PDC filings. The PAC hired counsel, who prepared a response to the demand. In response to certain legal and factual issues raised by this response, SLC performed additional research on the laws governing PACs, and into the publicly available filings of the PAC in question. At this point, there has not been a resolution of the Trustee's demand for payment on the debt of the PAC scheduled by the debtor.

8. **Summary of Services Provided during Period Covered by Application**[1]

| Category | Time | Expense | Total |
|---|---|---|---|
| Prior Fee Application | $2,503.00 | $25.50 | |
| Work on Remaining Estate Assets | $7,362.50 | n/a | |
| Adversary Proceeding conclusion | $1,867.50 | n/a | |
| Case Admin | $1,462.50 | n/a | |
| | | | |
| **Total Fees Incurred** | $13,195.50 | | |
| **Total Expenses** | | $25.50 | |
| **Fees and Expenses Due** | | | **$13,221.00** |

A. **First Interim Fee Application:** After August 9, 2022, SLC attorneys and staff continued efforts to review, finalize and file the first fee application. Due to the length of time and breadth of issues covered by the period in question, significant staff and attorney time was required to prepare the first fee application in the detail necessary. The sum of $2,250.00 was requested as part of the first interim fee application, and is subtracted from the actual

---

[1] SLC has endeavored to allocate each time entry to the most appropriate time category. Certain entries contain more than one type of entry, or could appropriately be characterized under more than one category.

SECOND INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 6

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 6 of 9

amount expended, for a current request of $2,503.00. Expenses of $25.50 are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit A.

B. **Work on Remaining Estate Assets:** This category includes investigation of assets and research on legal issues related to Estate assets. This includes work associated with the non-exempt financial assets in possession of the debtor on the date of filing, and with evaluating and pursuing the $411,000.00 owed to the debtor as a result of a loan he made to a political action committee prior to his Chapter 11 filing in 2018.

Fees associated with working on the remaining estate assets total $7,362.50. No expenses are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit B.

C. **Adversary Proceeding Conclusion:** This category includes work necessary to successfully finalize the settlement of the Adversary Proceeding, which was achieved through mediation and lengthy follow up negotiation. Fees associated with adversary proceeding conclusion total $1,867.50. No expenses are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit C.

D. **Case Administration:** This category includes communications with client and parties about general case matters, and review of legal rulings associated with the debtor. Fees associated with exemptions total $1,462.50. No expenses are associated with this category. An itemized recitation of fees in this category is attached hereto as Exhibit D.

9. **Itemized Time Record of Services and Expenses:** Between August 10, 2022, and December 15, 2022, (the "Application Period"), SLC performed substantial work on behalf of the Trustee and the bankruptcy estate. Attached and incorporated herein as **Exhibits A-D** is a true and correct copy of SLC's itemized time record of services for which this award of compensation is sought, broken down by categories consistent with those described in section 8, above. Time records have been redacted to remove work product or attorney-

SECOND INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 7

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 7 of 9

client privileged information. **Inclusion of unredacted attorney-client privileged or work product information does not constitute waiver of such privilege and is intended only to assist the Court in reviewing this fee application**.

10. As a direct result of the services described above, the estate has made a gross recovery of $21,407.90, in addition to the $889,693.58 recovered during the period covered by the first interim fee application. Additional assets are expected to be recovered.

11. The persons that may be referenced in the records and the hourly rate of each person are summarized in the chart below:

| Name | Position | Hourly Rate |
|---|---|---|
| Thomas S. Linde | Partner | $450 |
| Michael M. Sperry | Partner | $450 |
| Jacob Rosenblum | Partner | $450 |
| Latife H. Neu | Of Counsel | $450 |
| Conner Morgan | Associate | $350 |
| Michael Parrot | Associate | $350 |
| Karen L. Linde | Paralegal | $150 |
| Maureen Fitzgerald | Paralegal | $150 |
| Legal Assistant/Intern | Legal Assistant/Intern | $150 |

12. SLC has spent a total of 36.4 hours of time on the case during the period covered by this application, of which 36.0 hours are being billed to the estate. The total amount of fee compensation for which approval is requested is $13,195.50.

13. **Reimbursement of Expenses:** In addition, SLC has incurred expenses in the amount of $25.50, which were incurred for postage to properly notice the first interim fee application. The following chart sets forth the fees incurred in each of the above categories:

| Expense Category | Subtotal |
|---|---|
| First interim fee application | $25.50 |
| Work on remaining estate assets | $0.00 |
| Conclusion of adv. proceeding | $0.00 |
| Case Administration | $0.00 |
| | |
| **Total Expenses** | **$25.50** |

SECOND INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 8

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 8 of 9

14. These expenses were actual and necessary for the tasks being effectuated. Dates and explanations of expenses incurred can be found in Exhibit A, attached hereto.

15. **Services Remaining to be Rendered:** SLC anticipates continued effort to evaluate and likely pursue the debt owed to the debtor, which was listed as a non-exempt asset in the debtor's bankruptcy.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Executed December 22, 2022, at Seattle, Washington

**/s/Thomas S. Linde**
Thomas S. Linde, WSBA #14426

SECOND INTERIM APPLICATION OF COUNSEL FOR TRUSTEE - 9

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 501    Filed 12/22/22    Ent. 12/22/22 17:49:08    Pg. 9 of 9