Schweet Linde & Rosenblum, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

Honorable Judge Marc Barreca
Hearing Location: ZOOM.GOV
Hearing Date: May 24, 2023
Hearing Time: 10:00 a.m.
Response Due: May 17, 2023

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

TIMOTHY DONALD EYMAN,

Debtor.

Case No.: 18-14536-MLB

TRUSTEE'S MOTION FOR AUTHORIZATION TO ABANDON PROPERTY OF THE ESTATE

## I. INTRODUCTION AND RELIEF REQUESTED

Virginia Burdette, the appointed Trustee in the above-captioned Chapter 7 bankruptcy case ("the Trustee"), by and through her legal counsel Schweet, Linde & Rosenblum, PLLC, hereby moves this court, pursuant to §554(a), and pursuant to Bankruptcy Rule 6007 for an Order in the form of the Proposed Order attached hereto.

By this Motion, the Trustee seeks an Order authorizing the abandonment of any remaining assets of the Chapter 7 estate, other than the cash held by the Trustee for distribution to creditors and professionals, so that the Trustee can begin preparations to conclude administration.

## II. FACTS

On November 28, 2018, the Debtor Timothy Eyman filed an individual Chapter 11

TRUSTEE'S MOTION FOR AUTHORIZATION TO
ABANDON PROPERTY OF THE ESTATE – 1

*Schweet Linde & Rosenblum, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 517    Filed 05/03/23    Ent. 05/03/23 15:13:21    Pg. 1 of 4

bankruptcy petition with the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court") under Cause Number 18-14536-MLB (the "Bankruptcy") which created a bankruptcy estate ("the Estate"). *Dkt. 1*.

On December 17, 2021, the Debtor's bankruptcy was converted from Chapter 11 to Chapter 7, and the Trustee was appointed to administer the Estate as the Chapter 7 trustee. *Dkt. 408, 409*.

On August 4, 2022 this Court approved a settlement wherein the Trustee agreed to sell real property that was alleged to be vested in the Estate to Debtor's ex-spouse, Karen Eyman. *Dkt. 483*. That sale was completed on August 24, 2022. *Dkt. 485*. The Trustee has also been able to recover the non-exempt value of Debtor's bank accounts in the amount.

There appear to be three remaining assets the Estate may have an interest in: (1) note ("Note") to evidence an obligation owed to Debtor from the Debtor's prior PAC, Permanent Offense; (2) an interest in the website ("URL") "permanentoffense.com"; and (3) political donor list maintained by the Debtor ("List"). *Declaration of Trustee Virginia Burdette in Support of Motion for Authorization to Abandon Property of the Estate*, ¶¶7-9. In the Trustee's opinion, the potential administration of these assets would not net a positive return for creditors of the estate, and desires to abandon them. *Id.* at ¶10.

### III. EVIDENCE RELIED ON

1. Declaration of Trustee Virginia Burdette in Support of this Motion; and
2. The submissions and records on file with the Court.

### IV. ANALYSIS

**A. <u>Abandonment of the Note, the URL, and the List is appropriate because each item is burdensome or of inconsequential value to the estate.</u>**

TRUSTEE'S MOTION FOR AUTHORIZATION TO ABANDON PROPERTY OF THE ESTATE – 2

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 517    Filed 05/03/23    Ent. 05/03/23 15:13:21    Pg. 2 of 4

After notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the Estate or is of inconsequential value and benefit to the Estate. 11 U.S.C. §554.

    a. <u>The Note Appears Uncollectable</u>.

Though the Debtor schedules the Note with a value of 411,000.00, the maker of the Note does not have the financial ability to repay the obligation, and does not appear to have sufficient assets to cover the cost of litigation to obtain a judgment. A judgment would be required prior to any collection if the PAC refused to repay the obligation. Because enforcement of the Note is not expected to bring any return to creditors, the Trustee believes abandonment is appropriate.

    b. <u>There is a dispute as to the ownership of the URL, and the cost to even decide is most likely more than the expected value</u>.

Though there may be some value to the URL, there is a risk that Debtor, as he claims, does not have an interest in the URL. To discover if the Debtor has an interest will require court orders to require the disclosure of this information. Based on the hurdles, the potential lack of interest of the Debtor, and the delay seeking the answers will cause to final distributions to creditors, the Trustee believes abandonment of the URL is appropriate in her sound business judgment.

    c. <u>Administration of the List would require more in administrative expenses than it would be expected to sell for.</u>

Administration of the List would require the appointment of a consumer privacy ombudsman under 11 U.S.C. §332 before the List could be sold or leased to generate revenue for the estate. Based on the cost of ombudsmen in prior cases, the Trustee believes there is not sufficient value in the List to offset the cost of an ombudsman. Because the administrative cost of trying to sell or lease the List would be offset if not eclipsed by administrative costs, abandonment of the List is appropriate.

TRUSTEE'S MOTION FOR AUTHORIZATION TO ABANDON PROPERTY OF THE ESTATE – 3

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 517    Filed 05/03/23    Ent. 05/03/23 15:13:21    Pg. 3 of 4

d. Any other asset of the estate, other than the cash in the estate's account, should be abandoned.

Finally, the Trustee, after a thorough investigation has not identified any other non-exempt assets, other than the cash in the estate's bank account. The Trustee requests the order entered granting this motion include a provision abandoning all assets of the estate, other than the cash that is currently in the estate's bank account to allow the Trustee to proceed with final distributions and closure of this matter.

## V.  CONCLUSION

Based on the foregoing, the Trustee requests this Court enter an order abandoning all of the assets of the estate, other than the cash on deposit in the estate's account.

DATED May 3rd, 2023.

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/ Michael M. Sperry*
Thomas S. Linde, WSBA #14426
Michael M. Sperry, WSBA #43760
Attorneys for Virginia Burdette, Chapter 7 Trustee

TRUSTEE'S MOTION FOR AUTHORIZATION TO ABANDON PROPERTY OF THE ESTATE – 4

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 18-14536-MLB    Doc 517    Filed 05/03/23    Ent. 05/03/23 15:13:21    Pg. 4 of 4